Eugene P. Ramirez (State Bar No. 134865)
 *epr@manningllp.com*
Tony M. Sain (State Bar No. 251626)
 *tms@manningllp.com*
Tori L.N. Bakken (State Bar No. 329069)
 *txb@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant, COUNTY OF RIVERSIDE (erroneously named as both COUNTY OF RIVERSIDE and RIVERSIDE COUNTY SHERIFF'S DEPARTMENT)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| SARAH CRUZ REAZA, Individually and as Successor-in-Interest of Decedent Fernando Cruz, FERNANDO BAEZA, individually and as Successor-in-Interest of Decedent Fernando Cruz, FERNANDO CRUZ, JR., individually and as Successor-in-Interest of Decedent Fernando Cruz, FRANK FIDEL CRUZ, individually and as Successor-in-Interest of Decedent Fernando Cruz, CELESTE MARIE CRUZ, individually and as Successor-in-Interest of Decedent Fernando Cruz, RAELENE MARIE CRUZ, individually and as Successor-in-Interest of Decedent Fernando Cruz, J.A., by and through his guardian, JOANNE ALBIDREZ, I.C., by and through his guardian, JOANNE ALBIDREZ, L.M.C., by and through her guardian, JOANNE ALBIDREZ, <br><br>Plaintiffs, <br> v. <br><br> RIVERSIDE COUNTY SHERIFF'S | Case No. 5:20-cv-01188-FMO (SPx) <br><br> **JOINT REPORT OF THE PARTIES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)** <br><br> Complaint Filed: 06/11/20 <br> Trial Date: N/A |

DEPARTMENT and DOES 1 through 20. Inclusive,

    Defendants.

**TO THE HONORABLE COURT:**

  By and through their counsel of record in this action, plaintiffs SARAH CRUZ REAZA, FERNANDO BAEZA, FERNANDO CRUZ JR., FRANKIE FIDEL CRUZ, CELESTE MARIE CRUZ, RAELENE MARIE CRUZ, J.A. by and through his guardian JOANNA ALBIDREZ, I.C. by and through his guardian JOANNA ALBIDREZ, and L.M.C. by and through her guardian JOANNA ALBIDREZ ("Plaintiffs") and defendants COUNTY OF RIVERSIDE (erroneously named as both COUNTY OF RIVERSIDE and RIVERSIDE COUNTY SHERIFF'S DEPARTMENT) ("County") (collectively herein after as "Defendants") met and conferred on September 28, 2020, and thereafter pursuant to Federal Rule of Civil Procedure 26(f), United States District Court, Central District of California Local Rule 26-1, and any applicable Orders of the Court and in order to prepare and submit this Joint Report.

**1. SUBJECT MATTER JURISDICTION.**

  Plaintiff has filed federal claims pursuant to 42 U.S.C. § 1983 and related state law claims. Accordingly, the parties do not dispute that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1367 (supplemental jurisdiction). *Cf.* 28 U.S.C. § 1391 (re venue).

  **A. Status of Amendment of Pleadings and Adding of Parties.**

  The parties reserve the right to add parties to the extent permitted under the operative pleading rules. Defendants have Answered the operative Complaint. [Dkt. 26.]

///

///

## 2. STATEMENT OF THE CASE: SUMMARY OF FACTUAL AND LEGAL CONTENTIONS.

### A. Plaintiffs' Factual Contentions.

On or about October 7, 2019, Plaintiffs SARAH CRUZ REAZA and FERNANDO BAEZA were residing at 5479 34th Street, Space 10, Riverside, CA 92509. Decedent Fernando Cruz also resided at 5479 34th Street, Space 10, Riverside, CA 92509. At the time of the subject incident, Decedent FERNANDO CRUZ was 39 years old.

On or about October 7, 2019, at approximately 2:00 p.m., multiple Defendant Riverside County Sheriff's Department deputies were called regarding a potential "5150" at the residence of Plaintiff SARAH CRUZ REAZA, mother of Decedent, located at 5479 34th Street, Space 10, Riverside, CA 92509.  At all times relevant herein, the above-mentioned officers were acting within the course and scope of their duties as employees of the Riverside County Sheriff's Department and acting as representatives of the COUNTY.

Upon the deputies' arrival, they immediately confronted Decedent Fernando Cruz in the above-mentioned residence. At the time he was approached by the above-mentioned deputies, Decedent was unarmed and was not acting in the commission of any crime.

Within moments, Defendant deputies unlawfully seized Decedent Fernando Cruz's person, and intentionally and/or negligently exerted such unreasonable and unlawful force as to be reasonably foreseeable to cause severe and fatal injury. Moreover, in their attempt to subdue and restrain Decedent FERANDO CRUZ, Defendant Officers unjustifiably and unreasonably punched Decedent multiple times in his head, causing him to sustain severe trauma to his brain as well as other trauma to his body. Mr. Cruz was also tazed and handcuffed.

As a result of the repeated unconstitutional actions of Defendants, and each of them, Fernando Cruz died.

### B. Defendant's Factual Contentions.

This case arises from an incident that occurred on October 7, 2019 in Jurupa Valley-Rubidoux at a residence in a mobile home lot. At approximately 0345, Sarah Reaza called the police on her adult son, Fernando Cruz, who was at the family residence causing a domestic disturbance by arguing with her grandchildren and punching walls inside of the home. Ms. Reaza indicated that she believed her son was intoxicated and/or under the influence of drugs (meth). Sandy Acuna, Cruz's niece, was another reporting party. She also called the police on Cruz, stating that he was "acting crazy" and physically threatening her.

The deputies who responded, Deputy Roach and Deputy Lucifora, were familiar with Fernando Cruz from having previously responded to numerous calls for similar domestic disturbances at the residence, and indicated that Cruz was known to fight with law enforcement. Cruz also had numerous prior 5150 holds. Ms. Reaza told deputies that she wanted her son arrested and removed from her property.

The two deputies then went to the door that led from the exterior of the home to Cruz's bedroom. The door was partially open, and the deputies made verbal contact with Cruz: who was sitting on the bed inside of the room. He made repeated statements about killing himself. Cruz immediately jumped up and began to run from the deputies, towards the living room where the family members, including small children, were gathered. At that time, it appeared that Cruz had something in his hand, which deputies believed was possibly a knife. Upon running toward the hallway, Cruz tripped and fell to the ground. At this point, the deputies made physical contact and began to try to restrain Cruz on the ground. Numerous commands were given to Cruz to stop resisting: however, Cruz did not comply and continued his violent resistance.

At this point, Cruz was laying on his back on the ground, and Deputy Roach tried to restrain Cruz by placing a knee on Cruz's chest, while trying to gain control of Cruz's hands. However, Cruz was able to buck both deputies off him so as to prevent them from gaining control of his hands during the attempted detention.

Eventually, despite Cruz's ongoing resistance, the deputies were able to get Cruz into handcuffs, though he continued struggling with them.

Deputies Gillison and Halbeisen then arrived to assist and saw Cruz fighting with Deputies Roach and Lucifora. Deputy Gillison used the butt end of his collapsible baton to apply a compliance pressure point to Fernando's upper back: however, this pain-compliance technique was ineffective, and Cruz continued his resistance. Deputy Gillison then tried manual force to gain Cruz's compliance: striking Cruz in the side of the head with closed fists 3-4 times, and once with a strike to the upper back. During this struggle, Deputy Halbeisen grappled for Cruz's arms and hands, with his left knee placed on Fernando's upper back, and his right knee on the ground. One of the deputies then applied a hobble restraint to Cruz's ankles. Measured from when Cruz first began his resistance, the struggle lasted just under 7 minutes.

Although some have alleged that deputies TASERed Cruz during the struggle, the video and technical evidence shows this to be untrue.

Shortly after Cruz was hobbled, while restrained and laying the floor, Cruz abruptly went limp: he did not appear to be breathing, and he had a brown fluid emitting from his face. Deputies immediately turned Cruz over, removed his hobble, and Deputy Halbeisen began CPR chest compressions. Medical aid was summoned to the scene, and CalFire and AMR Paramedics took over CPR. Cruz was then transported to Riverside Community Hospital. Cruz was later pronounced dead at 0614.

Toxicology later showed Cruz had a hospital blood sample showing methamphetamine was detected but not measurable; a plasma sample showing a meth level of 0.291 mg/L; and a vitreous sample showing a meth level of 0.347 mg/L.

### C. Principal Issues of the Case.

The ultimate issues in this case are currently anticipated to be as follows:

1. 1. <u>Reasonableness of Use of Force – All Claims (§ 1983 Excessive Force, Negligence In Use of Force)</u>. Whether, under the totality of the circumstances

known to such officer(s) at the time of the incident, from the perspective of a reasonable peace officer confronted with such circumstances, it was objectively reasonable for defendant peace officer(s) to use the force used upon decedent to restrain decedent, arrest/detain decedent, and/or overcome decedent's resistance or flight.

2. *Monell* Claim.  If a violation of plaintiff's constitutional rights is found to have occurred during the incident at issue, whether defendant County may be found liable for:  (a) an express policy that was unconstitutional and the proximate cause of the incident constitutional violation; (b) a long-standing custom or practice that was unconstitutional and the proximate cause of the incident constitutional violation; (c) failure to supervise or train, including, by maintaining a policy that amounts to deliberate indifference to the constitutional rights of the persons with whom these deputies would likely come into contact; (d) ratification by an authorized policymaker to approve a subordinates decision and the basis for it.

3. *Bane* Act Claim.  Whether the deputies at the time of the incident (a) made threats of violence with the specific intent of causing the plaintiff to reasonably believe that if he exercised his rights secured by the Constitution or the laws of this state, the deputies would carry out such threats; or (b) acted violently against the plaintiff for exercising his aforementioned rights.

4. Compensatory Damages.  What, if any, amount of damages plaintiff may be entitled to receive as compensation for plaintiffs' alleged injuries.

5. Punitive Damages.  Whether, under the totality of the circumstances known to such deputies at the time of the incident, defendant deputies acted toward plaintiff with actual malice, oppression, or reckless/deliberate indifference to the exercise of plaintiff's rights.

**D.  Operative Claims.**

Based on the current pleadings, the operative claims are currently as follows:

1. **Unreasonable Seizure**, in Violation of the Fourth and Fourteenth

Amendments, pursuant to 42 U.S.C. § 1983 by plaintiffs Sarah Cruz-Reaza, Fernando Baeza, Fernando Cruz Jr., Frank Fidel Cruz, Celeste Marie Cruz, Raelene Marie Cruz, J.A., I.C., and L.M.C. against defendants County of Riverside (erroneously named as both County of Riverside and Riverside County Sheriff's Department) and Does 1-20 [First Cause of Action];

2. **Violation of Due Process**, in Violation of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983 by plaintiffs Sarah Cruz-Reaza, Fernando Baeza, Fernando Cruz Jr., Frank Fidel Cruz, Celeste Marie Cruz, Raelene Marie Cruz, J.A., I.C., and L.M.C. against defendants County of Riverside (erroneously named as both County of Riverside and Riverside County Sheriff's Department) and Does 1-20 [First Cause of Action];

3. **Unconstitutional Policy, Practice, and Custom re Racial Profiling and Use of Excessive Force Against Hispanic Americans (*Monell*)**, pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988 by plaintiffs Sarah Cruz-Reaza, Fernando Baeza, Fernando Cruz Jr., Frank Fidel Cruz, Celeste Marie Cruz, Raelene Marie Cruz, J.A., I.C., and L.M.C. against defendants County of Riverside (erroneously named as both County of Riverside and Riverside County Sheriff's Department) and Does 1-20 [Second Cause of Action];

4. **Failure to Train re Conducting Seizures of Hispanic Americans (*Monell*)**, pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988 by plaintiffs Sarah Cruz-Reaza, Fernando Baeza, Fernando Cruz Jr., Frank Fidel Cruz, Celeste Marie Cruz, Raelene Marie Cruz, J.A., I.C., and L.M.C. against defendants County of Riverside (erroneously named as both County of Riverside and Riverside County Sheriff's Department) and Does 1-20 [Second Cause of Action];

5. **Violation of the Ralph Act**, pursuant to *California* law, Cal. Civ. Code § 51.7, by plaintiffs Sarah Cruz-Reaza, Fernando Baeza, Fernando Cruz Jr., Frank Fidel Cruz, Celeste Marie Cruz, Raelene Marie Cruz, J.A., I.C., and L.M.C. against defendants County of Riverside (erroneously named as both County of Riverside and

Riverside County Sheriff's Department) and Does 1-20 [Third Cause of Action];

6. **Bane Act Violation**, pursuant to *California* law, Cal. Civ. Code § 52.1, by plaintiffs Sarah Cruz-Reaza, Fernando Baeza, Fernando Cruz Jr., Frank Fidel Cruz, Celeste Marie Cruz, Raelene Marie Cruz, J.A., I.C., and L.M.C. against defendants County of Riverside (erroneously named as both County of Riverside and Riverside County Sheriff's Department) and Does 1-20 [Fourth Cause of Action];

7. **Negligence re Wrongful Death,** pursuant to *California* law, C.C.P. § 377.60, and 377.61 by plaintiffs Sarah Cruz-Reaza, Fernando Baeza, Fernando Cruz Jr., Frank Fidel Cruz, Celeste Marie Cruz, Raelene Marie Cruz, J.A., I.C., and L.M.C. against defendants County of Riverside (erroneously named as both County of Riverside and Riverside County Sheriff's Department) and Does 1-20 [Fifth Cause of Action].

### E. <u>Parties to the Action (To Date).</u>

The parties to the action (to date) are as follows:

1. Plaintiff SARAH CRUZ REAZA;
2. Plaintiff FERNANDO BAEZA;
3. Plaintiff FERNANDO CRUZ JR.;
4. Plaintiff FRANK FIDEL CRUZ;
5. Plaintiff CELESTE MARIE CRUZ;
6. Plaintiff RAELENE MARIE CRUZ;
7. Plaintiff J.A. by and through his guardian JOANNA ALBIDREZ;
8. Plaintiff I.C. by and through his guardian JOANNA ALBIDREZ;
9. Plaintiff L.M.C. by and through his guardian JOANNA ALBIDREZ;
10. Defendant COUNTY OF RIVERSIDE (erroneously sued as both COUNTY OF RIVERSIDE and RIVERSIDE SHERIFF'S DEPARTMENT);
11. Defendants DOES 1 through 20.

**3. <u>DAMAGES.</u>**

Plaintiffs allege they suffered injuries as a result of the actions and inactions of

Riverside County Sheriff's deputies. Plaintiff seeks general damages, special damages, punitive damages, costs of suit, and attorneys' fees.

Defendants deny all liability and wrongdoing for any and all of plaintiffs' claims.

## 4. PROPOSED CASE MANAGEMENT SCHEDULE.

### A. Proposed Case Management Schedule: Discovery, Motions, Experts, Pre-Trial Documents, and Trial.

The parties jointly request a case management scheduling order with dates and deadlines comparable to those on the attached Exhibit A, to the extent feasible in light of the Court's calendar:

| Case Management Event: | Date-Deadline: |
|---|---|
| Initial Disclosures Due per Fed. R. Civ. P. 26(a) | October 12, 2020 |
| Motions to Amend Pleadings or Add Parties – Filing Due | January 4, 2021 |
| Non-Expert Discovery Cutoff – Last Day to Complete | September 17, 2021 |
| Expert Disclosures Due (initial) | September 20, 2021 |
| Rebuttal-Supplemental Expert Disclosures Due | October 11, 2021 |
| Expert Discovery Cut-Off – Last Day to Complete | November 1, 2021 |
| Dispositive Motions Filing Deadline | November 22, 2021 |
| Discovery Motion Hearing Cut-Off – Last Day for Hearing Dispositive/Non-Discovery Motions (MSJs) | December 20, 2021 |
| Last Day to Complete Settlement/ADR | January 14, 2022 |
| Pre-Trial Documents Submission Due – Last Day to File Joint Statement of the Case; Joint Exhibit List; Joint Witness List; Joint Proposed Jury Instructions; Joint Special Verdict Forms (if any), Stipulation(s) of Facts; Proposed Voir Dire Questions, Witness Deposition Transcripts (disputes only) | January 31, 2022 |
| Final **Pre-Trial Conference**; Hearing on Motions *in Limine* | March 14, 2022 |
| **TRIAL** (Jury Trial) | April 11, 2022 |

The parties acknowledge that the Court may have trial calendar conflicts that prevent adoption of the above proposed dates. In such an event, the parties request that alternate dates be scheduled but, to the extent feasible and at the discretion of the Court and as permissible under the applicable Rules, that the relative sequence of

deadlines proposed herein above serve as the template for any scheduling order.

Along these lines, the parties respectfully *request* that, in any modification of the proposed case management schedule that: (1) non-expert discovery completion deadlines be separated and precede expert discovery deadlines, ideally by around 28 or more days; (2) the expert designation/disclosures deadline fall after the non-expert discovery cut-off; (3) the rebuttal expert disclosures deadline fall about 28-30 days after the initial expert disclosures deadline; (4) the deadline for *filing* motions for summary judgment fall about 28 or more days after the deadline for completing all discovery; (5) the deadline for settlement-mediation completion fall about 14-28 days after the last day for *hearing* motions for summary judgment; (6) the deadline(s) for filing motions *in limine* and/or pre-trial documents fall about 14-28 days after the settlement completion deadline; and (7) the pre-trial conference/motion *in limine* hearing date fall about 14-28 days before the trial date.

### B. Known or Anticipated Calendar Conflicts of Counsel.

#### 1. Defendants' Counsel.

Defendants' attorneys Mr. Tony M. Sain (lead trial attorney) and Ms. Tori L.N. Bakken (second chair trial attorney) have the following known or anticipated trial/calendar conflicts as of the date of this report:

| CASE NAME | EST. DATES | JDX & JUDGE | CASE NO. |
|---|---|---|---|
| *NGO-CPRA* | **Writ Trial-Hearing: 12/11/2020** | Riverside Super. Ct. – Dept. 6 (J. Sykes) | RIC1903359 |
| *VACATION* | 12/25/2020-01/03/2021 | N/A | Not Applicable |
| *NGO-VU v. County of Riverside* | 02/19/2021-03/19/2021 | Riverside Super. Ct. – Dept. 1/TBD (J. Lucky–Dept. 10) | RIC1902381 |

| CASE NAME | EST. DATES | JDX & JUDGE | CASE NO. |
|---|---|---|---|
| MOTLEY v. City of Fresno | 03/02/2021-03/26/2021 | E.D. Cal. – Fresno (J. Drozd) | DCT = 1:15-CV-00905-DAD-BAM (*9th Cir.* = 18-15171) |
| RODRIGUEZ v. City of Los Angeles | 03/02/2021-03/16/2021 (Stip. To Continue To 08/10/2021-08/24/2021) | C.D. Cal. – LA (J. Gee) | 2:19-CV-03985-DMG-PJW |
| MURRIETTA v. City of Fresno | 03/30/2021-04/04/2021 | E.D. Cal. – Fresno (J. A. Ishii) | 1:18-cv-00332-AWI-SKO |
| H. ROBERTS v. County of Riverside | 06/08/2021-06/18/2021 | C.D. Cal. – Riverside (J. Bernal) | 5:19-CV-01877-JGB-SHK |
| ALVES v. County of Riverside | 07/06/2021-07/16/2021 | C.D. Cal. – Riverside (J. Bernal) | 5:19-CV-02083-JGB-SHK |
| WALLACE v. City of Fresno | 08/10/2021-08/20/2021 | E.D. Cal. – Fresno (J. A. Ishii) | Fed = 1:19-CV-01199-AWI-SAB (*Fmr. Fresno Super. Ct.* 19CECG02704) |
| HOLD for RODRIGUEZ v. City of Los Angeles | 08/10/2021-08/24/2021 | C.D. Cal. – LA (J. Gee) | 2:19-CV-03985-DMG-PJW |
| CARRILLO v. County of Riverside | 09/07/2021-09/17/2021 | C.D. Cal. – L.A. (J. Olguin) | 5:20-cv-01040-FMO (SPx) |
| HERNANDEZ v. City of Fresno | 10/04/2021-10/29/2021 | Fresno Super. Ct. – Dept. 503 (J. K. Gaab) | 20CECG00052 |
| PEREZ v. City of Fresno | 12/07/2021-12/17/2021 | E.D. Cal. – Fresno (J. A. Ishii) | 1:18-CV-00127-AWI-EPG |
| VACATION | 12/24/2021-01/03/2022 | N/A | Not Applicable |

At present, plaintiffs' counsel has no personal knowledge regarding Defendant's counsel contentions as stated in this paragraph, and thus at present plaintiffs have no factual basis to stipulate to, or to deny or dispute, the contentions of this paragraph.

### C.     Discovery Plan

The parties anticipate service of disclosures pursuant to Federal Rule of Civil Procedure 26 as well as propounding written discovery concerning the claims at issue – potentially including interrogatories, requests for production, and requests for admission (potentially including requests for authentication or other foundation as to key record/documentary evidence).

The parties anticipate the taking of the **depositions** of plaintiffs, plaintiffs' deposition of defendants and other involved deputies, investigators, Rule 30(b)(6) witnesses, and depositions of percipient witnesses.  The parties have stipulated to authorize counsel to appear remotely for depositions, and/or to notice depositions to be taken by remote means, at the deposing party's election.

Counsel for the parties will meet-and-confer on any discovery issues and any potential Rule 29 stipulations as may be appropriate.  At the Rule 26(f) conference, the parties agreed to allow twenty (20) non-expert depositions per side.

The parties also anticipate that each side (set of opposing parties) will designate 1-5 **experts** on liability and damages issues, potentially including non-retained experts, and that depositions of such experts will also be taken. However, this estimate is not meant to limit the parties and each party reserves their right to call additional experts as appropriate in light of the circumstances and the nature of the claims and defenses at issue.  The parties share the understanding that expert discovery is outside of the presumptive limit on the number of depositions.

The parties plan to enter into a protective order concerning documents that the parties contend are confidential.

## 5. ANTICIPATED MOTIONS AND RELATED ISSUES.

At present, the parties are not aware of any motions pending before this Court. However, during the course of litigation of this action, the parties anticipate that the parties may file the following potential motions:

Pleading motions, potentially a motion for judgment on the pleadings and/or a motion to dismiss;

Discovery motions, potentially seeking monetary, evidence/issue, and/or terminating sanctions;

Motion for summary judgment and/or adjudication of the issues;

Motion for bifurcation of trial on punitive damages issues;

Motions *in limine*, potentially including *Daubert* motions *in limine*; and

Other pretrial and/or post-trial motions as may be appropriate.

## 6. ANTICIPATED PROCEDURAL OR EVIDENTIARY ISSUES.

Litigation of this matter is still in its very preliminary phases, so the parties cannot yet anticipate all of the legal issues that will arise in this action. However, the parties will endeavor to keep the honorable Court fully informed of such issues during the course of this litigation.

### A. Protective Order re Confidential Documents.

The parties plan to enter into a protective order governing documents that the parties contend are confidential.

### B. Bifurcation of Punitive Damages.

Plaintiffs will oppose bifurcation. Defendants propose the following bifurcation of issues for trial:

(1) Phase 1 re Alleged Violation of Rights by Peace Officers During Incident at Issue – Liability and Compensatory Damages (and Punitive Damages predicate);

(2) Phase 2 re Punitive Damages re Defendant Officers (if any) re Calculation; and

(3) Phase 3 re *Monell* Liability (if any).

The parties have not yet reached any agreement on such bifurcation issues.

### C. Adding Parties and Amending Pleadings

Plaintiffs will be moving to amend the complaint to add individual deputy defendants.

### 7. SETTLEMENT PROSPECTS AND A.D.R. SELECTION.

The parties have briefly conferred on the prospects for settlement of this matter. Defendants are open to receiving a settlement offer from plaintiff to provide to the County for consideration. Additionally, the parties have agreed to use a conference panel mediator, ADR method 2, should this case get to that stage.

### 8. TRIAL ESTIMATE.

The parties estimate that trial of this matter should take 7-10 court days.

### 9. JURY TRIAL STATUS.

In their pleadings on file with the honorable Court, all parties demand a trial by jury in this matter. Accordingly, this action is a jury case.

### 10. TRIAL COUNSEL.

The attorneys who anticipates trying this case on behalf of **Plaintiffs** are Steven Lerman and Nicholas Lerman.

The attorneys who anticipate defending this case at trial on behalf of **Defendants** are Tony M. Sain and Tori L.N. Bakken, both of the law firm of Manning & Kass, Ellrod, Ramirez, Trester, LLP.

///
///
///

**11. REQUEST FOR USE OF ELECTRONICS AT TRIAL.**

Pursuant to United States District Court, Central District of California Local Rule 83-6.1.5, the parties request a Court Order for authorization for use of certain equipment inside the Courtroom during the trial of the instant action, to the extent that such equipment is not already permitted by operation of any standing order, including wireless communication devices such as smartphones, laptops, tablet computers, and associated electronic equipment and/or supporting carts so as to facilitate efficient presentation and conduct of the trial.

DATED: October 21, 2020  **MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Tori L.N. Bakken
Tony M. Sain, Esq.
Tori L.N. Bakken, Esq.
Attorneys for Defendant, COUNTY OF RIVERSIDE (erroneously named as both COUNTY OF RIVERSIDE and RIVERSIDE COUNTY SHERIFF'S DEPARTMENT)

DATED: October 21, 2020  **STEVEN A. LERMAN AND ASSOCIATES, INC.**

By: /s/ Nicholas M. Lerman
Steven A. Lerman, Esq.
Nicholas M. Lerman, Esq.
Attorneys for Plaintiffs