1  STEVEN A. LERMAN & ASSOCIATES, INC.
   Steven A. Lerman, Esq. (S.B.N. 55839)
2  Nicholas M. Lerman, Esq. (SBN: 292656)
3  6033 West Century Boulevard, Suite 740
   Los Angeles, California 90045
4  Telephone (310) 659-8166
5  Facsimile   (310) 285-0779

6
   LAW OFFICE OF GREGORY PEACOCK
7  Gregory Peacock, ESQ. (SBN. 277669)
8  4425 Jamboree Road
   Suite 130
9  Newport Beach, CA 92660
10 Telephone: (949) 292-7478
   Email: gregorypeacockesq@gmail.com
11

12 Attorneys for Plaintiffs SARAH CRUZ REAZA, individually and as Successor-
13 in-Interest of Decedent Fernando Cruz, FERNANDO BAEZA, individually and as
   Successor-in-Interest of Decedent Fernando Cruz, FERNANDO CRUZ, JR.,
14 individually and as Successor-in-Interest of Decedent Fernando Cruz, FRANK
15 FIDEL CRUZ, individually and as Successor-in-Interest of Decedent Fernando
   Cruz, CELESTE MARIE CRUZ, individually and as Successor-in-Interest of
16 Decedent Fernando Cruz, RAELENE MARIE CRUZ, individually and as
17 Successor-in-Interest of Decedent Fernando Cruz, J.A., by and through his
18 guardian, JOANNE ALBIDREZ, I.C., by and through his guardian, JOANNE
   ALBIDREZ, L.M.C., by and through her guardian, JOANNE ALBIDREZ
19
20               **UNITED STATES DISTRICT COURT**

21             **CENTRAL DISTRICT OF CALIFORNIA g**

22 | SARAH CRUZ REAZA, individually | Case No.: 5:20-cv-01188-FMO (SPx) |
   | and as Successor-in-Interest of Decedent | |
23 | Fernando Cruz, FERNANDO BAEZA, | |
24 | individually and as Successor-in-Interest | **FIRST AMENDED PLAINTIFFS'** |
   | of Decedent Fernando Cruz, | **COMPLAINT FOR DAMAGES** |
25 | FERNANDO CRUZ, JR., individually | |
   | and as Successor-in-Interest of Decedent | 1.  Violation of Federal Civil Rights [42 |
26 | Fernando Cruz, FRANK FIDEL CRUZ, | U.S.C. § 1983, Fourth Amendment |
27 | individually and as Successor-in-Interest | Violation for Excessive Force; |
   | of Decedent Fernando Cruz, CELESTE | |
28 | MARIE CRUZ, individually and as | 2.  Violation of Federal Civil Rights [42 |

                             1

          **FIRST AMENDED COMPLAINT FOR DAMAGES**

Successor-in-Interest of Decedent Fernando Cruz, RAELENE MARIE CRUZ, individually and as Successor-in-Interest of Decedent Fernando Cruz, J.A., by and through his guardian, JOANNE ALBIDREZ, I.C., by and through his guardian, JOANNE ALBIDREZ, L.M.C., by and through her guardian, JOANNE ALBIDREZ,

Plaintiffs,

vs.

COUNTY OF RIVERSIDE; ROBERT ROACH; ANDREW LUCIFORA; GEOFFREY GILLISON; TODD HALBEISEN; and DOES 1 through 20, Inclusive,

Defendants.

U.S.C. § 1983, Fourteenth Amendment Violation for Unlawful Deprivation of Parent-Child Relationship;

3. Violation of Federal Civil Rights: Monell Claim [42 U.S.C. §§ 1983, 1985, 1986, 1988]; Failure to Train;

4. Violation of Federal Civil Rights: Monell Claim [42 U.S.C. §§ 1983, 1985, 1986, 1988]; Custom; Practice and Policy;

5. Violation of the Ralph Civil Rights Act [Cal. Civ. Code, § 51.7]

6. Violation of the Bane Civil Rights Act [Cal. Civ. Code, § 52.1]

7. Wrongful Death (Negligence)

**DEMAND FOR JURY TRIAL**

COME NOW PLAINTIFFS, SARAH CRUZ REAZA, FERNANDO BAEZA, FERNANDO CRUZ, JR., FRANK FIDEL CRUZ, CELESTE MARIE CRUZ, RAELENE MARIE CRUZ, J.A., I.C., AND L.M.C., DO HEREBY ALLEGE AND COMPLAIN AS FOLLOWS:

## **PLAINTIFFS**

1.       Plaintiff, SARAH CRUZ REAZA is the surviving biological mother of Decedent Fernando Cruz, and at all times mentioned herein was an individual residing in Riverside County, State of California. SARAH CRUZ REAZA, individually, is an 'heir at law' of Decedent Fernando Cruz, as that term is defined by the California Code of Civil Procedure section 377.60(a) and elsewhere and has legal standing to maintain an action for wrongful death based upon the death of her son, Fernando Cruz, under California Code of Civil Procedure section 377.60.

2

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Plaintiff SARAH CRUZ REAZA may maintain causes of action under 42 U.S.C. § 1983 as a Federal Wrongful Death Action and recover damages for the value of the decedent's life and the decedent's pain and suffering under cases interpreting 42 U.S.C. section 1983, and violation of California Civil Code §§ 51.7, 52 and 52.1. Plaintiff SARAH CRUZ REAZA is decedent's successor in interest pursuant to California Code of Civil Procedure § 377.10 and has declared herself as such as required by California Code of Civil Procedure § 377.32. (See Statements of Successors in Interest pursuant to C.C.P. § 377.32 attached hereto as Exh. A.) Plaintiff and is entitled to bring certain causes of action herein alleged pursuant to § 377.30 of the California Code of Civil Procedure.

2.      Plaintiff, FERNANDO BAEZA is the surviving biological father of Decedent Fernando Cruz, and at all times mentioned herein was an individual residing in Riverside County, State of California. FERNANDO BAEZA, individually, is an 'heir at law' of Decedent Fernando Cruz, as that term is defined by the California Code of Civil Procedure section 377.60(a) and elsewhere and has legal standing to maintain an action for wrongful death based upon the death of his son, Fernando Cruz, under California Code of Civil Procedure section 377.60. Plaintiff FERNANDO BAEZA may maintain causes of action under 42 U.S.C. § 1983 as a Federal Wrongful Death Action and recover damages for the value of the decedent's life and the decedent's pain and suffering under cases interpreting 42 U.S.C. section 1983, and violation of California Civil Code §§ 51.7, 52 and 52.1. Plaintiff FERNANDO BAEZA is decedent's successor in interest pursuant to California Code of Civil Procedure § 377.10 and has declared himself as such as required by California Code of Civil Procedure § 377.32. (See Statements of

3

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Successors in Interest pursuant to C.C.P. § 377.32 attached hereto as Exh. B.) Plaintiff and is entitled to bring certain causes of action herein alleged pursuant to § 377.30 of the California Code of Civil Procedure.

3.      Plaintiff, FERNANDO CRUZ, JR., is the surviving biological son of Decedent Fernando Cruz, and at all times mentioned herein was an individual residing in Riverside County, State of California. FERNANDO CRUZ, JR., individually, is an 'heir at law' of Decedent Fernando Cruz, as that term is defined by the California Code of Civil Procedure section 377.60(a) and elsewhere and has legal standing to maintain an action for wrongful death based upon the death of his father, Fernando Cruz, under California Code of Civil Procedure section 377.60. Plaintiff FERNANDO CRUZ, JR., may maintain causes of action under 42 U.S.C. § 1983 as a Federal Wrongful Death Action and recover damages for the value of the decedent's life and the decedent's pain and suffering under cases interpreting 42 U.S.C. section 1983, and violation of California Civil Code §§ 51.7, 52 and 52.1. Plaintiff FERNANDO CRUZ, JR. is decedent's successor in interest pursuant to California Code of Civil Procedure § 377.10 and has declared himself as such as required by California Code of Civil Procedure § 377.32. (See Statements of Successors in Interest pursuant to C.C.P. § 377.32 attached hereto as Exh. C.) Plaintiff and is entitled to bring certain causes of action herein alleged pursuant to § 377.30 of the California Code of Civil Procedure.

4.      Plaintiff, FRANK FIDEL CRUZ, is the surviving biological son of Decedent Fernando Cruz, and at all times mentioned herein was an individual residing in Riverside County, State of California. FRANK FIDEL CRUZ, individually, is an 'heir at law' of Decedent Fernando Cruz, as that term is defined

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1   by the California Code of Civil Procedure section 377.60(a) and elsewhere and has

2   legal standing to maintain an action for wrongful death based upon the death of his

3   father, Fernando Cruz, under California Code of Civil Procedure section 377.60.

4   Plaintiff FRANK FIDEL CRUZ may maintain causes of action under 42 U.S.C. §

5   1983 as a Federal Wrongful Death Action and recover damages for the value of the

6   decedent's life and the decedent's pain and suffering under cases interpreting 42

7   U.S.C. section 1983, and violation of California Civil Code §§ 51.7, 52 and 52.1.

8   Plaintiff FRANK FIDEL CRUZ is decedent's successor in interest pursuant to

9   California Code of Civil Procedure § 377.10 and has declared himself as such as

10   required by California Code of Civil Procedure § 377.32. (See Statements of

11   Successors in Interest pursuant to C.C.P. § 377.32 attached hereto as Exh. D.)

12   Plaintiff and is entitled to bring certain causes of action herein alleged pursuant to

13   § 377.30 of the California Code of Civil Procedure.

14

15        5.    Plaintiff, CELESTE MARIE CRUZ, is the surviving biological

16   daughter of Decedent Fernando Cruz, and at all times mentioned herein was an

17   individual residing in Riverside County, State of California. CELESTE MARIE

18   CRUZ individually, is an 'heir at law' of Decedent Fernando Cruz, as that term is

19   defined by the California Code of Civil Procedure section 377.60(a) and elsewhere

20   and has legal standing to maintain an action for wrongful death based upon the death

21   of her father, Fernando Cruz, under California Code of Civil Procedure section

22   377.60. Plaintiff CELESTE MARIE CRUZ may maintain causes of action under

23   42 U.S.C. § 1983 as a Federal Wrongful Death Action and recover damages for the

24   value of the decedent's life and the decedent's pain and suffering under cases

25   interpreting 42 U.S.C. section 1983, and violation of California Civil Code §§ 51.7,

26

27

28

**FIRST AMENDED COMPLAINT FOR DAMAGES**

52 and 52.1. Plaintiff CELESTE MARIE CRUZ is decedent's successor in interest pursuant to California Code of Civil Procedure § 377.10 and has declared himself as such as required by California Code of Civil Procedure § 377.32. (See Statements of Successors in Interest pursuant to C.C.P. § 377.32 attached hereto as Exh. E.) Plaintiff and is entitled to bring certain causes of action herein alleged pursuant to § 377.30 of the California Code of Civil Procedure.

6.     Plaintiff, RAELENE MARIE CRUZ, is the surviving biological daughter of Decedent Fernando Cruz, and at all times mentioned herein was an individual residing in Riverside County, State of California. RAELENE MARIE CRUZ individually, is an 'heir at law' of Decedent Fernando Cruz, as that term is defined by the California Code of Civil Procedure section 377.60(a) and elsewhere and has legal standing to maintain an action for wrongful death based upon the death of her father, Fernando Cruz, under California Code of Civil Procedure section 377.60. Plaintiff RAELENE MARIE CRUZ may maintain causes of action under 42 U.S.C. § 1983 as a Federal Wrongful Death Action and recover damages for the value of the decedent's life and the decedent's pain and suffering under cases interpreting 42 U.S.C. section 1983, and violation of California Civil Code §§ 51.7, 52 and 52.1. Plaintiff RAELENE MARIE CRUZ is decedent's successor in interest pursuant to California Code of Civil Procedure § 377.10 and has declared himself as such as required by California Code of Civil Procedure § 377.32. (See Statements of Successors in Interest pursuant to C.C.P. § 377.32 attached hereto as Exh. F.) Plaintiff and is entitled to bring certain causes of action herein alleged pursuant to § 377.30 of the California Code of Civil Procedure.

7.     Plaintiff, J.A., a minor, is the surviving biological son of Decedent

6

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Fernando Cruz, and at all times mentioned herein was an individual residing in Riverside County, State of California. Plaintiff J.A. individually, is an 'heir at law' of Decedent Fernando Cruz, as that term is defined by the California Code of Civil Procedure section 377.60(a) and elsewhere and has legal standing to maintain an action for wrongful death based upon the death of his father, Fernando Cruz, under California Code of Civil Procedure section 377.60. Plaintiff J.A. may maintain causes of action under 42 U.S.C. § 1983 as a Federal Wrongful Death Action and recover damages for the value of the decedent's life and the decedent's pain and suffering under cases interpreting 42 U.S.C. section 1983, and violation of California Civil Code §§ 51.7, 52 and 52.1. Plaintiff J.A. is decedent's successor in interest pursuant to California Code of Civil Procedure § 377.10 and has declared himself as such as required by California Code of Civil Procedure § 377.32. (See Statements of Successors in Interest pursuant to C.C.P. § 377.32 attached hereto as Exh. G.) Plaintiff and is entitled to bring certain causes of action herein alleged pursuant to § 377.30 of the California Code of Civil Procedure.

8.     Plaintiff, I.C., a minor, is the surviving biological son of Decedent Fernando Cruz, and at all times mentioned herein was an individual residing in Riverside County, State of California. Plaintiff I.C. individually, is an 'heir at law' of Decedent Fernando Cruz, as that term is defined by the California Code of Civil Procedure section 377.60(a) and elsewhere and has legal standing to maintain an action for wrongful death based upon the death of his father, Fernando Cruz, under California Code of Civil Procedure section 377.60. Plaintiff I.C. may maintain causes of action under 42 U.S.C. § 1983 as a Federal Wrongful Death Action and recover damages for the value of the decedent's life and the decedent's pain and

7

**FIRST AMENDED COMPLAINT FOR DAMAGES**

suffering under cases interpreting 42 U.S.C. section 1983, and violation of California Civil Code §§ 51.7, 52 and 52.1. Plaintiff I.C. is decedent's successor in interest pursuant to California Code of Civil Procedure § 377.10 and has declared himself as such as required by California Code of Civil Procedure § 377.32. (See Statements of Successors in Interest pursuant to C.C.P. § 377.32 attached hereto as Exh. H.) Plaintiff and is entitled to bring certain causes of action herein alleged pursuant to § 377.30 of the California Code of Civil Procedure.

9.     Plaintiff, L.M.C., a minor, is the surviving biological daughter of Decedent Fernando Cruz, and at all times mentioned herein was an individual residing in Riverside County, State of California. Plaintiff L.M.C. individually, is an 'heir at law' of Decedent Fernando Cruz, as that term is defined by the California Code of Civil Procedure section 377.60(a) and elsewhere and has legal standing to maintain an action for wrongful death based upon the death of her father, Fernando Cruz, under California Code of Civil Procedure section 377.60. Plaintiff L.M.C. may maintain causes of action under 42 U.S.C. § 1983 as a Federal Wrongful Death Action and recover damages for the value of the decedent's life and the decedent's pain and suffering under cases interpreting 42 U.S.C. section 1983, and violation of California Civil Code §§ 51.7, 52 and 52.1. Plaintiff L.M.C. is decedent's successor in interest pursuant to California Code of Civil Procedure § 377.10 and has declared herself as such as required by California Code of Civil Procedure § 377.32. (See Statements of Successors in Interest pursuant to C.C.P. § 377.32 attached hereto as Exh. I.) Plaintiff and is entitled to bring certain causes of action herein alleged pursuant to § 377.30 of the California Code of Civil Procedure.

## **DEFENDANTS**

**FIRST AMENDED COMPLAINT FOR DAMAGES**

10.   At all relevant times, COUNTY OF RIVERSIDE (Hereinafter, "COUNTY") is and was a municipal corporation existing under the laws of the State of California. COUNTY is a chartered subdivision of the State of California with the capacity to be sued. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Riverside County Sheriff's Department and its agents and employees. At all relevant times, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the Riverside County Sheriff's Department and its employees and agents complied with the laws of the United States and of the State of California. Plaintiffs are informed and believe that Defendant COUNTY, is an incorporated municipality doing business in the State of California with its principal place of business in Riverside, and the employer of the individual officers described in this action and whose identities presently remain unknown to Plaintiffs.

11. Defendant Robert Roach, hereinafter also referred to as "ROACH", is, and at all times complained of herein, was, a peace officer employed by the Riverside County Sheriff's Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant COUNTY.

12. Defendant Andrew Lucifora, hereinafter also referred to as "LUCIFORA", is, and at all times complained of herein, was, a peace officer employed by the Riverside County Sheriff's Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant COUNTY.

13. Defendant Geoffrey Gillison, hereinafter also referred to as "GILLISON", is

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1  and at all times complained of herein, was, a peace officer employed by the

2  Riverside County Sheriff's Department, acting as an individual person under the

3  color of state law, in his individual capacity and was acting in the course of and

4  within the scope of his employment with defendant COUNTY.

5     14.  Defendant Todd Halbeisen, hereinafter also referred to as "HALBEISEN",

6  is, and at all times complained of herein, was, a peace officer employed by the

7  Riverside County Sheriff's Department, acting as an individual person under the

8  color of state law, in his individual capacity and was acting in the course of and

9  within the scope of his employment with defendant COUNTY.

10     15.  Plaintiffs are informed and believe and thereon allege, that at all relevant

11  times herein, Defendant DOES 1 through 10, inclusive, are and at all times herein

12  mentioned were, officers, deputies, and/or employees of Defendants COUNTY and

13  the Riverside County Sheriff's Department, and at all times herein mentioned were,

14  acting in the course and scope of said employment. The true names and capacities

15  of DOES 1 through 10 are unknown to Plaintiffs, who therefore sue said Defendants

16  by such fictitious names and will amend this complaint to allege their true names

17  and capacities when ascertained. Plaintiffs are informed and believe and based

18  thereon allege that each of the fictitious named Defendants are responsible for the

19  acts complained herein.

20     16.  Plaintiffs are informed and believe that Defendants DOES 11 through 20 are

21  agents, supervisors and/or staff of Defendant COUNTY and the Riverside County

22

23

24  Sheriff's Department, who trained, supervised, controlled, or were in some manner

25  responsible for the activities alleged herein and proximately caused Plaintiffs'

26  damages. Plaintiffs are also informed and believe, and thereon allege, that at all

27  times herein mentioned. Defendants 11 through 20, inclusive, were responsible for

28

**FIRST AMENDED COMPLAINT FOR DAMAGES**

implementing, promulgating, maintain, enforcing, and/or ratifying systematic customs, policies, practices, and/or procedures, under which other Defendants committed the illegal or wrongful acts herein complained of.

17.    At all times relevant herein, each of the Defendants was an agent, servant, or employee of each of the remaining Defendants acting under color of state and/or federal law, and was at all times acting within the time, purpose or scope of said agency or employment, and was acting with the express or implied knowledge, permission or consent of the remaining Defendants, and each of them. Each of the Defendants held out the other as its authorized representative and each of the Defendants ratified the conduct of its agents.

## GOVERNMENTAL CLAIM

18.    The governmental claim requirement was satisfied. On January 9, 2020, the governmental claim was acknowledged as having been received. On January 15, 2020, notice was provided that the governmental claim was denied.

## JURISDICTION AND VENUE

19.    This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

20.    Venue is proper in this Court under 28 U.S.C. § 1391(b), because all parties reside in this district, and all incidents, events, and occurrences giving rise to this action occurred in this district.

## FACTUAL ALLEGATIONS

11

**FIRST AMENDED COMPLAINT FOR DAMAGES**

21.     On or about October 7, 2019, Plaintiff SARAH CRUZ REAZA was residing at 5479 34th Street, Space 10, Riverside, CA 92509. Decedent Fernando Cruz also resided at 5479 34th Street, Space 10, Riverside, CA 92509. At the time of the subject incident, Decedent Fernando Cruz was 39 years old.

22.     On or about October 7, 2019, at approximately 2:00 p.m., multiple Riverside County Sheriff Department Officers, including ROACH and LUCIFORA, were called regarding a potential "5150" at the residence of Plaintiff SARAH CRUZ REAZA located at 5479 34th Street, Space 10, Riverside, CA 92509. At all times relevant herein, the above-mentioned deputies were acting under the color of state law and within the course and scope of their duties as employees of the Riverside County Sheriff Department and acting as representatives of the County of Riverside.

23.     ROACH and LUCIFORA then went to the door that led from the exterior of the home to Cruz's bedroom. The door was partially open, and the deputies made verbal contact with Cruz: who was sitting on the bed inside of the room.

24.     ROACH and LUCIFORA then entered the home and took Decedent CRUZ to the ground.

25.     Decedent CRUZ was initially on his back, but ROACH and LUCIFORA were able to flip Decedent CRUZ over on to his stomach. The deputies

12

**FIRST AMENDED COMPLAINT FOR DAMAGES**

then handcuffed Decedent CRUZ.

26.     Defendants GILLISON and HALBEISEN then arrived on scene and assisted Defendants ROACH and LUCIFORA. ROACH and LUCIFORA told GILLISON and HALBEISEN that Decedent Cruz was resisting, even though Decedent Cruz was visibly not resisting and was merely laying on his stomach with his hands cuffed behind his back.

27.     Despite the fact that Decedent CRUZ was handcuffed, laying on his stomach and not being combative or dangerous in any way, Defendant GILLISON decided to press his baton on Decedent Cruz' uppder back, pressing him into the ground.

28.     Despite the fact that Decedent CRUZ was handcuffed, laying on his stomach and not being combative or dangerous in any way, Defendant GILLISON decided to punch Decedent Cruz with a closed fist, 3-4 times to the side of Decedent Cruz' head and then once to Decedent Cruz' back.

29.     Notwithstanding the fact that Defendant HALBEISEN observed the unlawful conduct by GILLISON and had a reasonable opportunity to intervene, HALBEISEN failed to intervene and pressed his left knee into Decedent Cruz' upper back.

30.     Defendants ROACH, LUCIFORA, and DOES 1 through 10, inclusive, observed the unlawful force by GILLISON and HALBEISEN and failed to

**FIRST AMENDED COMPLAINT FOR DAMAGES**

intervene. Both ROACH and LUCIFORA had a reasonable opportunity to intervene and failed to intervene, and failed to do so.

31.    Defendants ROACH, LUCIFORA, GILLISON, HALBEISEN, and DOES 1 through 10, inclusive, then decided to place Decedent Cruz in hobble restraints. This decision was made notwithstanding the fact that Decedent Cruz was merely laying on his stomach with his hands cuffed behind his back.

32.    While being compressed on the ground with his hands behind his back and after being punched repeatedly in the head and back and after being placed in hobble restraints, Plaintiff stopped breathing and ultimately died as a result of the positional asphyxiation and unreasonable use of force by defendants.

33.    The activities undertaken by Defendants constituted an inappropriate seizure of a person under the Fourth Amendment of the United States Constitution as Decedent Fernando Cruz was: 1) not acting in the commission of any crime when he was approached by Defendant Riverside County Sheriff Officers; 2) clearly unarmed at the time; 3) compliant with Defendant Officers orders at all times relevant herein.

34.    The unjustifiable use of force by Defendant deputies, upon Decedent Fernando Cruz constituted further unconstitutional violations of decedent's civil rights, in that they constituted excessive and deadly force in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

35.     The actions of Defendants, and each of them, were in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the actions undertaken by Defendants constituted an unjustified seizure of his person, deprivation of his liberty interest, excessive force and were in violation of Decedent's civil rights under color of law under 42 U.S.C. § 1983 and other sections of the United States Code as more fully set forth herein.

36.     Plaintiffs are informed and believe, and thereon allege the Defendants COUNTY and/or DOES 10 through 20 and their decision makers, with deliberate indifference, gross negligence, and reckless disregard to the safety, security, and constitutional and statutory rights of Decedent Fernando Cruz and Plaintiffs, and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of, among other things: subjecting people to unreasonable uses of force against their persons;

a.     Selecting, retaining and assigning employees with demonstrable propensities for excessive force, violence, and other misconduct;

b.     Failing to adequately train, supervise, and control employees in the dangers of repeated strikes and/or punching to a subject's head, including, without limitation, the use of potentially lethal tactics, on individuals who may have a pre-existing medical conditions which make such tactics unreasonably dangerous.

15

**FIRST AMENDED COMPLAINT FOR DAMAGES**

c.    Failing to adequately discipline officers engaged in misconduct;

d.    Condoning and encouraging officers in the belief that they can violate the rights of persons such as the Decedent in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

37.    Plaintiffs are informed and believe and thereon allege that Defendants COUNTY have a longstanding custom, policy and practice of violating civil rights, including excessive use of force and other similar actions, and ordered, authorized, acquiesced in, tolerated, permitted or maintained custom and usages permitting the other defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs or usages set forth in the foregoing paragraph. Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based ether on a deliberate plan by Defendants or on defendants deliberate indifference, gross negligence, or reckless disregard to the safety, security, and rights of Plaintiffs and their decedent.

38.    Plaintiffs allege that Defendants acted in violation of the United States Constitution and that Decedent Fernando Cruz's constitutional rights were violated. Defendants, and each of them, acted in violation of Decedent's constitutional rights under the Fourth and Fourteenth Amendments to the United

**FIRST AMENDED COMPLAINT FOR DAMAGES**

States Constitution. Decedent Fernando Cruz was subjected to an excessive amount of force where he had committed no criminal act, engaged in no suspicious criminal activity, and was seized without probable cause by Defendants while acting under color of law, pursuant to their actual and apparent authority.

39.   As a result of the repeated unconstitutional actions of Defendants, and each of them, Fernando Cruz died. Plaintiffs have suffered, and continue to suffer, devastating and overwhelming severe emotional distress, disgust, shock, anger, fright, nervousness and terror. Plaintiffs have further suffered economic and non-economic damages.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights -**
**Excessive/Unreasonable Use of Force on Person**
**[Survivorship Claim Pursuant to Cal. Civ. Proc. Code § 377.30]**
**(By Plaintiff FERNANDO CRUZ, JR.; CELESTE MARIE CRUZ;**
**RAELENE MARIE CRUZ; J.A.; I.C.; and L.M.C., against Defendants**
**ROACH, LUCIFORA, GILLISON, HALBEISEN and DOES 1 through 10,**
**inclusive)**

40.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 39 inclusive, above, as if set forth in full herein.

41.   As shown above, Defendants used unreasonable force upon Decedent Cruz by forcing him into a position that caused him die from positional asphyxiation. Furthermore, Defendant GILLISON repeatedly punched Decedent

17

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Cruz on the side of his head and back. All of this was done while Decedent Cruz was already handcuffed and laying on his stomach.

42.     There was no justification for using this force upon Decedent Cruz as he was not a threat to anyone at the time the defendants used force upon him. Nor was there any legal justification to use the unreasonable force upon him since he was merely laying on his stomach while handcuffed.

43.     The actions of defendants ROACH, LUCIFORA, GILLISON, HALBEISEN and DOES 1 through 10, inclusive, as complained above herein, constituted a violation of Decedent Cruz' rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon his person.

44.     Plaintiffs bring this claim as Successors-in-Interest to Decedent Cruz, and seeks survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of Decedent Cruz' rights. Plaintiffs incurred other special and general damages and expenses in an amount to be proven at trial.

45.     The actions by said defendants were committed maliciously, oppressively and in reckless disregard of Plaintiff constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant COUNTY, in an amount to be proven at trial.

18

**FIRST AMENDED COMPLAINT FOR DAMAGES**

## SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
**Violation of Fourteenth Amendment to United States Constitution**
**Interference With Parent-Child Relationship**
**(By all Plaintiffs, Against Defendants ROACH, LUCIFORA, GILLISON,**
**HALBEISEN and DOES 1 through 10, inclusive,)**

46.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 45, inclusive, above, as if set forth in full herein.

47.     The unlawful killing of plaintiffs' deceased son / father, Decedent Cruz, by ROACH, LUCIFORA, GILLISON, HALBEISEN and DOES 1 through 10, inclusive, inclusive, deprived plaintiffs of their Parent – Child Relationship, guaranteed to them under the Fourteenth Amendment to the United States Constitution.

48.     The use of unreasonable force upon Decedent Cruz that resulted in the unlawful killing of him by defendants ROACH, LUCIFORA, GILLISON, HALBEISEN and DOES 1 through 10, inclusive, inclusive, was done intentionally, was done in a manner that constituted the use of unreasonable force, and was done in a manner that constituted a deliberate indifference to and reckless disregard of Decedent Cruz' life and to said Child-Parent Relationship, and constituted outrageous behavior that was shocking to the conscience.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

49.    The unlawful killing of Decedent Cruz by ROACH, LUCIFORA, GILLISON, HALBEISEN and DOES 1 through 10, inclusive, inclusive, above-referenced, also caused plaintiffs to suffer the loss of Decedent Cruz' love, society, solace and comfort, companionship, as well as caused her to suffer great mental, emotional and distress, pain and suffering, all in an amount to be shown at trial.

50.    The unlawful killing of Decedent Cruz by ROACH, LUCIFORA, GILLISON, HALBEISEN and DOES 1 through 10, inclusive, inclusive, above-referenced, was done maliciously and in reckless disregard of plaintiffs' constitutional rights, sufficient for an award of punitive damages against said defendants (save COUNTY); all in an amount to be shown at trial.

## THIRD CAUSE OF ACTION
### (42 U.S.C. § 1983)
### Municipal Liability (*Monell Liability*) — Failure to Train
### (By all Plaintiffs, Against Defendant COUNTY)

51.  Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 50, inclusive, above, as if set forth in full herein.

52.  Defendants ROACH, LUCIFORA, GILLISON, HALBEISEN and DOES 1 through 10, inclusive, acted under the color of law.

53.  The acts of Defendants ROACH, LUCIFORA, GILLISON, HALBEISEN and DOES 1 through 10, inclusive, deprived Decedent Cruz and

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Plaintiffs of their particular rights under the United States Constitution, as described above.

54. The training policies of COUNTY were not adequate to train its peace officers to handle the usual and recurring situations with which they must deal.

55. Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its deputies adequately, to wit; the wrongful, unlawful and unconstitutional killing of persons who did not present an imminent threat to anyone.

56. The failure of COUNTY to provide adequate training caused the deprivation of Decedent Cruz' and Plaintiffs' rights by ROACH, LUCIFORA, GILLISON, HALBEISEN and DOES 1 through 10, inclusive; that is, defendants' failure to train is so closely related to the deprivation of Decedent Cruz' and Plaintiffs' rights as to be the moving force that caused the ultimate injury; in this case, the death of Decedent Cruz.

57. On information and belief, COUNTY failed to train ROACH, LUCIFORA, GILLISON, HALBEISEN and DOES 1 through 10, inclusive, properly and adequately, in that they were not trained on how to prevent positional asphyxiation and when they may strike suspects.

58. By reason of the aforementioned acts and omissions, Decedent Cruz and Plaintiffs have suffered loss of love, companionship, comfort, care, society,

training, guidance, and past and future support. The aforementioned acts and omissions also cause Decedent Cruz' pain and suffering, loss of enjoyment of life and death.

59.  Accordingly, Defendant COUNTY is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

60.   Plaintiffs bring this claim both individually, and as successor-in-interest to Decedent Cruz, and seeks survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of Decedent Cruz' rights. Decedent Cruz and Plaintiffs incurred other special and general damages and expenses in an amount to be proven at trial.

61.   The unlawful killing of Decedent Cruz by ROACH, LUCIFORA, GILLISON, HALBEISEN and DOES 1 through 10, inclusive, above-referenced, also caused plaintiffs to suffer the loss of Decedent Cruz' love, society, solace and comfort, companionship, as well as caused them to suffer great mental, emotional and distress, pain and suffering, all in an amount to be shown at trial.

62.   The unlawful killing of Decedent Cruz by ROACH, LUCIFORA, GILLISON, HALBEISEN and DOES 1 through 10, inclusive, above-referenced, was done maliciously and in reckless disregard of plaintiffs' constitutional rights,

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1   sufficient for an award of punitive damages against said defendants (save

2   COUNTY); all in an amount to be shown at trial.

3
### FOURTH CAUSE OF ACTION
4   **(42 U.S.C. § 1983)**
5   **Municipal Liability (*Monell Liability*) — Unconstitutional Custom,**
    **Practice and/or Policy**
6   **(By all Plaintiffs, Against Defendant COUNTY)**
7
8        63.  Plaintiff hereby realleges and incorporates by reference the allegations

9   set forth in paragraphs 1 through 62, inclusive, above, as if set forth in full herein.
10
11       64.  Defendants ROACH, LUCIFORA, GILLISON, HALBEISEN and
12   DOES 1 through 10, inclusive, acted under the color of law.
13
14       65.  The acts of Defendants ROACH, LUCIFORA, GILLISON,
15   HALBEISEN and DOES 1 through 10, inclusive, deprived Decedent Cruz and
16   Plaintiffs of their particular rights under the United States Constitution.
17
18       66.  Defendants ROACH, LUCIFORA, GILLISON, HALBEISEN and
19   DOES 1 through 10, inclusive, acted pursuant to an expressly adopted official
20   policy or a longstanding practice or custom of COUNTY for using deadly force
21   upon persons when the under circumstances of the situation, the use of deadly
22
23   force is not justified.
24
25       67.  Defendants COUNTY, together with other COUNTY policymakers and
26   supervisors, maintained, *inter alia*, the following unconstitutional customs,
27   practices and policies:
28

**FIRST AMENDED COMPLAINT FOR DAMAGES**

(a)  Using excessive force, including excessive deadly force on a regular basis, making such use of unreasonable force standard operating procedure;

(b)  Providing inadequate training regarding the use of deadly force;

(c)  Failing to properly conduct encounter individuals with mental illnesses or other disabilities;

(d)  Providing inadequate training regarding encounters with individuals with mental illnesses or other disabilities;

(e)  Employing and retaining as peace officers individuals such as ROACH, LUCIFORA, GILLISON, HALBEISEN and DOES 1 through 10, inclusive, who Defendant COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force and unlawfully seizing persons;

(f)  Inadequately supervising, training, controlling, assigning, and disciplining COUNTY peace officers, and other personnel, including ROACH, LUCIFORA, GILLISON, HALBEISEN and DOES 1 through 10, inclusive, who Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(g)  Failing to adequately discipline COUNTY peace officers, including Defendants ROACH, LUCIFORA, GILLISON, HALBEISEN and DOES 1 through 10, inclusive, for the above-referenced categories of misconduct, including "slaps on the wrist" discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

**FIRST AMENDED COMPLAINT FOR DAMAGES**

(h)  Announcing that unjustified use of deadly force are "within policy," including force that was later determined in court to be unconstitutional;

(i)  Even where deadly force is determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the deputies involved;

(j)  Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which peace officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing;

(k)  Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecutions who participate in shootings of unarmed people.

68.    Defendants ROACH, LUCIFORA, GILLISON, HALBEISEN and DOES 1 through 10, inclusive, were not disciplined, reprimanded, restrained, suspended or otherwise penalized in connection with Decedent Cruz' death.

69. By reason of the aforementioned acts and omissions, Plaintiffs and Decedent Cruz suffered loss of love, companionship, comfort, care, society, training, guidance, and past and future support. The aforementioned acts and

**FIRST AMENDED COMPLAINT FOR DAMAGES**

omissions also caused Decedent Cruz' pain and suffering, loss of enjoyment of life, and death.

70.   Defendant COUNTY, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent Cruz, Plaintiffs and other individuals similarly situated.

71.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, ROACH, LUCIFORA, GILLISON, HALBEISEN and DOES 1 through 10, inclusive, acted with intentional, reckless, and callous disregard for the life of Decedent Cruz and for Decedent Cruz' and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendant COUNTY were affirmatively linked to and were a significantly influential force behind the injuries of Decedent Cruz and Plaintiffs.

72.   Accordingly, Defendant COUNTY are liable to plaintiffs for compensatory damages under 42 U.S.C. § 1983.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

73.  Plaintiffs bring this claim as successors-in-interest to Decedent Cruz, and seek survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of Decedent Cruz' rights. Decedent Cruz and Plaintiffs incurred other special and general damages and expenses in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION
### VIOLATION OF THE RALPH CIVIL RIGHTS ACT UNDER CAL. CIV. CODE § 51.7
### (By Plaintiffs Against all Defendants)

74.  Plaintiffs hereby incorporate each and every of the preceding paragraphs, as though set forth fully herein.

75.  California Civil Code section 51.7, also known as the Ralph Civil Rights Act, guarantees all persons within the jurisdiction of this state the right to be free from any violence committed against their person because of their race or other protected characteristics.

76.  Plaintiffs are informed and believe and thereon allege that the incidents described and referenced in this complaint were motivated by Defendants, prejudice, disdain, and contempt for Hispanic Americans.

77.  Plaintiffs contend and herein allege that Defendants, intentionally engaged in the use of excessive and deadly force upon Decedent Fernando Cruz, who was unarmed, and that said excessive and deadly force was motivated by decedent Fernando Cruz's status as a Hispanic American.

78.  In doing the acts alleged in this complaint, Defendants knew or should have known that their actions were likely to injure and kill decedent

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Fernando Cruz. Plaintiffs are informed and believe, and therefore allege that Defendants intended to cause injury to decedent, and acted with a willful and conscious disregard of his rights as secured by Civ. Code section 51.7, thus entitling Plaintiffs to recover punitive damages pursuant to Civ. Code section 52, subd. (b)(1).

79.    Defendants' violations of Plaintiffs right as guaranteed by Civ. Code section 51.7 entitles them to compensatory and punitive damages, a $25,000.00 civil penalty, and attorneys' fees, all of which are provided for in Civ. Code section 52.1, subd. (b) and 52, and are requested below.

### SIXTH CAUSE OF ACTION
### VIOLATION OF THE BANE CIVIL RIGHTS ACT UNDER CAL. CIV. CODE, § 52.1
### (By Plaintiffs Against all Defendants)

80.    Plaintiffs hereby incorporate each and every of the preceding paragraphs, as though set forth fully herein.

81.    In doing the acts alleged in this complaint, Defendants ROACH, LUCIFORA, GILLISON, HALBEISEN and DOES 1 through 10, inclusive, interfered, and attempted to interfere, by threats, intimidation and coercion, with Decedent Fernando Cruz's rights as secured by Civ. Code section 52.1, thus entitling Plaintiffs to recover punitive damages pursuant to Civ Code section 52, subd. (b)(1).

82.    Defendants' violations of Plaintiffs rights as guaranteed by Civ Code section 52.1 entitles them to compensatory and punitive damages, a $25,000.00 civil penalty, attorney's fees, and injunctive relief, all of which are provided for in Civ Code section 52.1, subd. (b) and 52, and are requested below.

28

**FIRST AMENDED COMPLAINT FOR DAMAGES**

**SEVENTH CAUSE OF ACTION**
**WRONGFUL DEATH – NEGLIGENCE**
**C.C.P. § 377.60 AND 377.61**
**(By Plaintiffs Against Defendants and DOES 1-20, inclusive)**

83.    Plaintiffs hereby incorporate each and every of the preceding paragraphs, as though set forth fully herein.

84.    In engaging in conduct alleged above, Defendants ROACH, LUCIFORA, GILLISON, HALBEISEN and DOES 1 through 10, inclusive, while acting within the course and scope of their employment with Defendant COUNTY, negligently and carelessly caused death to decedent, Fernando Cruz, when they unlawfully seized, held, and/or detained him.

85.    As an actual and proximate result of said defendants' negligence, and the death of decedent, Plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of son and father, decedent, in an amount according to proof at trial.

86.    Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiffs' have brought this action, and claim for damages from said Defendants for the wrongful death of Decedent, and the resulting injuries.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, for each cause of action, as follows:

1.    For all specific damages including, but not limited to, lost wages and future earning capacity;

2.    For all general damages including, but not limited to, damages for pain, suffering, anguish, discomfort, severe emotional distress, disgust, terror, fright, anger, anxiety, worry, nervousness, shock, anguish and mental suffering,

**FIRST AMENDED COMPLAINT FOR DAMAGES**

loss of enjoyment of life, loss of ability to engage in normal and customary activities, loss of comfort, society, care and companionship;

3.    For other and further special damages in a sum according to proof at the time of trial;

4.    For other and further general damages in a sum according to proof at the time of trail;

5.    For funeral and burial expenses of Decedent, according to proof;

6.    For prejudgment interest according to proof;

7.    For punitive damages against Defendants and/or DOES 1-20, in an Amount according to proof at the time of trial;

8.    For costs of suit incurred herein;

9.    For other and further relief as this court may deem just and proper; and

10.    For legal fees, expenses and costs incurred in prosecution in the present action for violation of Civil Rights pursuant to 42 U.S.C. section 1988.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial in the instant action on all stated causes of action.


**STEVEN A. LERMAN AND ASSOCIATES, INC.**

By: ____/s/ Steven Lerman_____
Steven A. Lerman, Esq.
Nicholas M. Lerman, Esq.


30

**FIRST AMENDED COMPLAINT FOR DAMAGES**

**CERTIFICATE OF SERVICE**
**Re: Sarah Cruz Reaza et al v County of Riverside, Riverside Sheriffs Dept.**
**Case No. 5:20-cv-01188-FMO, US District Court, Central District, California**

I hereby certify that on the 7th day of January, 2021, I will electronically file the foregoing: **FIRST AMENDED PLAINTIFFS' COMPLAINT FOR DAMAGES**, with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following, and I will also mail the document(s) by US mail:

Tori Bakken, Esq.
Tony Sain, Esq.
Manning & Kass, Ellrod, Ramirez, Trester, LLP
801 S. Figueroa St. 15th floor
Los Angeles, CA 90017-3012
P: (213) 624-6900; F: (213) 624-6999
E: txb@manningllp.com; tms@manningllp.com
For Defendant County of Riverside (erroneously named as both County of Riverside and Riverside County Sheriff's Dept.)
I hereby certify under the penalty of perjury that the foregoing is true and correct.

Dated: 1/7/2021

/s/ _____

Steven Lerman, Esq. SBN 055839
Nicholas Lerman, Esq. SBN 292656
Gregory Peacock, Esq. SBN 277669
Steven Lerman and Associates, Inc.
6033 W. Century Blvd. Suite 740
Los Angeles, CA 90045
P: (310) 659-8166
F: (310) 285-0779
nlerman@lermanslaw.com
gregorypeacockesq@gmail.com

reallegal_lawgirl@yahoo.com
ccochrell@lermanslaw.com
(For paralegal Cherry Cochrell)