**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, ESQ. (SBN 277669)
4425 Jamboree Road
Suite 130
Newport Beach, CA 92660
Telephone (949) 292-7478
Email: gregorypeacockesq@gmail.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SARAH CRUZ REAZA, individually and as Successor-in-Interest of Decedent Fernando Cruz, FERNANDO BAEZA, individually and as Successor-in-Interest of Decedent Fernando Cruz, FERNANDO CRUZ, JR., individually and as Successor-in-Interest of Decedent Fernando Cruz, FRANK FIDEL CRUZ, individually and as Successor-in-Interest of Decedent Fernando Cruz, CELESTE MARIE CRUZ, individually and as Successor-in-Interest of Decedent Fernando Cruz, RAELENE MARIE CRUZ, individually and as Successor-in-Interest of Decedent Fernando Cruz, J.A., by and through his guardian, JOANNE ALBIDREZ, I.C., by and through his guardian, JOANNE ALBIDREZ, L.M.C., by and through her guardian, JOANNE ALBIDREZ,<br><br>      Plaintiffs,<br><br>  vs.<br><br>COUNTY OF RIVERSIDE, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT and DOES 1 through 20, Inclusive, | Case No: 5:20-CV-01188 MEMF-SP<br><br>[Hon. Maame Ewusi-Mensah Frimpong; Hon. Sheri Pym]<br><br>**FIRST SUPPLEMENTAL DECLARATION OF GREGORY PEACOCK, ESQ. RE AUTHENTICITY OF ATTACHED EXHIBITS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

FIRST SUPPLEMENTAL DECLARATION OF GREGORY PEACOCK, ESQ. RE AUTHENTICITY OF

ATTACHED EXHIBITS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendants.

I, Gregory Peacock, Esq. do declare that the facts set forth herein are based upon my personal knowledge and on information and belief, and if called upon to testify I could do so competently.

1.  I am an attorney duly licensed to practice before all courts of the State of California. I am co-counsel of record for Plaintiff SARA CRUZ REAZA, et al. in this action.

2.  Attached as Exhibit "A" is an excerpt of the Deposition of Sarah Reaza Cruz, taken on June 18, 2021, that was taken by the Defendant in this case.

3.  Attached as Exhibit "B" is an excerpt of the Deposition of Sandy Acuna, taken on February 17, 2022, that was taken by the Defendant in this case.

4.  Attached as Exhibit "C" is an excerpt of the Deposition of Robert Roach, taken on March 10, 2022, that was taken by the Plaintiff in this case.

5.  Attached as Exhibit "D" is an excerpt of the Deposition of Andrew Lucifora, taken on March 8, 2022, that was taken by the Plaintiff in this case.

6.  Attached as Exhibit "E" is an excerpt of the Deposition of Geoffrey Gillison, taken on March 11, 2022, that was taken by the Plaintiff in this case.

7.  Attached as Exhibit "F" is an excerpt of the Deposition of Todd Halbeisen, taken on March 9, 2022, that was taken by the Plaintiff in this case.

8.  Attached as Exhibit "G" is an excerpt of the Audio Transcription of Body Worn Camera Video – Final Composite, that was transcribed on July 8,

2

**FIRST SUPPLEMENTAL DECLARATION OF GREGORY PEACOCK, ESQ. RE AUTHENTICITY OF ATTACHED EXHIBITS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

2022.

9. Attached as Exhibit "H" is an excerpt of the Deposition of Jeffrey Noble, taken on May 19, 2022, taken by the Defendant in this case.

10. Attached as Exhibit "I" is an excerpt of the Deposition of Marvin Pietruszka, M.D., taken on May 18, 2022, taken by the Defendant in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 30th day of August, 2022, in Los Angeles, CA.

Dated: 8/30/2022                           __/s/_____

                                            GREGORY PEACOCK, ESQ.

---

3

**FIRST SUPPLEMENTAL DECLARATION OF GREGORY PEACOCK, ESQ. RE AUTHENTICITY OF**

**ATTACHED EXHIBITS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

EXHIBIT "A"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| SARAH CRUZ REAZA, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST OF DECEDENT FERNANDO CRUZ, FERNANDO BAEZA, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST OF DECEDENT FERNANDO CRUZ, FERNANDO CRUZ, JR., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST OF DECEDENT FERNANDO CRUZ, FRANK FIDEL CRUZ, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST OF DECEDENT FERNANDO CRUZ, CELESTE MARIE CRUZ, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST OF DECEDENT FERNANDO CRUZ, RAELENE MARIE CRUZ, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST OF DECEDENT FERNANDO CRUZ, J.A., BY AND THROUGH HIS GUARDIAN, JOANNE ALBIDREZ, I.C., BY AND THROUGH HIS GUARDIAN, JOANNE ALBIDREZ, L.M.C., BY AND THROUGH HER GUARDIAN, JOANNE ALBIDREZ,<br><br>            PLAINTIFFS,<br><br>    VS.<br><br>COUNTY OF RIVERSIDE, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT AND DOES 1 THROUGH 20, INCLUSIVE,<br><br>            DEFENDANTS.<br>_____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CASE NO. 5:20-CV-01188-FMO (SPX) ) ) ) ) ) ) ) |

DEPOSITION OF SARAH REAZA CRUZ

TAKEN ON

FRIDAY, JUNE 18, 2021

MELINDA S. WOMELSDORF, C.S.R. NO. 13124

1                    UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

3

4                                          )
    SARAH CRUZ REAZA, INDIVIDUALLY AND )
5   AS SUCCESSOR-IN-INTEREST OF          )
    DECEDENT FERNANDO CRUZ, FERNANDO     )
6   BAEZA, INDIVIDUALLY AND AS           )
    SUCCESSOR-IN-INTEREST OF DECEDENT    )
7   FERNANDO CRUZ, FERNANDO CRUZ, JR., )
    INDIVIDUALLY AND AS                  )
8   SUCCESSOR-IN-INTEREST OF DECEDENT    )
    FERNANDO CRUZ, FRANK FIDEL CRUZ,     )
9   INDIVIDUALLY AND AS                  )
    SUCCESSOR-IN-INTEREST OF DECEDENT    )
10  FERNANDO CRUZ, CELESTE MARIE CRUZ, )
    INDIVIDUALLY AND AS                  )
11  SUCCESSOR-IN-INTEREST OF DECEDENT    )
    FERNANDO CRUZ, RAELENE MARIE CRUZ, )
12  INDIVIDUALLY AND AS                  )
    SUCCESSOR-IN-INTEREST OF DECEDENT    )
13  FERNANDO CRUZ, J.A., BY AND THROUGH)
    HIS GUARDIAN, JOANNE ALBIDREZ,       )
14  I.C., BY AND THROUGH HIS GUARDIAN, )
    JOANNE ALBIDREZ, L.M.C., BY AND      )
15  THROUGH HER GUARDIAN, JOANNE         )
    ALBIDREZ,                            )
16                                       )
                   PLAINTIFFS,           )
17                                       )
         VS.                             )  CASE NO. 5:20-CV-01188
18                                       )           FMO (Spx)
    COUNTY OF RIVERSIDE, RIVERSIDE       )
19  COUNTY SHERIFF'S DEPARTMENT AND      )
    DOES 1 THROUGH 20, INCLUSIVE,        )
20                                       )
                   DEFENDANTS.           )
21  _____)

22

23

24

25

                                                              2

1        DEPOSITION OF SARAH REAZA CRUZ, taken on behalf of

2  the Defendants, at 4199 Flat Rock Road, Riverside, CA,

3  commencing at 9:56 A.M., Friday, June 18, 2021, before

4  Melinda S. Womelsdorf, Certified Shorthand Reporter, License

5  No. 13124, for the State of California, pursuant to Notice.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

```
 1  APPEARANCES:

 2

 3  For the Defendants, COUNTY OF RIVERSIDE:

 4      MANNING & KASS, ELLROD, RAMIREZ, TRESTER, LLP
        BY:  TONY SAIN, ESQ.
 5      801 S. Figueroa Street, 15th Floor
        Los Angeles, California 90017-3012
 6      (213) 624-6900
        tms@manningllp.com
 7
    For the Plaintiffs, SARAH CRUZ REAZA, FERNANDO BAEZA,
 8  FERNANDO CRUZ JR., FRANK FIDEL CRUZ, CELESTE MARIE CRUZ,
    RAELENE MARIE CRUZ, J.A., I.C., AND LMC
 9
        STEVEN A. LERMAN AND ASSOCIATES
10      BY:  NICHOLAS M. LERMAN
        6033 West. Century Boulevard, Suite 740
11      Los Angeles, California 90045
        (310) 659-8166
12      nmlerman0@yahoo.com

13

14  Also Present:

15  Armand Frigon - Videographer

16

17

18

19

20

21

22

23

24

25
                                                        4
```

10:58:29:24  1       Q    And on the date of the incident you had no

2    problems with your hearing; is that correct?

3       A    No.

4       Q    What I said is correct?

10:58:36:21  5       A    Yes.

6       Q    Okay.

7       A    Sorry.

8       Q    All right.  On the date of our incident, you

9    called police to your residence; is that correct?

10:58:48:28 10       A    Yes.

11       Q    And you called them to your residence in order

12   to deal with Fernando Cruz; is that correct?

13       A    Yes.

14       Q    Okay.  Before that incident time, had you ever

10:58:58:18 15   called the police to your home to deal with Fernando

16   Cruz?

17       A    Yes.

18       Q    How many times?

19       A    Like three.

10:59:09:21 20       Q    When was the first time?

21       A    2018.  2018.

22       Q    And in the -- for the 2008 {sic} time, why did

23   you call the police to your home to deal with Fernando

24   Cruz?

10:59:42:10 25       A    We needed help.

55

10:59:43:11  1        Q    What was happening that you felt needed police

          2   assistance?

          3        A    I thought he was going to hurt himself.

          4        Q    By hurt himself, what do you mean?

10:59:51:29  5        A    Hitting on the -- like hitting on the wall.

          6        Q    Hitting what with the wall?

          7        A    Excuse me?

          8        Q    Hitting on the wall with what?

          9        A    Head.

11:00:10:10 10        Q    On that occasion when you called the police

         11   because Fernando Cruz was hitting his head on the wall

         12   so badly that you thought he was going to hurt himself

         13   --

         14        A    Yes.

11:00:18:17 15        Q    -- did you observe any injuries on Cruz's

         16   person?

         17        A    No.

         18        Q    Did he appear to be under the influence on

         19   that occasion?

11:00:27:21 20        A    No.

         21        Q    What police agency did you call to the scene

         22   to your home that day?

         23        A    Pedley.

         24        Q    Huh?

11:00:39:21 25        A    Pedley station 911.

                                                              56

11:44:17:18 1     Q   Never said anything like that?

2     A   No.

3     Q   Okay.  When you were asked, "Have you known

4 him to use drugs," you never said, "Yeah, he was using

11:44:29:22 5 something"?

6     A   Yes.

7     Q   So when you said that, what were you referring

8 to?

9     A   I don't know.

11:44:36:02 10     Q   Okay.  Even though -- strike that.

11     Didn't you tell the investigators that you saw

12 him using -- that you believed he was using drugs

13 because you saw him with a little glass pipe?

14     A   I don't remember.

11:45:25:16 15     Q   So is it your testimony here today that prior

16 to the October 7th, 2019 incident, is it your testimony

17 that you had never observed anything that made you

18 concerned that Fernando Cruz was abusing drugs?

19     MR. LERMAN:  Object.  Vague and ambiguous as to

11:45:47:18 20 concerned.

21     THE WITNESS:  No.

22 BY MR. SAIN:

23     Q   No, you didn't?

24     A   No.

11:45:50:22 25     Q   Okay.  So you never told the investigators

83

```
 1   State of California    )
                            )  SS.
 2   County of_____)

 3

 4            I, Sarah Reaza Cruz, say I have read the

 5   foregoing deposition and declare under penalty of

 6   perjury that my answers as indicated are true and

 7   correct.

 8

 9

10   _____
              (DATE)
11

12

13

14                            _____
                                        (SIGNATURE)
15

16

17

18

19

20

21

22

23

24

25
                                                    140
```

```
 1  State of California     )
                            )  SS.
 2  County of San Bernardino)

 3

 4            I, MELINDA WOMELSDORF, Certified Shorthand

 5  Reporter, License No. 13124, for the State of

 6  California, do hereby certify:

 7            That, prior to being examined, the witness

 8  named in the foregoing deposition, to wit, Sarah Reaza

 9  Cruz, was by me duly sworn to testify the truth, the

10  whole truth and nothing but the truth;

11            That said deposition was taken down by me

12  in shorthand at the time and place therein named and

13  thereafter reduced to computer-aided transcription under

14  my direction;

15            That the foregoing transcript, as typed, is

16  a true record of the said proceedings.

17            I further certify that I am not interested

18  in the event of the action.

19            Witness my hand this 5th day of July, 2021.

20

21

22            MELINDA WOMELSDORF, CSR. NO. 13124

23

24

25
                                                    141
```

EXHIBIT "B"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION


SARAH CRUZ REAZA, INDIVIDUALLY AND )
AS SUCCESSOR-IN-INTEREST OF        )
DECEDENT FERNANDO CRUZ, FERNANDO   )
BAEZA, INDIVIDUALLY AND AS         )
SUCCESSOR-IN-INTEREST OF DECEDENT  )
FERNANDO CRUZ, FERNANDO CRUZ, JR., )
INDIVIDUALLY AND AS                )
SUCCESSOR-IN-INTEREST OF DECEDENT  )
FERNANDO CRUZ, FRANK FIDEL CRUZ,   )
INDIVIDUALLY AND AS                )
SUCCESSOR-IN-INTEREST OF DECEDENT  )
FERNANDO CRUZ, CELESTE MARIE CRUZ, )
INDIVIDUALLY AND AS                )
SUCCESSOR-IN-INTEREST OF DECEDENT  )
FERNANDO CRUZ, RAELENE MARIE CRUZ, )
INDIVIDUALLY AND AS                )
SUCCESSOR-IN-INTEREST OF DECEDENT  )
FERNANDO CRUZ, J.A., BY AND THROUGH)
HIS GUARDIAN, JOANNE ALBIDREZ,     )
I.C., BY AND THROUGH HIS GUARDIAN, )
JOANNE ALBIDREZ, L.M.C., BY AND    )
THROUGH HER GUARDIAN, JOANNE       )
ALBIDREZ,                          )
                                   )
           PLAINTIFFS,             )
                                   )
     VS.                           ) CASE NO. 5:20-CV-01188-FMO (SPX)
                                   )
COUNTY OF RIVERSIDE, RIVERSIDE     )
COUNTY SHERIFF'S DEPARTMENT AND    )
DOES 1 THROUGH 20, INCLUSIVE,      )
                                   )
           DEFENDANTS.             )
_____)


DEPOSITION OF SANDY ACUNA

TAKEN ON

THURSDAY, FEBRUARY 17, 2022


MELINDA S. WOMELSDORF, C.S.R. NO. 13124

1                    UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

3

4                                            )
    SARAH CRUZ REAZA, INDIVIDUALLY AND )
5   AS SUCCESSOR-IN-INTEREST OF               )
    DECEDENT FERNANDO CRUZ, FERNANDO    )
6   BAEZA, INDIVIDUALLY AND AS           )
    SUCCESSOR-IN-INTEREST OF DECEDENT    )
7   FERNANDO CRUZ, FERNANDO CRUZ, JR., )
    INDIVIDUALLY AND AS                   )
8   SUCCESSOR-IN-INTEREST OF DECEDENT    )
    FERNANDO CRUZ, FRANK FIDEL CRUZ,     )
9   INDIVIDUALLY AND AS                   )
    SUCCESSOR-IN-INTEREST OF DECEDENT    )
10  FERNANDO CRUZ, CELESTE MARIE CRUZ, )
    INDIVIDUALLY AND AS                   )
11  SUCCESSOR-IN-INTEREST OF DECEDENT    )
    FERNANDO CRUZ, RAELENE MARIE CRUZ, )
12  INDIVIDUALLY AND AS                   )
    SUCCESSOR-IN-INTEREST OF DECEDENT    )
13  FERNANDO CRUZ, J.A., BY AND THROUGH)
    HIS GUARDIAN, JOANNE ALBIDREZ,       )
14  I.C., BY AND THROUGH HIS GUARDIAN, )
    JOANNE ALBIDREZ, L.M.C., BY AND      )
15  THROUGH HER GUARDIAN, JOANNE         )
    ALBIDREZ,                             )
16                                         )
                    PLAINTIFFS,            )
17                                         )
         VS.                               )  CASE NO. 5:20-CV-01188
18                                         )       FMO (Spx)
    COUNTY OF RIVERSIDE, RIVERSIDE       )
19  COUNTY SHERIFF'S DEPARTMENT AND      )
    DOES 1 THROUGH 20, INCLUSIVE,        )
20                                         )
                    DEFENDANTS.           )
21  _____)

22

23

24

25
                                                              2

1           DEPOSITION OF SANDY ACUNA, taken on behalf of the

2    Defendants, at Larry D. Correctional Facility 1627 Hargrave

3    Street, Banning, CA, commencing at 12:21 P.M., Thursday,

4    February 17, 2022, before Melinda S. Womelsdorf, Certified

5    Shorthand Reporter, License No. 13124, for the State of

6    California, pursuant to Notice.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                                          3

```
 1   APPEARANCES:

 2

 3   For the Defendants, COUNTY OF RIVERSIDE:

 4       LEWIS, BRISBOIS, BISGAARD & SMITH, LLP
         BY:  TORI BAKKEN, ESQ.
 5       633 West 5th Street, Suite 4000
         Los Angeles, California 90071
 6       (213) 250-1800
         Tori.Bakken@lewisbrisbois.com
 7
     For the Plaintiffs, SARAH CRUZ REAZA, FERNANDO BAEZA,
 8   FERNANDO CRUZ JR., FRANK FIDEL CRUZ, CELESTE MARIE CRUZ,
     RAELENE MARIE CRUZ, J.A., I.C., AND LMC
 9
         STEVEN A. LERMAN AND ASSOCIATES
10       BY:  NICHOLAS M. LERMAN, ESQ.
              STEVEN A. LERMAN, ESQ.
11       6033 West. Century Boulevard, Suite 740
         Los Angeles, California 90045
12       (310) 659-8166
         nmlerman0@yahoo.com
13
     For the Witness, Sandy Acuna
14
         DEPUTY PUBLIC DEFENDER
15       BY:  LINDA MOORE, ESQ.
         4075 Main Street, Suite 100
16       Riverside, California 92501
         (951) 955-6000
17       LindaMoore@RIVCO.ORG

18

19   Also Present:

20   Adam Ellison - Videographer

21

22

23

24

25
                                                          4
```

12:21:09:26   1                by the Certified Shorthand Reporter and

2                a copy is attached hereto.)

3   BY MS. BAKKEN:

4        Q     Do you recognize who is depicted in that

12:47:57:01   5   photograph?

6        A     That's my uncle, Fernando Cruz.

7        Q     And do you know whether or not Fernando Cruz

8   ever used any drugs or had any substance abuse problems?

9        A     Well, he had substance abuse problems but I

12:48:34:21  10   don't know when he was using it.  Like, I don't know the

11   exact time he was using it and stuff.  But, yeah, he

12   used drugs before.

13        Q     And what drugs do you know him to have used?

14        A     Meth.  I think that's what it's called.

12:48:51:17  15        Q     Okay.  And when did you first learn that

16   Fernando Cruz was using meth?

17        A     When that happened, the incident, because I

18   guess the police found the drug.

19        Q     Okay.  So prior to October 7th of 2019, the

12:49:10:06  20   date of this incident, did you know that Fernando Cruz

21   had ever used meth before that?

22        A     Yeah, but I don't remember the date.  And,

23   yeah, I -- I know he used drugs before that, but I don't

24   remember the date.

12:49:25:13  25        Q     Okay.  Can you give me an approximate year

34

13:15:56:22   1   them.

2        Q    Okay.  And do you know what she told the

3   police?

4        A    I don't know what she told the police.

13:16:01:29   5        Q    Okay.  And then at some point you also called

6   911; correct?

7        A    Yes.  Because they wouldn't hurry up and my

8   grandma was getting nervous.

9        Q    How long was it that you called the police

13:16:12:12  10   after your grandma had called the police?

11        A    It wasn't that long after I don't think.  I'm

12   not sure how long after.

13        Q    Was it a couple seconds?  Was it an hour or

14   so?

13:16:26:06  15        A    No, not that long.  Not an hour or so, but

16   maybe a couple minutes later.

17        Q    All right.  And then how long after you called

18   the police until the police arrived?

19        A    I don't know how long -- I don't remember how

13:16:44:08  20   long it took them to arrive.

21        Q    And other than just seeing if they were on

22   their way or trying to get them to hurry up, do you

23   recall anything else that you said to 911 when you

24   called?

13:16:58:16  25        A    I don't remember what I told them.  I don't

57

13:17:02:11 1   remember what I told them on the phone.  Maybe that he

2   was yelling and he was banging on the wall.  That's all

3   I can remember.

4        Q    Did you tell the police that you believed

13:17:13:24 5   Fernando was on drugs?

6        A    Yeah.  Because when he's -- when he does drugs

7   he doesn't take his medicine.  So that's why.  Because

8   he was acting out so I knew he was doing something

9   because he didn't take his medicine so that's what made

13:17:31:28 10  me think he was doing drugs.

11       Q    Okay.  So at the time you called the police

12  you thought that Fernando was high on drugs and had not

13  taken his mental health medication; correct?

14       A    Yeah.

13:17:46:17 15       Q    All right.  And when the police arrived how

16  many officers were there?

17       A    When they first came?

18       Q    Yes.

19       A    There was two officers and then a bunch more

13:17:59:00 20  came, like, a lot of them came after that.

21       Q    Okay.  So just focusing on the first two that

22  arrived, did they arrive together?

23       A    Yeah, they arrived together.  And we were

24  sitting on the couch at first, and then when all the

13:18:14:19 25  other officers came in, they told us to go outside.

58

13:31:15:18  1      Q    Okay.  So when Fernando got up and ran away

2   from the first two officers, he made it past that

3   bathroom door; is that correct?

4      A    Yeah.  I think he made it past the bathroom

13:31:26:04  5   door.

6      Q    Okay.  All right.  And when the two officers

7   were then handcuffing, you said that they were down

8   on -- were they on their knees by Fernando when they

9   were trying to put the handcuffs on him?

13:31:49:04 10      A    I think they were on their knees.

11      Q    Okay.  And at that point was Fernando still

12   resisting the two officers?

13      A    I think he was, like, squirming around, maybe.

14      Q    Okay.  Do you know where his hands were prior

13:32:02:06 15   to them getting them behind his back?  Was he on top of

16   them?  Was he on the out --

17      A    I think he was on top of them.

18      Q    Okay.  Did you see Fernando resisting those

19   first two officers in any way other than initially

13:32:16:21 20   running away from them down the hall and then laying on

21   top of his hands, preventing them from getting them?

22      A    No.  Just -- he was just moving around a lot,

23   that's it.  And on top of his hands, I think.

24      Q    So would it be accurate to say that Fernando

13:32:31:27 25   was resisting those two officers' efforts to handcuff

71

14:17:15:15 1   their body to do so?

2       A     Their hands.  And I don't know if they were

3   using their knees, the two officers.  I just remember

4   them telling him to put his hands behind his back.

14:17:38:05 5       Q     And then at some point Fernando ends up in the

6   living room; that's correct?

7       A     Uh-huh.

8       Q     Are you aware of how he ended up in the living

9   room?

14:17:47:24 10      A     I don't remember how he ended up in the living

11  room.

12      Q     Do you recall in your interview shortly after

13  the incident that you told the detective that you

14  believe that Fernando was dragged by the officers to the

14:17:57:29 15  living room?

16      A     I think he was.

17      Q     And -- and where Fernando ended up in the

18  living room was, I believe you pointed out in the

19  exhibit, was just right in front of that -- what was it?

14:18:21:20 20  Wardrobe, wooden wardrobe?

21      A     That's where he was.

22      Q     And when Fernando was dragged to that

23  position, was he still on his stomach or had he switched

24  positions at that point?

14:18:50:14 25      A     I don't remember if he was on his stomach or

109

1  State of California    )
                          )  SS.
2  County of_____)

3

4          I, Sandy Acuna, say I have read the

5  foregoing deposition and declare under penalty of

6  perjury that my answers as indicated are true and

7  correct.

8

9

10 _____
          (DATE)
11

12

13

14                        _____
                                  (SIGNATURE)
15

16

17

18

19

20

21

22

23

24

25

                                              129

1  State of California      )
                            )  SS.
2  County of San Bernardino)

3

4           I, MELINDA WOMELSDORF, Certified Shorthand

5  Reporter, License No. 13124, for the State of

6  California, do hereby certify:

7           That, prior to being examined, the witness

8  named in the foregoing deposition, to wit, Sandy Acuna,

9  was by me duly sworn to testify the truth, the whole

10  truth and nothing but the truth;

11          That said deposition was taken down by me

12  in shorthand at the time and place therein named and

13  thereafter reduced to computer-aided transcription under

14  my direction;

15          That the foregoing transcript, as typed, is

16  a true record of the said proceedings.

17          I further certify that I am not interested

18  in the event of the action.

19          Witness my hand this 2nd day of March,

20  2022.

21

22

23                    MELINDA WOMELSDORF, CSR. NO. 13124

24

25

                                                        130

EXHIBIT "C"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

SARAH CRUZ REAZA, individually  )
and as Successor-in-Interest of )
Decedent Fernando Cruz, et al., )
                                )
            Plaintiffs,         )
                                )
         vs.                    )  No. 5:20-CV-01188
                                )     FMO (SPx)
COUNTY OF RIVERSIDE, RIVERSIDE  )
COUNTY SHERIFF'S DEPARTMENT and )
DOES 1 through 20, Inclusive,   )
                                )
            Defendants.         )
_____)

VIDEOTAPED VIDEOCONFERENCE DEPOSITION OF

DEPUTY ROBERT ROACH

Thursday, March 10, 2022

REPORTED BY:  Lyn Corrin Aaker, CSR No. 6228

Deputy Robert Roach
Sarah Cruz Reaza vs. County of Riverside

```
 1

 2                   UNITED STATES DISTRICT COURT

 3          CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

 4

 5

 6

 7

 8   SARAH CRUZ REAZA, individually  )
     and as Successor-in-Interest of )
 9   Decedent Fernando Cruz, et al., )
                                     )
10                 Plaintiffs,       )
                                     )
11            vs.                    ) No. 5:20-CV-01188
                                     )     FMO (SPx)
12   COUNTY OF RIVERSIDE, RIVERSIDE  )
     COUNTY SHERIFF'S DEPARTMENT and )
13   DOES 1 through 20, Inclusive,   )
                                     )
14                 Defendants.       )
     _____)

15

16

17         Videotaped videoconference deposition of

18         DEPUTY ROBERT ROACH, a Witness, taken on

19         behalf of the Plaintiffs, commencing at the

20         hour of 8:31 a.m., Thursday, March 10, 2022,

21         before Lyn Corrin Aaker, CSR No. 6228,

22         pursuant to Notice of Taking Deposition.

23

24

25
```

Deputy Robert Roach
Sarah Cruz Reaza vs. County of Riverside

1203172

```
 1   APPEARANCES OF COUNSEL:

 2

 3   For Plaintiffs:

 4              STEVEN A. LERMAN & ASSOCIATES, INC.
               BY:  NICHOLAS M. LERMAN
 5                  Attorney at Law
               (Via Videoconference)
 6             6033 West Century Boulevard
               Suite 740
 7             Los Angeles, California 90045
               (310) 659-8166
 8             nlerman@lermanslaw.com

 9             LAW OFFICE OF GREGORY PEACOCK
               BY:  GREGORY PEACOCK
10                  Attorney at Law
               (Via Videoconference)
11             4425 Jamboree Road
               Suite 130
12             Newport Beach, California 92660
               (949) 292-7478
13             gregorypeacockesq@gmail.com

14   For Defendants:

15             LEWIS BRISBOIS BISGAARD & SMITH, LLP
               BY:  ANTHONY SAIN
16                  Attorney at Law
               (Via Videoconference)
17             633 West 5th Street
               Suite 4000
18             Los Angeles, California 90071
               (213) 680-5172
19             tony.sain@lewisbrisbois.com

20   Videographer (Via Videoconference):

21             GARRETT ESTORGA

22   Also Present (Via Videoconference):

23             DEPUTY JEFFREY GILLISON

24

25
```

**Kusar**   *Keeping Your Word Is Our Business ℠*

3

Case 5:20-cv-01188-MEMF-SP   Document 110   Filed 08/30/22   Page 30 of 90   Page ID #:2836

Deputy Robert Roach
Sarah Cruz Reaza vs. County of Riverside

1203172

| | | |
|---|---|---|
| 08:59:08 | 1 | THE WITNESS:  I don't recall. |
| 08:59:09 | 2 | BY MR. PEACOCK: |
| 08:59:25 | 3 | Q.   Did you ever observe Mr. Cruz attempt to |
| 08:59:26 | 4 | punch you on the February 2019 incident? |
| 08:59:35 | 5 | (Simultaneous speakers.) |
| 08:59:35 | 6 | THE REPORTER:  What was the objection? |
| 08:59:38 | 7 | THE WITNESS:  No. |
| 08:59:39 | 8 | MR. SAIN:  Vague as to time, but he cleaned it |
| | 9 | up. |
| 08:59:40 | 10 | Do you want to just reask the question, Greg? |
| 08:59:42 | 11 | MR. PEACOCK:  Sure. |
| 08:59:42 | 12 | Q.   Did you observe Mr. Cruz ever attempt to |
| 08:59:45 | 13 | punch you during the February 2019 incident? |
| 08:59:50 | 14 | A.   No. |
| 08:59:53 | 15 | Q.   Did you observe Mr. Cruz attempt to punch |
| 08:59:57 | 16 | Deputy Valenciano during the February 2019 incident? |
| 09:00:02 | 17 | A.   No. |
| 09:00:05 | 18 | Q.   Did Deputy Valenciano tell you that |
| 09:00:08 | 19 | Mr. Cruz was acting violently towards her prior to |
| 09:00:15 | 20 | your arrival on the February 2019 incident? |
| 09:00:21 | 21 | A.   No. |
| 09:00:34 | 22 | Q.   Was there anything else that we haven't |
| 09:00:36 | 23 | discussed about this first contact with Mr. Cruz in |
| 09:00:39 | 24 | February of 2019 that you considered and increased |
| 09:00:48 | 25 | your risk for officer safety when you arrived at the |

Deputy Robert Roach
Sarah Cruz Reaza vs. County of Riverside

1203172

| | | |
|---|---|---|
| 11:19:38 | 1 | punch Mr. Cruz with the information that |
| 11:19:43 | 2 | Deputy Gillison had to effectuate a legitimate law |
| 11:19:48 | 3 | enforcement purpose? |
| 11:19:50 | 4 | MR. SAIN:  Asked and answered, cumulative.  You |
| 11:19:52 | 5 | can answer again. |
| 11:19:54 | 6 | THE WITNESS:  Due to deputy Cruz's continual |
| 11:19:58 | 7 | resistance by trying to get up and flee and by |
| 11:20:02 | 8 | bucking his body up and down and kicking and through |
| 11:20:06 | 9 | those movements throwing off Deputy Gillison, Deputy |
| 11:20:11 | 10 | Halbeisen, myself, and Deputy Lucifora, I believed |
| 11:20:14 | 11 | it was reasonable with the limited knowledge that I |
| 11:20:18 | 12 | believe Deputy Gillison had at the time to utilize |
| 11:20:20 | 13 | the two punches to try and gain compliance from |
| 11:20:24 | 14 | Mr. Cruz. |
| 11:20:28 | 15 | Q.   How far off the ground did you observe |
| 11:20:34 | 16 | Mr. Cruz get in an attempt to flee in between the |
| 11:20:39 | 17 | time you observed Deputy Gillison arrived until the |
| 11:20:45 | 18 | point in time in which Deputy Gillison punched |
| 11:20:49 | 19 | Mr. Cruz? |
| 11:20:56 | 20 | A.   Approximately an inch, if that, because |
| 11:21:04 | 21 | while we were attempting to control him, he was |
| 11:21:09 | 22 | still fighting but not successfully.  So we were |
| 11:21:14 | 23 | controlling him, and it was clear what his intent |
| 11:21:17 | 24 | was, was to get off the ground.  However, through |
| 11:21:20 | 25 | the bucking motions and pressing up, he might have |

Deputy Robert Roach
Sarah Cruz Reaza vs. County of Riverside

1203172

| | | |
|---|---|---|
| 11:43:43 | 1 | any training whatsoever related to the topic of |
| 11:43:48 | 2 | positional asphyxiation? |
| 11:43:52 | 3 | A.   No. |
| 11:44:02 | 4 | Q.   So once you repositioned yourself near the |
| 11:44:13 | 5 | couch in the living room, what happened next? |
| 11:44:19 | 6 | MR. SAIN:  Is this when he is standing up? |
| 11:44:21 | 7 | MR. PEACOCK:  Correct. |
| 11:44:23 | 8 | THE WITNESS:  After the application of the |
| 11:44:25 | 9 | hobble, I maintained that position to Mr. Cruz's |
| 11:44:29 | 10 | right side, standing, making no contact for |
| 11:44:31 | 11 | approximately three minutes. |
| 11:44:33 | 12 | BY MR. PEACOCK: |
| 11:44:34 | 13 | Q.   And during that three-minute period was |
| 11:44:41 | 14 | Mr. Cruz still in the prone position? |
| 11:44:43 | 15 | A.   Yes.  During that three-minute period |
| 11:44:47 | 16 | Mr. Cruz was maintained in that prone position face |
| 11:44:51 | 17 | down. |
| 11:44:51 | 18 | Q.   During that three-minute period of time did |
| 11:44:57 | 19 | you observe Deputy Halbeisen in the same position |
| 11:45:00 | 20 | where his right knee is making contact with |
| 11:45:03 | 21 | Mr. Cruz's back? |
| 11:45:04 | 22 | A.   I recall Mr. -- sorry -- Deputy Halbeisen |
| 11:45:12 | 23 | making contact with Mr. Cruz's middle back section |
| 11:45:17 | 24 | with a knee.  I don't recall which knee.  And the |
| 11:45:19 | 25 | other knee, whichever one it was, was on the ground |

11:45:22  1    while he was maintaining control of Mr. Cruz's left

11:45:24  2    arm with both of his hands.

11:45:26  3        Q.   And it was during that three-minute time

11:45:29  4    period?

11:45:29  5        A.   Yes.

11:45:31  6        Q.   During that three-minute time period, did

11:45:33  7    you see any other law enforcement personnel making

11:45:36  8    physical contact with Mr. Cruz?

11:45:38  9        A.   Other than Deputy Halbeisen, no.

11:45:43  10       Q.   And at the conclusion of that three-minute

11:45:45  11   time period, what happened next?

11:45:46  12       A.   Fernando Cruz abruptly stopped speaking and

11:45:53  13   stopped all thrashing body movements, kicking.  And

11:45:59  14   Deputy -- excuse me -- Sergeant Kaffka began to call

11:46:03  15   out to Mr. Cruz stating his name.  He said,

11:46:09  16   "Fernando, Fernando."  He was calling out to him

11:46:12  17   and then asked if Mr. Cruz was breathing or not.

11:46:18  18       Q.   And then what happened?

11:46:19  19       A.   Immediately Mr. Cruz was turned onto his

11:46:27  20   left side, and Deputy Halbeisen checked for a pulse.

11:46:32  21   And Deputy Halbeisen relayed that Mr. Cruz did not

11:46:37  22   have a pulse, and I immediately called out and said,

11:46:41  23   "Put him on his back and start compressions," at

11:46:45  24   which time Mr. Cruz was immediately placed on his

11:46:47  25   back and compressions were started by Deputy

Deputy Robert Roach
Sarah Cruz Reaza vs. County of Riverside

1                        DECLARATION

2

3

4

5          I hereby declare I am the deponent in the

6    within matter; that I have read the foregoing

7    deposition and know the contents thereof, and I

8    declare that the same is true of my knowledge except

9    as to the matters which are therein stated upon my

10   information or belief, and as to those matters, I

11   believe it to be true.

12          I declare under the penalties of perjury of

13   the State of California that the foregoing is true

14   and correct.

15          Executed this _____ day of _____,

16   2022, at _____, _____.

17

18

19

20

21                    _____

22                    DEPUTY ROBERT ROACH

23

24

25

Deputy Robert Roach
Sarah Cruz Reaza vs. County of Riverside

1          REPORTER'S CERTIFICATE

2

3        I, the undersigned Certified Shorthand

4    Reporter holding a valid and current license issued

5    by the State of California, do hereby certify:

6        That said proceedings were taken down by me

7    in shorthand at the time and place therein set forth

8    and thereafter transcribed under my direction and

9    supervision.

10       I further certify that I am neither counsel

11   for nor related to any party to said action, nor in

12   any way interested in the outcome thereof.

13       Before completion of the deposition, review

14   of the transcript [ X  ]was [    ]was not requested.

15      The dismantling, unsealing, or unbinding of

16   the original transcript will render the Reporter's

17   Certificate null and void.

18     IN WITNESS WHEREOF, I have hereunto subscribed

19   my name on this date: March 14, 2022.

20

21

22

23             _____

24           Certified Shorthand Reporter

25



EXHIBIT "D"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

SARAH CRUZ REAZA, individually )
and as Successor-in Interest of )
Decedent FERNANDO CRUZ, et al., )
                                 )
                   Plaintiffs,  )
                                 )
          vs.                    )   No. 5:20-CV-01188
                                 )   FMO (SPx)
                                 )
COUNTY OF RIVERSIDE,             )
RIVERSIDE COUNTY SHERIFF'S       )
DEPARTMENT, and DOES 1 through   )
20, inclusive,                   )
                                 )
                                 )
                                 )
                   Defendants.   )
                                 )
_____  )

VIDEOTAPED VIDEOCONFERENCE DEPOSITION OF DEPUTY ANDREW LUCIFORA

Tuesday, March 8, 2022

REPORTED BY:  Stacy L. Lozano, CSR No. 12831

Deputy Andrew Lucifora
Sarah Cruz Reaza vs. County of Riverside

1

2                    UNITED STATES DISTRICT COURT

3        CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

4

5

6    SARAH CRUZ REAZA, individually  )
     and as Successor-in Interest of )
7    Decedent FERNANDO CRUZ, et al., )
                                      )
8                     Plaintiffs,     )
                                      )
9         vs.                         )    No. 5:20-CV-01188
                                      )    FMO (SPx)
10                                    )
     COUNTY OF RIVERSIDE,             )
11   RIVERSIDE COUNTY SHERIFF'S       )
     DEPARTMENT, and DOES 1 through   )
12   20, inclusive,                   )
                                      )
13                                    )
                                      )
14                    Defendants.     )
                                      )
15   _____)

16

17          Videotaped Videoconference Deposition of

18          DEPUTY ANDREW LUCIFORA, the Defendant,

19          taken on behalf of the Plaintiffs, at San

20          Bernardino California, commencing at the

21          hour of 10:05 a.m., Tuesday, March 8, 2022,

22          before Stacy L. Lozano, CSR No. 12831,

23          Pursuant to Notice.

24

25

Deputy Andrew Lucifora
Sarah Cruz Reaza vs. County of Riverside

1203165

```
 1   APPEARANCES OF COUNSEL:

 2

 3   For Plaintiffs:  SARAH CRUZ REAZA, et al.

 4           LAW OFFICE OF GREGORY PEACOCK

 5           BY:  GREGORY PEACOCK, ESQ.

 6           4425 Jamboree Road, Suite 130

 7           Newport Beach, California  92660

 8           Phone:  (949) 292-7478

 9           Email:  Gregorypeacockesq@gmail.com

10

11   For Plaintiffs:  SARAH CRUZ REAZA, et al.

12           STEVEN A. LERMAN & ASSOCIATES, INC.

13           BY:  STEVEN A. LERMAN, ESQ.

14               NICHOLAS M. LERMAN, ESQ.

15           6033 West Century Boulevard, Suite 740

16           Los Angeles, California  90045

17           Phone:  (310) 659-8166

18           Email:  nlerman@lermanslaw.com
                     nmlerman0@yahoo.com
19

20

21

22

23

24

25
```

Deputy Andrew Lucifora
Sarah Cruz Reaza vs. County of Riverside

```
 1   APPEARANCES OF COUNSEL:

 2


 3   For Defendant:  COUNTY OF RIVERSIDE, et al.

 4           LEWIS, BRISBOIS, BISGAARD & SMITH, LLP

 5           BY:  ANTHONY SAIN, ESQ.

 6           633 W. 5th Street, Suite 4000

 7           Los Angeles, California  90071

 8           Phone:  (213) 358-6041

 9           Email:  Tony.Sain@lewisbrisbois.com

10

11   ALSO PRESENT:  Garrett Estorga, Videographer, Kusar Legal

12   Services, Inc.

13           Defendant Todd Halbeisen

14           Defendant Geoffrey Gillison

15           Defendant Robert Roach

16

17

18

19

20

21

22

23

24

25
```

Deputy Andrew Lucifora
Sarah Cruz Reaza vs. County of Riverside

1       MR. SAIN:  For the prior incident?

2       MR. PEACOCK:  Correct.

3       THE WITNESS:  I don't recall.  I remember

4   responding to the front of the residence, when I saw him

11:02:07   5   jump out the window, and my partner and I ran around to

6   contact him out at the -- in the parking lot of the

7   complex.

8   BY MR. PEACOCK:

9       Q.  Okay.  So you saw him jump out the window on the

11:02:18   10   prior incident?

11       A.  Yes, I did.

12       Q.  Okay.  And were you inside or outside of the

13   residence when you saw him jump out?

14       A.  I -- I don't recall, sir.

11:02:27   15       Q.  Okay.  So then -- did you say you then made

16   contact with him in the parking lot?

17       MR. SAIN:  For the prior incident.

18       THE WITNESS:  For the prior incident, when I

19   observed him evading us, I ran to the -- to the complex --

11:02:43   20   or to the parking lot, and that's where we attempted to

21   detain him.

22   BY MR. PEACOCK:

23       Q.  Okay.  And when you say, "He was evading us," do

24   you mean he was running?

11:02:54   25       A.  Correct.

Deputy Andrew Lucifora
Sarah Cruz Reaza vs. County of Riverside

```
 1        A.  He was disobeying our commands.  He was flailing

 2   his arms, his feet, which could provide harm to my

 3   partners or myself.

 4        Q.  Did anyone instruct you to punch Mr. Cruz?

 5             MR. SAIN:  I'm sorry.  I'm sorry; were you done

 6   with your answer?

 7             THE WITNESS:  Yes, I was.

 8             MR. SAIN:  Okay.

 9   BY MR. PEACOCK:

10        Q.  Did anyone instruct you to punch Mr. Cruz during

11   the prior incident?

12        A.  No.

13        Q.  And did you ultimately arrest Mr. Cruz during

14   that prior incident?

15        A.  He was detained, but it wasn't my call for

16   service, so I don't know what the end result was.

17        Q.  Do you know if he was taken to jail for that

18   prior incident?

19        A.  That I don't know.

20        Q.  Were you physically injured at all during that

21   prior incident with Mr. Cruz?

22        A.  I recall punching the ground during that

23   incident.  However, it wasn't reported to my supervisor.

24   I wasn't injured.  I could function completely fine.

25   BY MR. PEACOCK:
```

Timestamps:
11:04:40 — line 5
11:04:45 — line 10
11:05:04 — line 15
11:05:20 — line 20
11:05:50 — line 25

**Kusar** *Keeping Your Word Is Our Business ℠*

41

1    arrest Mr. Cruz, at the time you made entry into the home?

2         A.  For -- for being under the influence.  We're

3    required -- during incidents, we are required to

4    investigate, and that's exactly what we were attempting to

11:47:58  5    do.  Whether we were investigating the under the influence

6    portion of it, or the mental health issues, we were trying

7    to detain him.  Either way, we were conducting an

8    investigation.

9         Q.  But at the time you entered the house, you

11:48:18  10   believe there was -- at that point you already had

11   probable cause to arrest Mr. Cruz, correct?

12        A.  At the time we entered the house, I had probable

13   cause to detain him.

14        Q.  Okay.  Did you have probable cause -- in your

11:48:33  15   mind, did you have probable cause to arrest, at the time

16   you made entry into the home?

17        A.  I'm unable to determine that.  I wasn't -- I

18   didn't conduct my investigation.  I was attempting to,

19   however, he didn't allow me to.

11:48:50  20        Q.  Okay.  So then at the point in time you first

21   made physical contact with Mr. Cruz, after he had tripped

22   and fell to the ground, at that point in time, did you

23   believe you had probable cause to arrest Mr. Cruz?

24        A.  At the time that we initially contacted Mr. Cruz,

11:49:11  25   I had probable cause to detain him -- by him -- and

Deputy Andrew Lucifora
Sarah Cruz Reaza vs. County of Riverside

1203165

1   conduct an investigation, and determine whether he was

2   under the influence, or a mental health evaluation.  For

3   the mental health portion of it, I'm required to detain,

4   assess, and provide.  And based on the information

11:49:35   5   provided us, he was a danger to himself, and a danger to

6   others.  The children were inside the house.

7       Q.  But my question is more focused on the ability to

8   arrest him at the point in time that you first made

9   physical contact with him on the ground.

11:49:54   10       So at the point in time that you first made

11   physical contact with Mr. Cruz, immediately after he

12   tripped and fell to the ground, at that point in time, did

13   you believe you had probable cause to arrest him?

14       MR. SAIN:  Up to that point in time had you

11:50:11   15   observed him committing any arrestable crimes?

16       THE WITNESS:  Yes.  He evaded us.  Ran away.

17   BY MR. PEACOCK:

18       Q.  And is it your understanding that that was

19   probable cause of the violation of California Penal

11:50:30   20   Code 148(a)(1)?

21       A.  I don't know the specific subsections, but yes,

22   resisting arrest, or evading.

23       Q.  And what did you observe that led you to believe

24   that you had probable cause to believe that Mr. Cruz had

11:50:54   25   violated Penal Code 148(a)(1), other than what you've

Deputy Andrew Lucifora
Sarah Cruz Reaza vs. County of Riverside

1       Q.   After you picked up your body-worn camera, and

2   were standing at Mr. Cruz's feet, could you see if any of

3   the other deputies were making physical contact with

4   Mr. Cruz?

02:14:29   5       A.   At that point I recall Deputy Halbeisen having

6   contact with his hands -- or his hands holding the

7   handcuffs.   But once my -- once I stood up and

8   repositioned my camera, Deputy Halbeisen was the only one.

9       Q.   Did the hobble restraints appear to have a

02:15:01   10   desired affect upon Mr. Cruz to stop flailing around?

11       A.   The hobble restraint prevented from his legs

12   kicking around in an uncontrollable fashion.   However, he

13   was still screaming and yelling and moving around.

14       Q.   Well, after he's placed in the hobble restraint,

02:15:27   15   what was your objective at that point with Mr. Cruz?

16       A.   After the hobble was placed around his ankles,

17   our objective was to assess him for the mental health

18   issues.

19       Q.   And how were you intending to do that?

02:15:52   20       A.   We didn't have an opportunity to.

21       Q.   But what was your intention, as far as carrying

22   that out?

23       A.   My intention was to -- or our intention was -- it

24   was my partner's and I, were to assess the mental health

02:16:14   25   and have him evaluated medically as well.

Deputy Andrew Lucifora
Sarah Cruz Reaza vs. County of Riverside

1              DECLARATION

2

3         I hereby declare I am the deponent in the within

4    matter; that I have read the foregoing deposition and know

5    the contents thereof, and I declare that the same is true

6    of my knowledge, except as to matters which are therein

7    stated upon my information or belief, and as to those

8    matters, I believe them to be true.

9         I declare under the penalties of perjury of the

10   State of California that the foregoing is true and

11   correct.

12        Executed this _____ day of _____, 2022,

13   at_____, _____.

14

15

16

17              _____

18              DEPUTY ANDREW LUCIFORA

19

20

21

22

23

24

25

Deputy Andrew Lucifora
Sarah Cruz Reaza vs. County of Riverside

1           REPORTER'S CERTIFICATE

2

3        I, Stacy L. Lozano, a Certified Shorthand

4   Reporter, holding a valid and current license issued by

5   the State of California, CSR No. 12831, do hereby certify:

6

7        That said proceedings were taken down by me in

8   shorthand at the time and place therein set forth and

9   thereafter transcribed into typewriting under my direction

10   and supervision.

11

12        I further certify that I am neither counsel for,

13   nor related to any party to said action, nor in any way

14   interested in the outcome thereof.

15

16        The dismantling, unsealing, or unbinding of the

17   original transcript will render the Reporter's certificate

18   null and void.

19

20        IN WITNESS WHEREOF, I have subscribed my name on

21   this date: March 15, 2022.

22

23

24          Stacy L. Lozano, CSR # 12831

25

EXHIBIT "E"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

SARAH CRUZ REAZA, individually       )
and as Successor-in-Interest of      )
Decedent Fernando Cruz, et al.,      )
                                     )
              Plaintiffs,            )
                                     )
vs.                                  )  Case No. 5:20-CV-01188
                                     )          FMO (SPx)
COUNTY OF RIVERSIDE, RIVERSIDE       )
COUNTY SHERIFF'S DEPARTMENT and      )
DOES 1 through 20, Inclusive,        )
                                     )
              Defendants.            )
_____ )

VIDEOCONFERENCE DEPOSITION OF GEOFFREY GILLISON

LOS ANGELES, CALIFORNIA

FRIDAY, MARCH 11, 2022

Reported by:  Donna Ball, CSR No. 11191

Geoffrey Gillison
Sarah Cruz Reaza vs. County of Riverside

1              UNITED STATES DISTRICT COURT

2        CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

3

4   SARAH CRUZ REAZA, individually    )
    and as Successor-in-Interest of   )
5   Decedent Fernando Cruz, et al.,   )
                                      )
6              Plaintiffs,            )
                                      )
7   vs.                               )  Case No. 5:20-CV-01188
                                      )            FMO (SPx)
8   COUNTY OF RIVERSIDE, RIVERSIDE    )
    COUNTY SHERIFF'S DEPARTMENT and   )
9   DOES 1 through 20, Inclusive,     )
                                      )
10             Defendants.            )
    _____    )

11

12

13

14

15

16   VIDEOCONFERENCING DEPOSITION OF GEOFFREY GILLISON,

17   taken on behalf of the Plaintiffs, at Los Angeles,

18   California, beginning at 11:06 a.m. and ending at

19   1:39 p.m, on Friday, March 11, 2022, before

20   Donna Ball, Certified Shorthand Reporter No. 11191

21

22

23

24

25

Geoffrey Gillison
Sarah Cruz Reaza vs. County of Riverside

```
 1    APPEARANCES:

 2

 3    For the Plaintiffs:

 4              STEVEN A. LERMAN & ASSOCIATES, INC.
                BY:   STEVEN A. LERMAN, ESQ.
 5              Attorney at Law
                (Via Videoconference)
 6              6033 West Century Boulevard
                Suite 740
 7              Los Angeles, California 90045
                (310) 659-8166
 8

 9

10    Co-Counsel For the Plaintiffs:

11              LAW OFFICE OF GREGORY PEACOCK
                BY:   GREGORY PEACOCK, ESQ.
12              Attorney at Law
                (Via Videoconference)
13              4425 Jamboree Road
                Suite 130
14              Newport Beach, California 92660
                (949) 292-7478
15

16    For the Defendants:

17              LEWIS, BRISBOIS BISGAARD & SMITH LLP
                BY:   TONY M. SAIN, ESQ.
18              633 West 5th Street
                Suite 4000
19              Los Angeles, California 90071
                (213) 250-1800
20

21

22    Also Present:

23              JENNY ESTES (VIDEOGRAPHER)

24

25
```

Geoffrey Gillison
Sarah Cruz Reaza vs. County of Riverside

1         MR. SAIN:  Assumes facts not in evidence.

2    Argumentative as phrased.

3         THE WITNESS:  I believe the time that I entered

4    the residence from the time I left the residence, I was

12:05:27   5    checking -- constantly checking on Mr. Cruz's well-being,

6    making sure there was no injury to Mr. Cruz, making sure

7    that he was secure, making sure that he was unable to hurt

8    himself.  Mr. Cruz was -- it appeared he was under the

9    influence.  I mean, I -- he showed signs of being under

12:05:49   10   the influence of methamphetamines.  So I was just wanting

11   to make sure he was unable to hurt himself.  So the whole

12   time I was checking on Mr. Cruz's well-being from the time

13   I entered the residence to the time I punched Mr. Cruz and

14   to the time I left the residence.

12:06:03   15   BY MR. PEACOCK:

16        Q    At any point in time, on October 7th, 2019, did

17   anyone tell you that Mr. Cruz was under the influence of

18   anything?

19        A    No.

12:06:32   20        Q    So after you punched Mr. Cruz in the face, what

21   did you do next?

22        A    After I punched Mr. Cruz in the face, I just

23   continued to control him and make sure that he was unable

24   to get up.

12:06:49   25        Q    And what were you doing in that regard?



Geoffrey Gillison
Sarah Cruz Reaza vs. County of Riverside

1    area because I was trying to stabilize myself.  I tried to

2    not get knocked off of his left side.  As he was pushing

3    up, I was getting knocked off.  I had to readjust, and my

4    hand was on his back area to essentially stabilize myself.

12:13:17    5    I don't -- I'm not sure how long my hand was on his back,

6    upper back area.  I don't recall.

7        Q    So when you say you're using your hand to

8    stabilize yourself, does that mean at some point in time

9    you're applying pressure down onto Mr. Cruz's back?

12:13:34   10        A    No.

11        Q    So then if you weren't pressing down on

12   Mr. Cruz's back with your hand to stabilize yourself, how

13   was it that the placement of your hand in that area was

14   helping you stabilize yourself?

12:13:51   15        A    Well, it was also my left -- my left knee being

16   placed on the ground was helping me to stabilize, as well.

17        Q    And was the purpose of your left knee on his --

18   I'm sorry.  Strike that.

19            Was the purpose of your knee on his left shoulder

12:14:09   20   blade to prevent him from getting up?

21        A    It was -- it was to prevent him from getting up

22   and possibly fleeing.  He -- if he was able to get up in

23   cuffs with us and kick his feet and move his feet around,

24   I'm sure it would be -- it wouldn't be difficult for him

12:14:32   25   to get on his knees and try to get up.  So at that time he

Geoffrey Gillison
Sarah Cruz Reaza vs. County of Riverside

1    Mr. Cruz?

2        A    The only deputy that was making contact with

3    Mr. Cruz at the time was Deputy Halbeisen.  He was the

4    only one that was -- that was near Mr. Cruz.  And he

12:18:23  5    didn't have a knee on Mr. Cruz at all.  He just had -- he

6    was just controlling the handcuffs at that time and making

7    sure that, you know, Mr. Cruz wasn't, you know -- he was

8    just securing the handcuffs, his hands.

9        Q    And based off of what you observed at that point

12:18:46 10    in time, why was it necessary to control Mr. Cruz's hands

11    at that point?

12        A    Because Mr. Cruz had two handcuffs on his

13    hands -- on his wrists, and he was able to lift himself up

14    or angle or maneuver his hands to the side of his waist to

12:19:07 15    lift himself up.  So Deputy Halbeisen just had a hand on

16    the cuffs just to make sure he was unable to maneuver his

17    hands back over to the side of his waist to lift himself

18    up.

19        Q    When you say he was able to lift himself up,

12:19:23 20    prior to experiencing what we've been calling a medical

21    emergency, did you ever observe Mr. Cruz lift himself up

22    more than an inch?

23        A    No.

24        Q    Did you assist in placing Mr. Cruz in the

12:19:44 25    hobble?

**Kusar**    *Keeping Your Word Is Our Business ℠*                    49

Geoffrey Gillison
Sarah Cruz Reaza vs. County of Riverside

1  Q   Sure.  So far you've said from arrival to first

2  punch was about 10 seconds and that this 10 to 15 times of

3  knee contact all occurred before the punches and that each

4  of those 10 to 15 times lasted about 5 seconds.  If we add

12:51:59  5  up 10 to 15 times 5 seconds each, we're going to get to 50

6  to 75 seconds, which means one of two things, either one

7  of these estimates is incorrect or the knee contacts

8  lasted after the punching.  So I'm just trying to get from

9  you which one is true?

12:52:25  10  A   To my knowledge, I -- it felt like maybe five

11  seconds, but it could have been shorter than that.  I'm

12  not really sure.

13  Q   After the punches, did your knee come off of

14  Mr. Cruz in the same manner that it was coming off before

12:52:48  15  the punches?

16  A   Yes.

17  Q   Okay.  And before the punches when your knee was

18  coming off of Mr. Cruz, did it come off, completely off of

19  his body?

12:52:59  20  A   Yes.

21  Q   Okay.  So in terms of the prepunching knee

22  intervals, the amount of time that your knee was in

23  contact with Mr. Cruz's back, did it vary to as much as

24  five seconds per contact?

12:53:20  25  A   Yes.

**Kusar**  *Keeping Your Word Is Our Business ℠*

Geoffrey Gillison
Sarah Cruz Reaza vs. County of Riverside

1200990

1

2                                    DECLARANT

3

4

5                    I hereby declare I am the deponent in the

6   within matter; that I have read the foregoing deposition

7   and know the contents thereof; and I declare that the same

8   is true of my knowledge, except as to the matters which

9   are therein stated upon my information or belief, and as

10  to those matters, I believe them to be true.

11                   I declare under the penalties of perjury of

12  the State of California that the foregoing is true and

13  correct.

14

15

16

17                   Executed this _____ day of _____,

18  2022, at _____ California.

19

20

21

22                              _____
                                    Geoffrey Gillison

23

24

25

**Kusar**   *Keeping Your Word Is Our Business* ℠

91

Geoffrey Gillison
Sarah Cruz Reaza vs. County of Riverside

```
 1                    REPORTER'S CERTIFICATE

 2

 3              I, the undersigned Certified Shorthand

 4    Reporter holding a valid and current license issued by the

 5    State of California, do hereby certify:

 6

 7              That said proceedings were taken down by me

 8    in shorthand at the time and place therein set forth and

 9    thereafter transcribed under my direction and supervision.

10

11              I further certify that I am neither counsel

12    for nor related to any party to said action, nor in any

13    way interested in the outcome thereof.

14

15              Before completion of the deposition, review

16    of the transcript was not requested.

17

18              The dismantling, unsealing, or unbinding of

19    the original transcript will render the Reporter's

20    certificate null and void.

21

22              IN WITNESS WHEREOF, I have subscribed my

23    name on this date:   March 15, 2022.

24              _____

25                    Certified Shorthand Reporter
```

EXHIBIT "F"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

SARAH CRUZ REAZA, INDIVIDUALLY          )
AND AS SUCCESSOR-IN-INTEREST OF         )
DECEDENT FERNANDO CRUZ, FERNANDO        )
BAEZA, INDIVIDUALLY AND AS              )
SUCCESSOR-IN-INTEREST OF                )
DECEDENT FERNANDO CRUZ, ET AL.,         )
                                        )
            Plaintiffs,                 )
                                        )
   vs.                                  ) No. 5:20-cv-01188 FMO
                                        )      (SPx)
COUNTY OF RIVERSIDE, RIVERSIDE          )
COUNTY SHERIFF'S DEPARTMENT AND         )
DOES 1 THROUGH 20, INCLUSIVE,           )
                                        )
            Defendants.                 )
_____)

VIDEO-RECORDED VIDEOCONFERENCE DEPOSITION OF

DEPUTY TODD HALBEISEN

Wednesday, March 9th, 2022

San Bernardino, California

Reported by: JUSTIN R.A. MCPHAIL, CSR No. 13873

Case 5:20-cv-01188-MEMF-SP   Document 110   Filed 08/30/22   Page 60 of 90   Page ID
#:2866
Deputy Todd Halbeisen
Sarah Cruz Reaza vs. County of Riverside                                                1203168

1                    UNITED STATES DISTRICT COURT

2                    CENTRAL DISTRICT OF CALIFORNIA

3                         EASTERN DIVISION

4

5     SARAH CRUZ REAZA, INDIVIDUALLY    )
      AND AS SUCCESSOR-IN-INTEREST OF   )
6     DECEDENT FERNANDO CRUZ, FERNANDO  )
      BAEZA, INDIVIDUALLY AND AS        )
7     SUCCESSOR-IN-INTEREST OF          )
      DECEDENT FERNANDO CRUZ, ET AL.,   )
8                                       )
                Plaintiffs,             )
9                                       )
        vs.                             ) No. 5:20-cv-01188 FMO
10                                      )    (SPx)
      COUNTY OF RIVERSIDE, RIVERSIDE    )
11    COUNTY SHERIFF'S DEPARTMENT AND   )
      DOES 1 THROUGH 20, INCLUSIVE,     )
12                                      )
                Defendants.             )
13    _____)

14

15

16          VIDEO-RECORDED VIDEOCONFERENCE DEPOSITION

17          OF DEPUTY TODD HALBEISEN, the Defendant,

18          taken on behalf of Plaintiffs, via

19          Videoconferencing taken from San

20          Bernardino, California commencing at 10:02

21          a.m., Wednesday, March 9th, 2022, before

22          Justin R.A. McPhail, CSR No. 13873,

23          pursuant to Notice.

24

25

Deputy Todd Halbeisen
Sarah Cruz Reaza vs. County of Riverside

```
 1    APPEARANCES OF COUNSEL:

 2        FOR PLAINTIFFS: (Appearing Via Videoconference)

 3            LAW OFFICES OF GREGORY PEACOCK
              BY:  GREGORY PEACOCK, ESQ.
 4            4425 Jamboree Road
              Suite 130
 5            Newport Beach, California 92660
              (949) 292-7478
 6            Gregorypeacockesq@gmail.com

 7        FOR PLAINTIFFS:

 8            STEVEN A. LERMAN & ASSOCIATES, INC.
              BY:  NICHOLAS LERMAN, ESQ.
 9            BY:  STEVEN LERMAN, ESQ.
              6033 West Century Boulevard
10            Suite 740
              Los Angeles, California 90045
11            (310) 659-8166
              Nlerman@lermanslaw.com
12            nmlerman0@yahoo.com

13
          FOR DEFENDANTS: (Appearing Via Videoconference)
14
              LEWIS BRISBOIS BISGAARD & SMITH, LLP
15            BY:  ANTHONY SAIN, ESQ.
              633 West 5th Street
16            Suite 4000
              Los Angeles, California 90071
17            (213) 358-6041
              Tony.sain@lewisbrisbois.com
18

19        Also Present:

20            Garrett Estorga, Videographer

21            Robert Roach, Defendant

22            Geoffrey Gillison, Defendant

23

24

25
```

**Kusar**   Keeping Your Word Is Our Business ℠                    3

Deputy Todd Halbeisen
Sarah Cruz Reaza vs. County of Riverside

| | | |
|---|---|---|
| 12:37:50 | 1 | move around? |
| | 2 | A    I don't understand your question. |
| | 3 | Q    Sure.  You had stated that during an |
| | 4 | approximate four-minute period your left knee was |
| 12:38:02 | 5 | making contact on and off with Mr. Cruz's back; |
| | 6 | correct? |
| | 7 | A    Yes. |
| | 8 | Q    And during that approximate four-minute |
| | 9 | period, it's your testimony that your knee came off |
| 12:38:19 | 10 | of Mr. Cruz's back approximately 25 times; correct? |
| | 11 | A    Yes. |
| | 12 | Q    During that period of time when you would |
| | 13 | reapply your knee to Mr. Cruz's back, at any point |
| | 14 | did you increase the amount of pressure to his back |
| 12:38:40 | 15 | to prevent him from continuing to move around? |
| | 16 | A    Yes.  It would be determined on what his |
| | 17 | actions were and how hard he was pushing up, whether |
| | 18 | or not he had his hand on the ground, was pushing, |
| | 19 | he was just turning his torso, whatever it may have |
| 12:39:02 | 20 | been.  It could have -- I'm sure that I applied more |
| | 21 | depending on what he was doing at the time and how |
| | 22 | hard he was trying to get up. |
| | 23 | Q    Was there something that happened which |
| | 24 | caused you to no longer place your knee on his back? |
| 12:39:25 | 25 | A    Yes, he was not as aggressive.  He started |

**Kusar**  *Keeping Your Word Is Our Business* ℠

Deputy Todd Halbeisen
Sarah Cruz Reaza vs. County of Riverside

1                    DECLARATION OF WITNESS

2

3

4          I hereby declare I am the deponent in the

5    within matter; that I have read the foregoing deposition

6    and know the contents thereof, and I declare that the

7    same is true of my knowledge except as to the matters

8    which are therein stated upon my information or belief,

9    and as to those matters, I believe them to be true.

10          I declare under the penalties of perjury of

11   the State of California that the foregoing is true and

12   correct.

13          Executed this _____ day of _____, 2022,

14   at _____, _____.

15

16

17

18                    _____

19                          Deputy Todd Halbeisen

20

21

22

23

24

25

**Kusar**   *Keeping Your Word Is Our Business* ℠                    107

Deputy Todd Halbeisen
Sarah Cruz Reaza vs. County of Riverside

REPORTER'S CERTIFICATE

I, the undersigned Certified Shorthand Reporter, holding a valid and current license issued by the State of California, do hereby certify:

That said proceedings were taken down by me in shorthand at the time and place therein set forth and thereafter were transcribed under my direction and supervision.

I further certify that I am neither counsel for nor related to any party to said action, nor in any way interested in the outcome thereof.

The dismantling, unsealing, or unbinding of the original transcript will render the Reporter's certificate null and void.

Before completion of the deposition, review of the transcript [XX]was [ ]was not requested.

IN WITNESS WHEREOF, I have subscribed my name on this date: March 14, 2022.



JUSTIN R.A. MCPHAIL, CSR No. 13873

EXHIBIT "G"

Case 5:20-cv-01188-MEMF-SP   Document 110   Filed 08/30/22   Page 66 of 90   Page ID
#:2872                                                              1213363

Audio Transcription
Sarah Cruz Reaza vs. County of Riverside



6      AUDIO TRANSCRIPTION

8      Sarah Cruz Reaza, et al
             vs
9     County of Riverside, et al

10    Case Number:  5:20-CV-01188

13     Body Worn Camera Video

14 Audio Labeled:  blu-ray disc video - final composite

15        Length:  28:40

16       October 7, 2019

23 Transcribed by:
   Natalie Fagan, CSR 13993

Audio Transcription
Sarah Cruz Reaza vs. County of Riverside

1    SARAH REAZA:  Oh, because my granddaughter --

2    about a year -- I don't know whether he -- because he --

3    he thinks too much of his wife -- his ex-wife, and he

4    thinks something is going on with -- with -- they are

5    hitting her or something.  And he hit the -- I don't

6    know if he hit the door, but he banged it real hard.

7    DEPUTY ROACH:  Okay.  So --

8    SARAH REAZA:  That's when I told him --

9    DEPUTY ROACH:  -- he hit it one time, and that

10   was it?

11   SARAH REAZA:  And then he says, Shut the -- he

12   told me, Shut the hell up something, bitch.  He never

13   cusses at me.  And I said, Well, I'm going to call the

14   cops on you.  He goes, I don't give a -- you know -- I

15   don't.  Call them.

16   DEPUTY ROACH:  So what would you --

17   SARAH REAZA:  And I said, Well, I am because

18   you're going to get a --

19   DEPUTY ROACH:  What would you like us to do?

20   SARAH REAZA:  I want him arrested because I

21   can't handle --

22   DEPUTY ROACH:  Arrested for what?

23   SARAH REAZA:  He's under the influence.

24   DEPUTY ROACH:  Of?

25   SARAH REAZA:  He goes in -- every time --

1          DEPUTY ROACH:  Of what?

2          SARAH REAZA:  That stuff.  That glass pipe.  I

3   don't know what it's called.  I never used it, so I --

4          DEPUTY ROACH:  Okay.  Did you see him use it?

5          SARAH REAZA:  I seen him in the kitchen.

6          DEPUTY ROACH:  Okay.

7          SARAH REAZA:  And he ran to the room because --

8          DEPUTY ROACH:  So let me ask you something, we

9   come here.  We take him.  I take him for being under the

10  influence or whatever it is that you think he is --

11  which is a misdemeanor -- and I take him down to the

12  jail, and they take his picture, and then they release

13  him.

14          SARAH REAZA:  But then if --

15          DEPUTY ROACH:  And then we're back in the same

16  situation.

17          SARAH REAZA:  He can't go to court and --

18          DEPUTY ROACH:  So you -- so when are you going

19  to take responsibility and do something --

20          SARAH REAZA:  Yeah.

21          DEPUTY ROACH:  -- because this is the third

22  time I've been here.

23          SARAH REAZA:  I've already told him.  I told

24  him go --

25          DEPUTY ROACH:  And one of the -- no.  I'm

1   sitting there.  Some of my grandkids are sitting --

2          (Dogs barking)

3          Stop it.

4          You could go through here.  There's a --

5          DEPUTY ROACH:  15.

6          SARAH REAZA:  There's a mess.

7   (Indiscernible) --

8          DEPUTY ROACH:  Can we go minimum traffic while

9   we contact subject?

10         DEPUTY LUCIFORA:  Okay.

11         SARAH REAZA:  (Indiscernible).

12         DEPUTY ROACH:  Oh, that's a big spider.

13         What's up, Fernando?

14         DEPUTY LUCIFORA:  Fernando, what's going on, my

15  man?

16         FERNANDO CRUZ:  Nothing I want right here.

17         DEPUTY LUCIFORA:  Hey, don't shut the door.

18         FERNANDO CRUZ:  Nah, please.  I'll --

19         DEPUTY LUCIFORA:  No.

20         FERNANDO CRUZ:  I'll kill myself.

21         DEPUTY LUCIFORA:  What's that?

22         FERNANDO CRUZ:  Man, I'll kill myself.

23         DEPUTY LUCIFORA:  Fernando --

24         DEPUTY ROACH:  Hey, Fernando, get back here,

25  dude.  Come here.  Come here, bro.

Audio Transcription
Sarah Cruz Reaza vs. County of Riverside

1          FERNANDO CRUZ:  No.  I didn't

2  (indiscernible) --

3          DEPUTY ROACH:  Drop what's in your hand.

4          FERNANDO CRUZ:  I didn't do nothing to white

5  people.

6          DEPUTY ROACH:  Drop what's in your hand right

7  now.

8          FERNANDO CRUZ:  That's why they are going to

9  kill me, mom.  Please let me go.

10          DEPUTY LUCIFORA:  Drop what's in your hand.

11          FERNANDO CRUZ:  I didn't do nothing to

12  nobody.

13          DEPUTY LUCIFORA:  I have his feet.

14          FERNANDO CRUZ:  I promise you.

15          DEPUTY ROACH:  Hey, you got that arm?

16          DEPUTY LUCIFORA:  Yeah.  You're good.

17          FERNANDO CRUZ:  I don't care.  I'm going to

18  kill my --

19          DEPUTY ROACH:  I'm going to roll -- I'm going

20  to roll --

21          FERNANDO CRUZ:  I'd rather kill myself --

22          DEPUTY ROACH:  -- him on his stomach.

23          FERNANDO CRUZ:  -- right now.

24          DEPUTY LUCIFORA:  You're good.  You're good.

25          FERNANDO CRUZ:  Let me kill myself.

Audio Transcription
Sarah Cruz Reaza vs. County of Riverside

```
 1              DEPUTY LUCIFORA:  You got his arm?

 2              FERNANDO CRUZ:  No.  I won't do nothing,

 3   Sandy.

 4              UNIDENTIFIED FEMALE:  He's not hurting

 5   anyone.

 6              DEPUTY ROACH:  Get on his --

 7              FERNANDO CRUZ:  I'm not going to hurt nobody.

 8              DEPUTY ROACH:  Get on your stomach.

 9              DEPUTY LUCIFORA:  Get on your stomach.

10              DEPUTY ROACH:  Get on your stomach --

11              FERNANDO CRUZ:  I'm not going to hurt nobody.

12              DEPUTY ROACH:  -- now.

13              DEPUTY LUCIFORA:  Get on your stomach.

14              DEPUTY ROACH:  Get on your stomach.

15              FERNANDO CRUZ:  Okay.

16              DEPUTY ROACH:  Now.  Get on your fucking

17   stomach.

18              FERNANDO CRUZ:  I was just smoking.

19              DEPUTY ROACH:  Lay on your fucking --

20              DEPUTY LUCIFORA:  Get on your stomach.

21              FERNANDO CRUZ:  Okay.

22              DEPUTY ROACH:  Now.  Get on your stomach.

23              FERNANDO CRUZ:  Don't kill me.

24              UNIDENTIFIED FEMALE:  (Indiscernible) --

25              DEPUTY LUCIFORA:  Get on your stomach.
```

Audio Transcription
Sarah Cruz Reaza vs. County of Riverside

1      FERNANDO CRUZ:  Get them, Sandy.  You're --

2  okay.  I will let my family go.  If that was the case, I

3  promise.

4      UNIDENTIFIED FEMALE:  (Indiscernible) --

5      DEPUTY ROACH:  Get on your stomach, dude.  Just

6  make this easy for us.

7      FERNANDO CRUZ:  No, because I went over

8  there -- I got fucking --

9      DEPUTY LUCIFORA:  Get on your stomach.  I have

10  his legs.

11      FERNANDO CRUZ:  Nah.  I don't want to get

12  killed.

13      DEPUTY LUCIFORA:  We aren't going to kill you.

14  We're here to help you.

15      DEPUTY ROACH:  Get on your stomach.

16      FERNANDO CRUZ:  No.  I don't want --

17      DEPUTY ROACH:  Get on your stomach right now.

18      DEPUTY LUCIFORA:  Stop.

19      FERNANDO CRUZ:  I don't got no money.

20      DEPUTY LUCIFORA:  Get the kids out.

21      FERNANDO CRUZ:  No, please don't get the kids

22  out.

23      DEPUTY ROACH:  Get on your stomach --

24      DEPUTY LUCIFORA:  Get the kids out.

25      DEPUTY ROACH:  -- right now.

Case 5:20-cv-01188-MEMF-SP   Document 110   Filed 08/30/22   Page 73 of 90   Page ID
#:2879   1213363
Audio Transcription
Sarah Cruz Reaza vs. County of Riverside

1           REPORTER'S CERTIFICATE

2               I, the undersigned, a Certified Shorthand

3    Reporter of the State of California, do hereby certify:

4               That the foregoing electronically-recorded

5    proceedings were transcribed by me to the best of my

6    ability.

7               I further certify I am neither financially

8    interested in the action nor a relative or employee of

9    any attorney or party to this action.

10              IN WITNESS WHEREOF, I hereunto subscribe my

11   name this 8th day of July, 2022.

12

13

14   _Natalie Fagan_

15   _____

16                        Natalie Fagan
                          CSR NO. 13993

17

18

19

20

21

22

23

24

25

EXHIBIT "H"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

SARAH REAZA CRUZ,                )
individually and as             )
Successor-in-Interest of        )
Decedent Fernando Cruz,         )
et al.,                          )
                                 )
        Plaintiffs,              )
                                 )        Case No.
vs.                              )
                                 )   5:20-CV-01188-MEMF-SP
COUNTY OF RIVERSIDE, et al.,     )
                                 )
        Defendants.              )
_____)

DEPOSITION OF JEFFREY J. NOBLE

Taken on

Thursday, May 19, 2022

TAMARA D. WICKHAM
CSR NO. 4117, RMR, CRR

1                    UNITED STATES DISTRICT COURT

2                  CENTRAL DISTRICT OF CALIFORNIA

3

4

5

6    SARAH REAZA CRUZ,              )
     individually and as           )
7    Successor-in-Interest of      )
     Decedent Fernando Cruz,        )
8    et al.,                        )
                                    )
9          Plaintiffs,              )
                                    )          Case No.
10   vs.                            )
                                    )     5:20-CV-01188-MEMF-SP
11   COUNTY OF RIVERSIDE,           )
     et al.,                        )
12                                  )
           Defendants.             )
13   _____)

14

15

16        DEPOSITION OF JEFFREY J. NOBLE, taken on behalf

17   of the defendants, taken at Lewis Brisbois, 633 West

18   Fifth Street, Suite 4000, Los Angeles, California,

19   commencing at 9:55 o'clock a.m. on Thursday, May 19,

20   2022, before TAMARA D. WICKHAM, CSR No. 4117, RMR, CRR,

21   pursuant to Notice.

22                           --o0o--

23

24

25

1  APPEARANCES OF COUNSEL

2

3  For the Plaintiffs:

4          NICHOLAS A. LERMAN
           Attorney at Law
5          6033 West Century Boulevard
           Suite 740
6          Los Angeles, California 90045
           (310) 659-8166
7          Nmlerman0@yahoo.com

8

9  For the Defendants COUNTY OF RIVERSIDE, ROBERT ROACH,
   ANDREW LUCIFORA, GEOFFREY GILLISON, and TODD HALBEISEN:

10         LEWIS, BRISBOIS, BISGAARD & SMITH
           BY:  TONY M. SAIN, ESQ.
11         633 West Fifth Street
           Suite 4000
12         Los Angeles, California 90071
           (213) 250-1800
13         Tony.sain@lewisbrisbois.com

14

   Also Present:

15         STEVEN A. LERMAN, Of Counsel for Plaintiff

16

17

18

19

20

21

22

23

24

25

1    enforcement agencies don't rely on medical studies or

2    medical science to determine what the risks of

3    positional asphyxia are; they rely upon other government

4    agencies, like the Department of Justice; is that

5    correct?

6        A.  No, I think what I'm saying is -- or what -- I

7    don't think I -- what I'm saying is that it's not up for

8    individual police departments to do their own medical

9    research to either confirm or recant different medical

10   studies.  I mean that's not what, what occurs.

11        Instead, the medical studies exist.  Different

12   organizations evaluate studies and evaluate issues like

13   positional asphyxia, and they publish findings and, and

14   recommendations on how to deal with such things.

15        In our case, certainly, you know, one of the more

16   guiding issues is the California POST, the basic

17   standards for police officer training.  California POST

18   recognizes positional asphyxia, and says that, you know,

19   it could restrict somebody's breathing, and the training

20   is that what follows from that is to put them in a

21   recovery position.

22        Q.  You would agree that California POST standards

23   are not required to be adopted by law enforcement

24   agencies verbatim; true?

25        A.  No, they're -- basically what California POST

1          <u>DECLARATION OF DEPONENT</u>

2

3          I, JEFFREY J. NOBLE, say I have read the

4    foregoing deposition and declare under penalty of

5    perjury under the laws of the State of California and

6    all federal laws that my answers as indicated are true

7    and correct.

8

9          Dated this _____ day of _____, 20___,

10   at _____, _____.

11              (CITY)                    (STATE)

12

13                         _____

14                              (Signature of deponent)

15

16

17

18

19

20

21

22

23

24

25

REPORTER'S CERTIFICATE

I, TAMARA D. WICKHAM, Certified Shorthand Reporter No. 4117, do hereby certify:

That, prior to being examined, the witness named in the foregoing deposition, to wit, JEFFREY J. NOBLE, was duly sworn to testify the truth, the whole truth and nothing but the truth;

That said deposition was taken down by me in shorthand at the time and place therein named and thereafter reduced to computer-aided transcription under my direction.

That the foregoing transcript, as typed, is a true record of the said proceedings.

I further certify that I am not interested in the event of this action.

Executed at Los Angeles, California, this 25th day of May, 2022.

*Tamara D. Wickham*
TAMARA D. WICKHAM, CSR No. 4117

NORMAN SCHALL & ASSOCIATES 139
(800) 734-8838

```
 1            REPORTER'S CERTIFIED COPY CERTIFICATE

 2

 3        I, TAMARA D. WICKHAM, CSR NO. 4117, a Certified

 4   Shorthand Reporter, hereby certify that the attached

 5   transcript is a correct copy of the original transcript

 6   of the testimony of JEFFREY J. NOBLE, taken before me on

 7   the 19th day of May, 2022, as thereon stated.

 8        I declare under penalty of perjury that the

 9   foregoing is true and correct.

10        Executed at Los Angeles, California, this 25th

11   day of May, 2022.

12                          Tamara D. Wickham

13                    TAMARA D. WICKHAM, CSR NO. 4117

14

15

16

17

18

19

20

21

22

23

24

25
```

EXHIBIT "I"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

|  |  |  |
|---|---|---|
| SARAH REAZA CRUZ,<br>individually and as<br>Successor-in-Interest of<br>Decedent Fernando Cruz,<br>et al.,<br><br>          Plaintiff,<br><br>vs.<br><br>COUNTY OF RIVERSIDE, et al.,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>5:20-CV-01188-MEMF-SP |

<u>DEPOSITION OF MARVIN PIETRUSZKA, M.D.</u>

Taken on

Wednesday, May 18, 2022

TAMARA D. WICKHAM
CSR NO. 4117, RMR, CRR

1                    UNITED STATES DISTRICT COURT

2                   CENTRAL DISTRICT OF CALIFORNIA

3

4

5

6   SARAH REAZA CRUZ,           )
    individually and as         )
7   Successor-in-Interest of    )
    Decedent Fernando Cruz,     )
8   et al.,                      )
                                 )
9        Plaintiff,              )
                                 )              Case No.
10  vs.                          )
                                 )         5:20-CV-01188-MEMF-SP
11  COUNTY OF RIVERSIDE,         )
    et al.,                      )
12                               )
         Defendants.             )
13  _____)

14

15

16        DEPOSITION OF MARVIN PIETRUSZKA, M.D., taken on

17  behalf of the, defendants, taken at 633 West Fifth

18  Street, Suite 4000, Los Angeles, California, commencing

19  at 12:55 o'clock p.m. on Wednesday, May 18, 2022, before

20  TAMARA D. WICKHAM, CSR No. 4117, RMR, CRR, pursuant to

21  Notice.

22                        --o0o--

23

24

25

1   <u>APPEARANCES OF COUNSEL</u>

2

3   For the Plaintiff:

4        NICHOLAS A. LERMAN
         Attorney at Law
5        6033 West Century Boulevard
         Suite 740
6        Los Angeles, California 90045
         (310) 659-8166
7        Nmlerman0@yahoo.com

8

9   For the Defendants COUNTY OF RIVERSIDE, ROBERT ROACH,
    ANDREW LUCIFORA, GEOFFREY GILLISON, and TODD HALBEISEN:

10       LEWIS, BRISBOIS, BISGAARD & SMITH
         BY:  TONY M. SAIN, ESQ.
11       633 West Fifth Street
         Suite 4000
12       Los Angeles, California 90071
         (213) 250-1800
13       Tony.sain@lewisbrisbois.com

14

    Also Present:
15
         STEVEN A. LERMAN, Of Counsel for Plaintiff
16

17

18

19

20

21

22

23

24

25

1      Q.  So let's unpack that.

2           First, you're saying that the weight that you

3   have in your own autopsy exam, which you list as 185,

4   you're now saying that that is wrong?

5      A.  I think it's wrong.  It doesn't look like the

6   individual that I observed in the photographs.

7      Q.  And are you aware that according to the autopsy

8   performed by Dr. Rodriguez, that she measured his weight

9   as approximately 196 pounds?

10     A.  Yes.

11     Q.  So my question to you is, is a person who is --

12  regardless of what your measurement was, is a person who

13  is five-foot-six tall and between 185 and 196 pounds, is

14  that person considered obese?

15     A.  No.

16     Q.  Under Skull and Central Nervous System of your

17  autopsy report, you identify a left temporal occipital

18  hematoma, a right -- a hematoma of the right temporal

19  muscle, and a subarachnoid hemorrhage.

20          What is the medical significance of those

21  findings?

22     A.  I believe the subarachnoid hemorrhage was -- I

23  couldn't confirm it.  It looked like it could be maybe

24  it was only congestion.

25          The hematomas of the scalp and the temporal

1    muscle suggests that there was some significant trauma

2    to the head.   The only significance to the -- without

3    any brain injury that could be identified, is that the

4    head -- the head was impacted some between three to five

5    times from the records.

6         It does show, the autopsy showed abrasions of the

7    chin, indicating that his head was in a down position,

8    which would again make it difficult to breathe if your

9    head is close to the ground or close to a floor.   It's

10   kind of hard to breathe when, when you're getting hit in

11   the head a few times.

12   Q.   So your own autopsy found no evidence of any

13   brain injury for Mr. Cruz; true?

14   A.   Correct.

15   Q.   And did any of the hemorrhages, hematomas or

16   other injuries you found in your own autopsy, did any of

17   the hemorrhages, hematomas or injuries to Mr. Cruz's

18   head, did any of those cause or contribute to Mr. Cruz's

19   death?

20   A.   No.

21   Q.   According to your own autopsy, it says:   "The

22   heart is of a normal shape and size."   Correct?

23   A.   Yes.

24   Q.   It says there's a mild atherosclerosis of the

25   aorta; correct?

1                    DECLARATION OF DEPONENT

2

3        I, MARVIN PIETRUSZKA, M.D., say I have read the

4    foregoing deposition and declare under penalty of

5    perjury under the laws of the State of California and

6    all federal laws that my answers as indicated are true

7    and correct.

8

9        Dated this _____ day of _____, 20___,

10   at _____, _____.

11            (CITY)                    (STATE)

12

13                         _____

14                         (Signature of deponent)

15

16

17

18

19

20

21

22

23

24

25

NORMAN SCHALL & ASSOCIATES———————93
(800) 734-8838

<u>REPORTER'S CERTIFICATE</u>

1

2

3       I, TAMARA D. WICKHAM, Certified Shorthand

4   Reporter No. 4117, do hereby certify:

5

6       That, prior to being examined, the witness named

7   in the foregoing deposition, to wit, MARVIN PIETRUSZKA,

8   M.D., was duly sworn to testify the truth, the whole

9   truth and nothing but the truth;

10

11      That said deposition was taken down by me in

12  shorthand at the time and place therein named and

13  thereafter reduced to computer-aided transcription under

14  my direction.

15

16      That the foregoing transcript, as typed, is a

17  true record of the said proceedings.

18

19      I further certify that I am not interested in the

20  event of this action.

21

22      Executed at Los Angeles, California, this 25th

23  day of May, 2022.

24            *Tamara D. Wickham*
          TAMARA D. WICKHAM, CSR No. 4117
25

NORMAN SCHALL & ASSOCIATES————94
(800) 734-8838

1                    REPORTER'S CERTIFIED COPY

2

3          I, TAMARA D. WICKHAM, CSR NO. 4117, a Certified

4    Shorthand Reporter, hereby certify that the attached

5    transcript is a correct copy of the original transcript

6    of the testimony of MARVIN PIETRUSZKA, M.D., taken

7    before me on the 18th day of May, 2022, as thereon

8    stated.

9          I declare under penalty of perjury that the

10   foregoing is true and correct.

11         Executed at Los Angeles, California, this 25th

12   day of May, 2022.

13                         _____Tamara D. Wickham_____

14                         TAMARA D. WICKHAM, CSR NO. 4117

15

16

17

18

19

20

21

22

23

24

25