**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, SBN 144074
Cooper Alison-Mayne, SBN 343169
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Email: dalekgalipo@yahoo.com

*Attorneys for All Plaintiffs*

[*Additional counsel on following page*]

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SARAH CRUZ REAZA, individually and as Successor-in-Interest of Decedent Fernando Cruz, FERNANDO BAEZA, individually and as Successor-in-Interest of Decedent Fernando Cruz, FERNANDO CRUZ, JR., individually and as Successor-in-Interest of Decedent Fernando Cruz, CELESTE MARIE CRUZ, individually and as Successor-in-Interest of Decedent Fernando Cruz, RAELENE MARIE CRUZ, individually and as Successor-in-Interest of Decedent Fernando Cruz, J.A., by and through his guardian, JOANNE ALBIDREZ, I.C., by and through his guardian, JOANNE ALBIDREZ, L.M.C., by and through her guardian, JOANNE ALBIDREZ, I.R.C., by and through her guardian, JOANNE ALBIDREZ, and E.M.C., by and through her guardian, JOANNE ALBIDREZ, <br><br>Plaintiffs, <br><br>vs. <br><br>COUNTY OF RIVERSIDE; ROBERT ROACH; ANDREW LUCIFORA; GEOFFREY GILLISON; TODD HALBEISEN; and DOES 1 through 20, Inclusive, <br><br>Defendants. | Case No. 5:20-CV-01188-MEMF-SP <br> [*Hon. Maame Ewusi-Mensah Frimpong, Dist. Judge; Hon. Sheri Pym, Mag. J.*] <br><br> **PLAINTIFFS' UNOPPOSED *EX PARTE* MOTION FOR APPROVAL OF COMPROMISE OF CLAIMS OF THE MINOR PLAINTIFFS I.R.C., E.M.C., I.C., and L.M.C.; VERIFICATION BY GUARDIAN AD LITEM JOANNE ALBIDREZ** <br><br> Complaint Filed: June 11, 2020 <br> Pre-Trial Conf.: N/A <br> Trial Date: N/A <br><br> [*filed concurrently*: Declaration of Cooper Alison-Mayne and Exhibits thereto; Proposed Order] |

**STEVEN A. LERMAN & ASSOCIATES, INC.**
Steven A. Lerman, Esq. (S.B.N. 55839)
Nicholas M. Lerman, Esq. (SBN: 292656)
6033 West Century Boulevard, Suite 740
Los Angeles, California 90045
Telephone: (310) 659-8166
Email: nlerman@lermanslaw.com

**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, ESQ. (SBN. 277669)
4425 Jamboree Road, Suite 130
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs I.R.C., E.M.C., I.C., and L.M.C., by and through their guardian *ad litem* Joanne Albidrez, hereby move by way of this Unopposed *Ex Parte* Motion for Approval of Compromise of Claims of Minor Plaintiffs I.R.C., E.M.C., I.C., and L.M.C. ("Motion") for an order approving the settlement of Plaintiffs I.R.C., E.M.C., I.C., and L.M.C.'s claims and distribution of their settlement funds.

Plaintiffs make this Motion pursuant to Central District of California Local Rule 7-19. The grounds for this Motion are set forth in the Memorandum of Points and Authorities, which follows below, and the Declaration of Cooper Alison-Mayne, which is submitted concurrently herewith. Prior to filing this *ex parte* application, Plaintiffs' counsel contacted Defendants' counsel in compliance with Local Rule 19 through 7-19.1. Defendants' counsel:

> **Abigail McLaughlin**
> Lewis Brisbois Bisgaard and Smith LLP
> 633 West 5th Street Suite 4000
> Los Angeles, CA 90071
> Phone: 682-551-0308
> Email: abigail.mclaughlin@lewisbrisbois.com
>
> **Anthony M. Sain**
> Lewis Brisbois Bisgaard and Smith LLP
> 633 West 5th Street, Suite 4000
> Los Angeles, CA 90071
> Phone: 213-250-1800
> Fax: 213-250-7900
> Email: tony.sain@lewisbrisbois.com

Declaration of Cooper Alison-Mayne in Support of *Ex Parte* Motion to Compromise the Claims of the Minor Plaintiffs ("Alison-Mayne Decl.") ¶ 2.

Defendants' counsel conveyed to Plaintiffs' counsel that Defendants and their counsel do not oppose the filing of this application for approval of the minor's compromise on an *ex parte* basis, nor do Defendants and their counsel oppose the substance of Plaintiffs' request for an order approving the claims of minor plaintiffs. Mayne Decl. ¶ 3.

Respectfully Submitted,
DATED: October 19, 2023         LAW OFFICES OF DALE K. GALIPO

                                By   s/Cooper Alison-Mayne
                                   Dale K. Galipo
                                   Cooper Alison-Mayne
                                   Steven A. Lerman, Esq.
                                   Nicholas M. Lerman, Esq.
                                   Gregory Peacock, Esq.

                                *Attorneys for Plaintiffs*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Joanne Albidrez, guardian *ad litem* for minor Plaintiffs I.R.C., E.M.C., I.C., and L.M.C., hereby submits this Motion and proposed order for approval of the compromise of the claims of Plaintiffs I.R.C., E.M.C., I.C., and L.M.C. in this matter, and request that this Honorable Court approve of the proposed distribution of their settlement funds.

The instant claims arose out of the death of Fernando Cruz ("Decedent"), on October 7, 2019, which occurred during an altercation with deputies from the County of Riverside Sheriff's Department. All Plaintiffs and Defendants have agreed to settle this case. The settlement agreement obligates Defendants to pay Plaintiffs and their attorneys of record a total sum of $1,500,000.00. Plaintiffs have agreed to split the settlement sum among the Plaintiffs as follows:

| | |
|---|---|
| Sarah Cruz Reaza (mother of Decedent) | $70,000 |
| Fernando Baeza (father of Decedent) | $40,000 |
| Fernando Cruz, Jr. (son of Decedent) | $190,000 |
| I.R.C. (child of Frank Fidel Cruz) | $95,000 |
| E.M.C. (child of Frank Fidel Cruz) | $95,000 |
| Celeste Marie Cruz (daughter of Decedent) | $190,000 |
| Raelene Marie Cruz (daughter of Decedent) | $190,000 |
| Joseph Albidrez (son of Decedent) | $190,000 |
| I.C (son of Decedent) | $220,000 |
| L.M.C. (daughter of Decedent) | $220,000 |

Alison-Mayne Decl. ¶ 3.

## II. DISCUSSION

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. Rule 17(c) provides, in relevant part, that a district court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district "court [to] conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.").

> Although the district court has a special duty to safeguard the interests of minor plaintiffs, that duty requires only that the district court determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable, without regard to the proportion of the total settlement value designated for adult co-Plaintiffs and contracted by them with Plaintiffs' counsel. If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed.

*Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011).

California Code of Civil Procedure Section 372 and California Rule of Court 3.1384 refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court, rule 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure Section 372 must comply with rules

DocuSign Envelope ID: 0FE9B5B3-B4A6-4173-AB1E-99205EA154AE

7.950, 7.951, and 7.952." Pursuant to the above California rules, Plaintiffs I.R.C., E.M.C., I.C., L.M.C., and their attorneys make the following disclosures:

### Disclosures pursuant to California Rule of Court 7.950:

1. Joanne Albidrez is guardian *ad litem* for minor Plaintiffs I.R.C., E.M.C., I.C., and L.M.C. Joanne Albidrez is the natural mother of I.C. and L.M.C. and natural grandmother of I.R.C. and E.M.C.

2. Plaintiffs are all represented by the Law Offices of Dale K. Galipo, Steven A. Lerman & Associates, Inc., and the Law Office Of Gregory Peacock.

3. Plaintiff I.C. is a minor child and the biological son of the Decedent in this case, Fernando Cruz. He was born in 2007. Alison-Mayne Decl. ¶ 4.

4. Plaintiff L.M.C. is a minor child and the biological daughter of the Decedent in this case, Fernando Cruz. She was born in 2016. Alison-Mayne Decl. ¶ 5.

5. Plaintiff Frank Fidel Cruz was the biological son of the Decedent in this case, Fernando Cruz. He died on June 25, 2023, shortly after signing the settlement agreement. His successors in interest are his two minor children, Plaintiffs I.R.C. and E.M.C. Alison-Mayne Decl. ¶ 6.

6. Plaintiff I.R.C. is a minor child and the biological son of the Plaintiff Frank Fidel Cruz. He was born in 2018. Alison-Mayne Decl. ¶ 7.

7. Plaintiff E.M.C. is a minor child and the biological daughter of the Plaintiff Frank Fidel Cruz. She was born in 2014. Alison-Mayne Decl. ¶ 8.

8. Plaintiff Joseph Albidrez, named J.A. in the caption, is eighteen now; he is no longer a minor. Alison-Mayne Decl. ¶ 9.

9. The nature of Plaintiffs' claims in this lawsuit are set forth in the operative complaint filed in this action. Pursuant to the settlement agreement, Plaintiffs' claims will be compromised without a trial on the merits of the claims. Alison-Mayne Decl. ¶ 10.

10. The Minor Plaintiffs' damages in this case arise from: (1) the injuries suffered by Decedent, for which the Minors can recover damages as the successors in interest; and (2) loss of Decedent's comfort, care, companionship, training, support, and guidance, for which I.C. and L.M.C. recover directly and I.R.C. and E.M.C. recover as successors in interest of Frank Fidel Cruz. Alison-Mayne Decl. ¶ 11.

11. Medical treatment and medical billing are not relevant. Neither the Minors nor Frank Fidel Cruz have received medical treatment in connection with this case. Alison-Mayne Decl. ¶ 12.

12. The total amount of the settlement that Defendants agree to pay is $1,500,000. As stated above, Plaintiffs' proposed gross division is:

| | |
|---|---|
| Sarah Cruz Reaza (mother of Decedent) | $70,000 |
| Fernando Baeza (father of Decedent) | $40,000 |
| Fernando Cruz, Jr. (son of Decedent) | $190,000 |
| I.R.C. (child of Frank Fidel Cruz) | $95,000 |
| E.M.C. (child of Frank Fidel Cruz) | $95,000 |
| Celeste Marie Cruz (daughter of Decedent) | $190,000 |
| Raelene Marie Cruz (daughter of Decedent) | $190,000 |
| Joseph Albidrez (son of Decedent) | $190,000 |
| I.C (son of Decedent) | $220,000 |
| L.M.C. (daughter of Decedent) | $220,000 |

Alison-Mayne Decl. ¶ 3.

13. Plaintiffs' attorneys—the Law Offices of Dale K. Galipo, Steven A. Lerman & Associates, Inc., and the Law Office of Greg Peacock, Esq.—are requesting reimbursement of advanced litigation costs in the total amount of

$137,290.00. The costs will be split among the Plaintiffs on a *pro rata* basis with their gross settlement allocation, such that Plaintiffs' attorneys are requesting costs as follows:

| | |
|---|---|
| Sarah Cruz Reaza (mother of Decedent) | 6,406.96 |
| Fernando Baeza (father of Decedent) | 3,661.12 |
| Fernando Cruz, Jr. (son of Decedent) | 17,390.34 |
| I.R.C. (child of Frank Fidel Cruz) | 8,695.17 |
| E.M.C. (child of Frank Fidel Cruz) | 8,695.17 |
| Celeste Marie Cruz (daughter of Decedent) | 17,390.34 |
| Raelene Marie Cruz (daughter of Decedent) | 17,390.34 |
| Joseph Albidrez (son of Decedent) | 17,390.34 |
| I.C (son of Decedent) | 20,136.18 |
| L.M.C. (daughter of Decedent) | 20,136.18 |

Alison-Mayne Decl. ¶ 13.

14. Thus, the total amount Plaintiffs' attorneys seek in reimbursement for advanced litigation costs from the Minors is $57,662.69. Additionally, through their guardian *ad litem*, minor plaintiffs I.C. and L.M.C. were advanced $900 each, for a total of $1,800, to cover basic childcare needs during the litigation. Alison-Mayne Decl. ¶ 14.

15. The contingency retainer agreement between the Minors' guardian *ad litem* and Plaintiffs' attorneys provides for a forty (40) percent contingency fee. Plaintiffs' attorneys are requesting attorneys' fees in the amount of forty (40) percent of the settlement proceeds. Attorneys' fees for I.R.C. and E.M.C. are $38,000 each, and attorneys' fees for I.C. and L.M.C. are $88,000 each. Total attorneys' fees for the Minors are $252,000. Alison-Mayne Decl. ¶ 15.

16. This case involved a substantial amount of risk, was challenging, and required significant background in § 1983 litigation. If Plaintiffs had prevailed at trial, statutory attorneys' fees due to Plaintiffs' attorneys under the retainer agreements could have exceeded $1 million. If the Law Offices of Dale K. Galipo, Steven A. Lerman & Associates, Inc., and the Law Office Of Gregory Peacock are not awarded their requested compensatory fee in such cases, they would not be able to take them. In turn, minor plaintiffs such as I.R.C., E.M.C., I.C., and L.M.C. would not be able to attract competent counsel who could achieve similar results. Accordingly, the Minors' attorneys request reimbursement of the full amount of their attorneys' fees and costs. Alison-Mayne Decl. ¶ 16.

17. The share of these proceeds apportioned for minor **Plaintiff I.C.** and her attorneys is $220,000. After deducting advanced costs in the amount of $20,136.18, requested attorneys' fees of $88,000, and the $900 advance tendered to I.R.C.'s guardian *ad litem* for her benefit, the total net settlement proceeds to Plaintiff I.C. is $110,964. It is requested that $110,964 be used to fund a structured settlement annuity for Plaintiff I.C. Attached as "**Exhibit A**" to the Declaration of Cooper Alison-Mayne is the proposed structured annuity for Plaintiff I.C., which is incorporated herein by reference. The total amount that Plaintiff I.C. will receive after final payment is made directly to him is $144,485.45. Plaintiff I.C.'s guardian *ad litem*, Joanne Albidrez, agrees to this proposal and believes that it is in the best interests of I.C. Alison-Mayne Decl. ¶ 17.

18. The share of these proceeds apportioned for minor **Plaintiff L.M.C.** and his attorneys is $220,000. After deducting advanced costs in the amount of $20,136.18, requested attorneys' fees of $88,000, and the $900 advance tendered to L.M.C.'s guardian *ad litem* for his benefit, the total net settlement proceeds to Plaintiff L.M.C. is $110,964. It is requested that $110,964 be used to fund a structured settlement annuity for Plaintiff L.M.C. Attached as "**Exhibit B**" to the Declaration of Cooper Alison-Mayne is the proposed structured annuity for

Plaintiff L.M.C., which is incorporated herein by reference. The total amount that Plaintiff L.M.C. will receive after final payment is made directly to him is $225,081.00. Plaintiff L.M.C.'s guardian *ad litem*, Joanne Albidrez, agrees to this proposal and believes that it is in the best interests of L.M.C. Alison-Mayne Decl. ¶ 18.

19. The share of these proceeds apportioned for minor **Plaintiff I.R.C.** and her attorneys is $95,000. After deducting advanced costs in the amount of $8,695.17 and requested attorneys' fees of $38,000 the total net settlement proceeds to Plaintiff L.M.C. is $48,305. It is requested that $48,305 be used to fund a structured settlement annuity for Plaintiff I.R.C. Attached as "**Exhibit C**" to the Declaration of Cooper Alison-Mayne is the proposed structured annuity for Plaintiff I.R.C., which is incorporated herein by reference. The total amount that Plaintiff I.R.C. will receive after final payment is made directly to him is $104,180.00. Plaintiff I.R.C.'s guardian *ad litem*, Joanne Albidrez, agrees to this proposal and believes that it is in the best interests of I.R.C. Alison-Mayne Decl. ¶ 19.

20. The share of these proceeds apportioned for minor **Plaintiff E.M.C**. and her attorneys is $95,000. After deducting advanced costs in the amount of $8,695.17 and requested attorneys' fees of $38,000 the total net settlement proceeds to Plaintiff E.M.C. is $48,305. It is requested that $48,305 be used to fund a structured settlement annuity for Plaintiff E.M.C. Attached as "**Exhibit D**" to the Declaration of Cooper Alison-Mayne is the proposed structured annuity for Plaintiff E.M.C., which is incorporated herein by reference. The total amount that Plaintiff E.M.C. will receive after final payment is made directly to him is $84,981.50. Plaintiff E.M.C.'s guardian *ad litem*, Joanne Albidrez, agrees to this proposal and believes that it is in the best interests of E.M.C. Alison-Mayne Decl. ¶ 20.

21. The moving guardian *ad litem*, is successor-in-interest to Fernando

Cruz Jr., who had claims against Defendants before he tragically passed away. The moving guardian *ad litem* does not have any claims against the minor Plaintiffs in connection with the subject incident. Alison-Mayne Decl. ¶ 21.

22. California Welfare and Institutions Code Section 14124.73 does not apply.

23. This motion does not seek an order for payment of money to a special needs trust. Alison-Mayne Decl. ¶ 22.

**Disclosures pursuant to California Rule of Court 7.951:**

1. This motion was prepared by attorney Cooper Alison-Mayne (California State Bar Number 343169), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents plaintiffs in this action. Alison-Mayne Decl. ¶ 23.

2. The Law Offices of Dale K. Galipo, Steven A. Lerman & Associates, Inc., and the Law Office Of Gregory Peacock did not become involved in this matter because of any influence or request from any party against whom the claims of the Minors are asserted. Alison-Mayne Decl. ¶ 24.

3. The Law Offices of Dale K. Galipo, Steven A. Lerman & Associates, Inc., and the Law Office Of Gregory Peacock represent plaintiffs in this matter but are not employed by any other party or any insurance carrier involved in the matter. Alison-Mayne Decl. ¶ 25.

4. The Law Offices of Dale K. Galipo, Steven A. Lerman & Associates, Inc., and the Law Office Of Gregory Peacock have not to date received any compensation for their services in connection herewith from any person. Alison-Mayne Decl. ¶ 26.

5. In addition to receiving compensation from the Minor Plaintiffs' share of the settlement, Plaintiffs' attorneys expect to receive compensation in the amount of $348,000 in attorneys' fees and $79,629.44 in reimbursed advanced

litigation costs for their services in connection wherewith from the gross settlement proceeds to the adult plaintiffs in this case. Attorneys will receive a total of $600,000 in attorneys' fees and $137,290 in costs. Alison-Mayne Decl. ¶ 27.

6. The Law Offices of Dale K. Galipo, Steven A. Lerman & Associates, Inc., and the Law Office Of Gregory Peacock accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The retainer agreement provides for a 40 percent attorney fee recovery if any recovery is made after commencement of a lawsuit. Alison-Mayne Decl. ¶ 28.

### Petitioner's endorsement:

Joanne Albidrez has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to the minors; claims, the parties responsible for the incident, and the nature, extent and seriousness of the minor's claims. Petitioner further understands that if the compromise proposed in this *Motion* is approved by the Court and is consummated, the minor children will be forever barred from seeking any further recovery of compensation even though the minors' injuries and losses might in the future appear to be more serious than they are now thought to be. Petitioner recommends the compromise settlement and the proposed distribution to the minors to the Court as being fair, reasonable, and in the best interest of the minors, and requests that the Court approve this compromise settlement and make such other and further orders as may be just and reasonable. Petitioner requests that the Court enter the Proposed Order filed concurrently herewith.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the proposed order submitted.

Respectfully Submitted,
DATED: September 29, 2023

LAW OFFICES OF DALE K. GALIPO

By  *s/Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
Steven A. Lerman, Esq.
Nicholas M. Lerman, Esq.
Gregory Peacock, Esq.

*Attorneys for Plaintiffs*

**VERIFICATION BY MINORS' GUARDIAN *AD LITEM***

I, Joanne Albidrez, declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed on 10/18/2023, in San Bernardino, California.

_____
Joanne Albidrez