**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, SBN 144074
Cooper Alison-Mayne, SBN 343169
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Email: dalekgalipo@yahoo.com

*Attorneys for All Plaintiffs*

[*Additional counsel on following page*]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SARAH CRUZ REAZA, individually and as Successor-in-Interest of Decedent Fernando Cruz, FERNANDO BAEZA, individually and as Successor-in-Interest of Decedent Fernando Cruz, FERNANDO CRUZ, JR., individually and as Successor-in-Interest of Decedent Fernando Cruz, CELESTE MARIE CRUZ, individually and as Successor-in-Interest of Decedent Fernando Cruz, RAELENE MARIE CRUZ, individually and as Successor-in-Interest of Decedent Fernando Cruz, J.A., by and through his guardian, JOANNE ALBIDREZ, I.C., by and through his guardian, JOANNE ALBIDREZ, L.M.C., by and through her guardian, JOANNE ALBIDREZ, I.R.C., by and through her guardian, JOANNE ALBIDREZ, and E.M.C., by and through her guardian, JOANNE ALBIDREZ,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF RIVERSIDE; ROBERT ROACH; ANDREW LUCIFORA; GEOFFREY GILLISON; TODD HALBEISEN; and DOES 1 through 20, Inclusive,<br><br>Defendants. | Case No. 5:20-CV-01188-MEMF-SP<br>[*Hon. Maame Ewusi-Mensah Frimpong, Dist. Judge; Hon. Sheri Pym, Mag. J.*]<br><br>**PLAINTIFFS' ADDITIONAL STATEMENT REGARDING ATTORNEYS' FEES**<br><br>Complaint Filed: June 11, 2020<br>Pre-Trial Conf.: N/A<br>Trial Date: N/A<br><br>[*filed concurrently*: Declaration of Nicholas M. Lerman and Exhibits thereto] |

**STEVEN A. LERMAN & ASSOCIATES, INC.**
Steven A. Lerman, Esq. (S.B.N. 55839)
Nicholas M. Lerman, Esq. (SBN: 292656)
6033 West Century Boulevard, Suite 740
Los Angeles, California 90045
Telephone: (310) 659-8166
Email: nlerman@lermanslaw.com

**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, ESQ. (SBN. 277669)
4425 Jamboree Road, Suite 130
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

**TO THIS HONORABLE COURT:**

On November 14, the Court issued an Order requiring the plaintiffs' to file a statement providing more information regarding why the attorney's fees and advanced litigation costs are reasonable in this case. (ECF No. 185.) The Court specifically ordered that the retainer agreement and an itemized list of litigation costs be included in the statement. (*Id.*) An itemized list of litigation costs and a copy of the retainer agreement have been filed as exhibits to the Declaration of Nicholas M. Lerman, filed concurrently. (*See* Exhibits A, B, and C to the Declaration of Nicholas M. Lerman.)

## COSTS

The costs listed in Exhibit A to the Declaration of Nicholas M. Lerman, totaling $138,529.63, encompass a wide range of expenses incurred during the course of the litigation.

Significant expenses were incurred for engaging various experts, including a police practices expert, pathologist, biomechanical engineer, and audio/video specialists. These experts, essential for providing specialized knowledge and testimony, contributed to building a comprehensive case. Fees for court reporters from different firms were necessary for accurate documentation of depositions and court proceedings. Other operational expenses include photocopying, courier services, and notary fees, and transportation costs.

Each expense was carefully considered and only expended when we reasonably believed it was necessary in ensuring comprehensive preparation and effective representation of the plaintiffs in the action.

## CONTINGENCY FEE

In this litigation, we encountered substantial challenges and complexities, necessitating expertise in civil rights law, particularly under Section 1983. The case presented significant risks and required a depth of legal knowledge and

resources. Awarding 40% to the three law firms who represent the plaintiffs in this case is not only fair but also essential for sustaining our ability to undertake such demanding cases in the future. This percentage reflects the considerable time, effort, and expertise invested in achieving a favorable outcome for our clients. Without such compensation, firms specializing in this area would struggle to continue representing clients in these critical and often resource-intensive cases. It is crucial to ensure that individuals seeking justice, especially in cases involving significant civil rights implications, have access to skilled and dedicated legal representation. This fee arrangement enables our firm to continue providing high-caliber legal services to those who need them most.

   The request for a 40% contingency fee in this case is justified by the extensive and complex work undertaken by the legal team. The attorneys efficiently managed intricate aspects of the case, including the handling of nearly 185 docket submissions and approximately 30 depositions, some of which necessitated long-distance travel. (Declaration of Nick Lerman ¶¶10-11.) The attorneys' expertise was further demonstrated in successfully opposing critical motions such as the Defendants' Motion for Summary Judgment and Motion to Exclude Expert Witness Testimony. (*Id.* ¶¶12-13.) Moreover, the firm's engagement in expert discovery, including retaining specialized experts and deposing numerous defendant-designated experts, underscores the complexity and breadth of the case. (*Id.* ¶15.) The settlement achieved, amounting to $1,500,000.00, reflects the high caliber of representation and the significant risks assumed in a case of this nature. (*Id.* ¶18.) Considering these factors, the 40% contingency fee is a reasonable compensation for the substantial effort, expertise, and resources expended to secure a favorable outcome for the plaintiffs.

   The significant settlement achieved in this case was made possible because Dale K. Galipo has a strong record going to trial and prevailing on difficult cases

such as this one, and the defendants had to consider that winning record when weighing the value of the settlement offer they were prepared to make. Dale K. Galipo has tried well in excess of one hundred civil cases through to verdict. He has won the majority of his civil jury trials and has secured numerous seven and eight-figure verdicts. His specific trial successes in approximately the last six years include:

(1) $3.05 million jury verdict in *Amaya v. County of Los Angeles* (police shooting, no offer) (May 2017);

(2) $2.5 million jury verdict in *Borges v Humboldt County* (denial of medical care, no offer) (August 2017);

(3) $6.5 million jury verdict in *Rose v. County of Sacramento* (police shooting, no offer) (September 2017);

(4) $3.5 million jury verdict in *Herrera v. City of Los Angeles* (police shooting, no offer) (October 2017);

(5) $5.5 million jury verdict in *Mears v. City of Los Angeles* (excessive force/taser-related death, no offer) (October 2017);

(6) $1.45 million settlement following jury verdict on liability in *Hernandez v. City of Los Angeles* (excessive force/restraint asphyxiation, no offer) (February 2018);

(7) $33.5 million jury verdict in *Archibald v. County of San Bernardino* (police shooting, no offer) (March 2018);

(8) $4.75 million verdict in the *Estate of Casimero Casillas v. City of Fresno* (police shooting, offer of $50,000) (March 2019);

(9) $3.4 million jury verdict in *Craig v. County of Orange* (police shooting, no offer) (April 2019);

(10) $3 million jury verdict in *Schroeder v. City of Rialto* (excessive force, offer of $50,000) (June 2019);

(11) $13.2 million jury verdict in *Valenzuela v. City of Anaheim* (excessive force/asphyxia) (December 2019);

(12) $4.5 million jury verdict in *L.D. v. City of Los Angeles* (excessive force/police shooting; no offer) (January 2020); and

(13) $1.77 jury verdict in *Bowles v. City of San Jose* (police shooting) (July 2021)

(14) $17,002,00 jury verdict in *French v. City of Los Angeles* (police shooting) (October 2021)

(15) $4.5 million jury verdict in *Ramos v. County of San Bernardino* (police shooting) (April 2022)

(16) $2,165,000 jury verdict in *V.V. v. City of Los Angeles* (police shooting) (July 2022)

(17) $1,000,000 jury verdict (reduced by contributory fault) in *Weick v. County of San Diego* (police shooting) (November 2022)

(18) $1,165,000 settlement during trial in *Cooke v. City of Los Angeles* (police shooting) (November 2022)

(19) $7.5 million (reduced to $1.5 million by contributory fault) in *Alves v. County of San Bernardino* (restraint death) (April 2023)

(20) $10 million jury verdict in *Najera v. County of Riverside* (police shooting) (April 2023)

(21) $23.8 million jury verdict in *Murillo v. City of Los Angeles* (police shooting) (August 2023)

(22) $13.5 million jury verdict in *Zelaya v. City of Los Angeles* (restraint death) (October 2023)

Of special note here are Mr. Galipo's recent trial victories against the defense counsel in this case, Tony Sain, in cases against the same defendant, Riverside County. In April 2023, just before the settlement of this case, Dale

secured victories against Mr. Sain in two cases: in *Najera v. County of Riverside*, he achieved a $10 million jury verdict, and in *Alves v. County of San Bernardino*, he obtained a $7.5 million jury verdict, subsequently reduced by a finding of contributory fault.

      Prior to Mr. Galipo's involvement in the present case, the parties had undergone two mediations, with the Defendants' highest settlement offer being only $50,000. However, the mediation following Mr. Galipo's appointment as lead trial counsel resulted in a significantly higher settlement of $1.5 million. This beneficial outcome was only possible because of Mr. Galipo's specialized experience and expertise in this area of law and his reputation for going to trial and obtaining large trial verdicts.

      Additionally, it is important to note that if we had prevailed at trial, the total attorney's fees for the three law firms involved would likely have exceeding $1 million.

      Given all of the foregoing, in addition to the fact that there are three law firms representing the plaintiffs in this case, the request for a 40% fee is not only justified but also equitable considering the breadth and depth of expertise, effort, and resources deployed in this complex litigation. This percentage aligns with the high level of skill and commitment demonstrated by our team, particularly in light of the significant risks and the extensive legal acumen required for such civil rights cases. The remarkable track record of Mr. Galipo, especially in cases of similar nature and complexity, further substantiates the reasonableness of this fee. It ensures that our firm can continue to provide exceptional legal representation in challenging cases that have substantial civil rights implications, thereby maintaining access to justice for those who most need it. This fee arrangement reflects the value of the legal services provided and the tangible results achieved, underscoring our commitment to upholding the rights and interests of our clients.

Respectfully Submitted,
DATED: November 17, 2023        LAW OFFICES OF DALE K. GALIPO

By  *s/Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
Steven A. Lerman, Esq.
Nicholas M. Lerman, Esq.
Gregory Peacock, Esq.

*Attorneys for Plaintiffs*