DocuSign Envelope ID: C8ABC588-B651-4675-BBAF-A9607FB16938

## CONTINGENT RETAINER AGREEMENT
Joanne Albidrez on behalf of I.RJ6anne Albidrez on behalf of E.M.C.

THIS IS AN AGREEMENT between, _____, hereinafter referred to as "Client," and Steven A. Lerman & Associates, Inc., hereinafter referred to as "Attorney," entered into on the date set forth below.

1.     **Matter Covered**:     Client hereby retains and employs Attorney and Attorney hereby agrees to represent Client in connection with Client's claim for damages, injury or loss arising out of the following incident, accident or transaction: _____

_____

2.     **Services to be performed by Attorney**:     Attorney agrees to use his best efforts to investigate and evaluate claim and perform the following legal services, if necessary, to represent Client with respect to Client's claim: determining parties legally responsible, preparation and filing of lawsuit, prosecution of lawsuit to judgment in trial court.  Further, Attorney shall represent Client in opposing any motion for new trial.

Attorney will also be entitled to a fee of up to 33 1/3% of any amount saved on the Client's obligations to medical providers as a result of post-settlement negotiations by Attorney and medical providers that treated Client for accident related injuries.

No other services, however, are covered by this Agreement.  It is specifically understood that in the event a judgment is not returned in Client's favor in the trial court, or that the amount of the judgment is unsatisfactory to Client, Attorney shall not be obligated to prosecute a motion for new trial without further fee arrangements between the parties.  Likewise, in the event either party appeals from any judgment rendered by the trial court, Attorney shall not be obligated to render services in connection therewith without additional compensation.

3.     **Cooperation of Client**:     Client agrees to cooperate with Attorney in every manner reasonably necessary to prosecute Client's lawsuit to judgment in trial court.  Such cooperation shall include, but shall not be limited to, appearing at noticed depositions and meeting with Attorney or his associates in preparation therefor, answering interrogatories, requests for production and other discovery requests propounded by opposing parties, appearing at court-mandated or elective arbitration and meeting with Attorney or his associates in preparation therefor, participating in legally-required medical examinations, and assisting Attorney in locating independent witnesses known to Client.

4.     **In Pro Per Designation**:
        (a)  In the event that Attorney, in order to preserve a cause of action under an applicable statute of limitations, or for reasons with respect to general litigation strategy, determines in his sole discretion that a complaint initiating a lawsuit should be filed in advance of a reasonably full and complete investigation and evaluation of Client's claim, then Attorney may do so by filing the lawsuit in propria persona ("in pro per"), with Client named as his/her own attorney of record. Upon completion of Attorney's investigation and evaluation of Client's claim, Attorney shall substitute his name as attorney of record in place of that of Client.
        (b)  In the event that Attorney's investigation and evaluation of Client's claim reveals that pursuit of said claim would be impracticable, then Attorney may withdraw from representation by giving written notice to Client.

        (c)  Subparagraph (b) herein above notwithstanding, Attorney may not withdraw from representation of Client after the earlier of the following:

1

DocuSign Envelope ID: C8ABC588-B651-4675-BBAF-A9607FB16938

(1) The Trial Setting Conference for Client's lawsuit, or

(2) Ninety (90) calendar days prior to trial of Client's lawsuit.

5.    **Withdrawal By Attorney**:

(a) Anything herein to the contrary notwithstanding, in the event that Client is in breach of Paragraph 3 hereinabove, Attorney may, upon written notice, withdraw from representation of Client at any time before or during pendency of lawsuit.  Should Attorney elect to withdraw under the provisions of this paragraph, then Client shall sign each and every document necessary to permit Attorney to substitute out of any lawsuit in which he is attorney of record.

(b) **Settlement Offers**: If a settlement offer is tendered in the case by the defendants, and Attorney believes, in good faith, that settlement should be accepted and attorney communicates this to Client and Client does not agree to the settlement offer, Attorney may require Client to advance the reasonable costs of trial in the case.  In the event that Client refuses to accept a reasonable settlement offer and refuses to advance costs, Client thereby agrees to permit Attorney to withdraw from the case by filing a Substitution of Attorney form, substituting Client in his/her own Attorney, said Substitution form being signed concurrent with this Agreement

The law Offices Of Steven A. Lerman & Associates, Inc. does not maintain a policy of errors and omissions insurance coverage applicable to the services to be rendered hereunder.

6.    **Contingency Fee**:    Client acknowledges that he or she has been advised by Attorney that any contingency fee is negotiable and is not set by law (except that in any claim against a health care provider for professional negligence, the contingency fee may not exceed limits provided in California Business and Professions Code Section 6146).

Client agrees to pay to Attorney a contingency fee as follows:

An amount equal to **THIRTY-THREE & 1/3** percent (33-1/3%) of any funds received in settlement or compromise of Client's claim, if the matter is settled before a lawsuit is filed.

If the matter is settled after a lawsuit is filed but before the pretrial or trial setting conference, Client agrees to pay to Attorney a contingency fee of **FORTY** percent (40%). Thereafter, Client agrees to pay an amount equal to **FORTY-FIVE** percent (45%) of any funds recovered, whether such recovery is by way of settlement, judgment or otherwise.

Attorney shall be entitled to a fee of **THIRTY-THREE & 1/3** percent (33-1/3%) on any funds recovered for the Client under the Medical Payments (Med-Pay) provisions of the Client's automobile insurance policy; and **THIRTY-THREE & 1/3** percent (33-1/3%) if said Med-Pay is part of a settlement for Uninsured Motorist Benefits.

In the event claim is arbitrated [demand for arbitration is made] or mediated, Attorney shall be entitled to a fee of **FORTY** percent (40%) plus costs.

7.    **Statutory Fees:**    Attorneys may be awarded **Statutory fees** by the Court, including but not limited to fees pursuant to 42 U.S.C. § 1988. Clients agree and understand that any such fees awarded by the Court to Attorneys, or subject to a separate settlement, belong to the Attorneys, separate and apart from any contingency fees, and not to Clients. Attorneys agree that statutory fees and costs reimbursement will be requested for actual work done on the case at the conclusion of the case if the attorneys prevail on a constitutional violation.

Distribution of any receipt or recovery shall be made after reimbursement of costs and disbursements as provided in the following paragraph.  In the event that all or ar

DocuSign Envelope ID: C8ABC588-B651-4675-BBAF-A9607FB16938

recovery entails installment payments to be made over a period of time, then the contingency fee shall be based upon the present value of the recovery as determined under generally accepted accounting principles, and shall be paid out of the first funds received by Client.

**Client acknowledges that in the event medical bills have to be negotiated by attorney to finalize settlement, no funds can be disbursed to client until all medical providers agree to a pro rata reduction of medical bills, unless funds may be clear to disburse to client with no reductions applied, in which case Client will receive funds not in dispute and further disbursements may be made with the conclusion of final negotiations with   medical providers.**

8.   <u>**Costs and Disbursements**</u>:   Client agrees to pay a **$250.00 Administrative Flat Cost**, which includes ordinary copying costs, telephone charges and postage fees.  Client also agrees to pay all costs and disbursements incurred by Attorney as reasonably required for investigation and prosecution of Client's claim.  This includes, without limitation, filing fees, service fees, charges for depositions, investigators and special copying of documents, jury fees, fees for expert witnesses and consultants, lay witness fees, travel, transportation and parking fees.

In the event Client fails to pay any of the costs and disbursements aforementioned, Attorney may (but is not obligated to) advance and pay same on Client's behalf.  Any such payments shall be repaid to Attorney by Client upon demand, and without regard to the outcome of the legal action on Client's claim.

Such costs and disbursements shall be reimbursed to whichever party, Client or Attorney, had paid or advanced same to any third party.

Any fees charged by Attorney to Client's health care provider for recovery of medical fees shall not be charged to Client.

9.   <u>**Attorney's Lien**</u>:   Client hereby grants and assigns to Attorney, as security for any and all amounts due and owing hereunder, an interest in Client's claim and chose in action, and a lien against and upon any funds received or recovered thereon which Client may obtain through either settlement or adjudication.

10.   <u>**Special Power of Attorney**</u>:  Client hereby gives Attorney a Special Power of Attorney to endorse and sign Client's name to any document, paper or check relating to the case for which this retainer is given, provided that Client will be notified of said endorsement as soon as practical by written notice to Client's last known address.  This right shall be used to expedite Client's case when Client is not readily available, and Attorney is further authorized to deposit Client's share of any monetary recovery in Attorney's Client Trust Account to be turned over to Client when available.

This Contingent Retainer Agreement was entered into at ___Riverside___, __CA__ on __August  17__, __2023__.

<br>

8/17/2023

Date: _____

DocuSigned by:

Joanne Albidrez on behalf of I.R.C.

0A1877FE244844C...

**SIGNATURE OF CLIENT**
**[I.R.C., through Guardian Joanne**

DocuSign Envelope ID: C8ABC588-B651-4675-BBAF-A9607FB16938

Albdirez]

Date: _____
8/17/2023

"CLIENT"

DocuSigned by:

*Joanne Albidrez on behalf of E.M.C.*
0A1877FE244844C...

**SIGNATURE OF CLIENT
[E.M.C., through Guardian Joanne
Albdirez]**

"ATTORNEY"

Date: 8/17/2023

**STEVEN A. LERMAN &
ASSOCIATES, INC.**

## CONTINGENT RETAINER AGREEMENT

\* Full name redacted. Initials: I.C.

THIS IS AN AGREEMENT between, [REDACTED] (*11 yrs*) hereinafter referred to as "Client," and Steven A. Lerman & Associates, Inc., hereinafter referred to as "Attorney," entered into on the date set forth below.

1.  **Matter Covered**:   Client hereby retains and employs Attorney and Attorney hereby agrees to represent Client in connection with Client's claim for damages, injury or loss arising out of the following incident, accident or transaction:  *wrongful Death of*
*Fernando Cruz DOL 10/7/19*

2.  **Services to be performed by Attorney**:   Attorney agrees to use his best efforts to investigate and evaluate claim and perform the following legal services, if necessary, to represent Client with respect to Client's claim: determining parties legally responsible, preparation and filing of lawsuit, prosecution of lawsuit to judgment in trial court.  Further, Attorney shall represent Client in opposing any motion for new trial.

Attorney will also be entitled to a fee of up to 33 1/3% of any amount saved on the Client's obligations to medical providers as a result of post-settlement negotiations by Attorney and medical providers that treated Client for accident related injuries.

No other services, however, are covered by this Agreement. It is specifically understood that in the event a judgment is not returned in Client's favor in the trial court, or that the amount of the judgment is unsatisfactory to Client, Attorney shall not be obligated to prosecute a motion for new trial without further fee arrangements between the parties.  Likewise, in the event either party appeals from any judgment rendered by the trial court, Attorney shall not be obligated to render services in connection therewith without additional compensation.

3.  **Cooperation of Client**:   Client agrees to cooperate with Attorney in every manner reasonably necessary to prosecute Client's lawsuit to judgment in trial court.  Such cooperation shall include, but shall not be limited to, appearing at noticed depositions and meeting with Attorney or his associates in preparation therefor, answering interrogatories, requests for production and other discovery requests propounded by opposing parties, appearing at court-mandated or elective arbitration and meeting with Attorney or his associates in preparation therefor, participating in legally-required medical examinations, and assisting Attorney in locating independent witnesses known to Client.

4.  **In Pro Per Designation**:
    (a) In the event that Attorney, in order to preserve a cause of action under an applicable statute of limitations, or for reasons with respect to general litigation strategy, determines in his sole discretion that a complaint initiating a lawsuit should be filed in advance of a reasonably full and complete investigation and evaluation of Client's claim, then Attorney may do so by filing the lawsuit in propria persona ("in pro per"), with Client named as his/her own attorney of record. Upon completion of Attorney's investigation and evaluation of Client's claim, Attorney shall substitute his name as attorney of record in place of that of Client.
    (b) In the event that Attorney's investigation and evaluation of Client's claim reveals that pursuit of said claim would be impracticable, then Attorney may withdraw from representation by giving written notice to Client.

    (c) Subparagraph (b) herein above notwithstanding, Attorney may not withdraw from representation of Client after the earlier of the following:

1

(1)  The Trial Setting Conference for Client's lawsuit, or

(2)  Ninety (90) calendar days prior to trial of Client's lawsuit.

5.    **Withdrawal By Attorney**:

(a) Anything herein to the contrary notwithstanding, in the event that Client is in breach of Paragraph 3 hereinabove, Attorney may, upon written notice, withdraw from representation of Client at any time before or during pendency of lawsuit.  Should Attorney elect to withdraw under the provisions of this paragraph, then Client shall sign each and every document necessary to permit Attorney to substitute out of any lawsuit in which he is attorney of record.

(b) **Settlement Offers**: If a settlement offer is tendered in the case by the defendants, and Attorney believes, in good faith, that settlement should be accepted and attorney communicates this to Client and Client does not agree to the settlement offer, Attorney may require Client to advance the reasonable costs of trial in the case.  In the event that Client refuses to accept a reasonable settlement offer and refuses to advance costs, Client thereby agrees to permit Attorney to withdraw from the case by filing a Substitution of Attorney form, substituting Client in his/her own Attorney, said Substitution form being signed concurrent with this Agreement

The law Offices Of Steven A. Lerman & Associates, Inc. does not maintain a policy of errors and omissions insurance coverage applicable to the services to be rendered hereunder.

6.    **Contingency Fee**:     Client acknowledges that he or she has been advised by Attorney that any contingency fee is negotiable and is not set by law (except that in any claim against a health care provider for professional negligence, the contingency fee may not exceed limits provided in California Business and Professions Code Section 6146).

Client agrees to pay to Attorney a contingency fee as follows:

An amount equal to **THIRTY-THREE & 1/3** percent (33-1/3%) of any funds received in settlement or compromise of Client's claim, if the matter is settled before a lawsuit is filed.

If the matter is settled after a lawsuit is filed but before the pretrial or trial setting conference, Client agrees to pay to Attorney a contingency fee of **FORTY** percent (40%). Thereafter, Client agrees to pay an amount equal to **FORTY-FIVE** percent (45%) of any funds recovered, whether such recovery is by way of settlement, judgment or otherwise.

Attorney shall be entitled to a fee of **THIRTY-THREE & 1/3** percent (33-1/3%) on any funds recovered for the Client under the Medical Payments (Med-Pay) provisions of the Client's automobile insurance policy; and **THIRTY-THREE & 1/3** percent (33-1/3%) if said Med-Pay is part of a settlement for Uninsured Motorist Benefits.

In the event claim is arbitrated or mediated, Attorney shall be entitled to a fee of **FORTY** percent (40%) plus costs.

Distribution of any receipt or recovery shall be made after reimbursement of costs and disbursements as provided in the following paragraph.  In the even that all or any part of Client's recovery entails installment payments to be made over a period of time, then the contingency fee shall be based upon the present value of the recovery as determined under generally accepted accounting principles, and shall be paid out of the first funds received by Client.

**Client acknowledges that in the event medical bills have to be negotiated by attorney to finalize settlement, no funds can be disbursed to client until all medical providers agree to a pro rata reduction of medical bills, unless funds may be clear to disburse to client with no**

2

reductions applied, in which case Client will receive funds not in dispute and further disbursements may be made with the conclusion of final negotiations with medical providers.

7. **Costs and Disbursements**:   Client agrees to pay a **$250.00 Administrative Flat Cost**, which includes ordinary copying costs, telephone charges and postage fees.  Client also agrees to pay all costs and disbursements incurred by Attorney as reasonably required for investigation and prosecution of Client's claim.  This includes, without limitation, filing fees, service fees, charges for depositions, investigators and special copying of documents, jury fees, fees for expert witnesses and consultants, lay witness fees, travel, transportation and parking fees.

In the event Client fails to pay any of the costs and disbursements aforementioned, Attorney may (but is not obligated to) advance and pay same on Client's behalf.  Any such payments shall be repaid to Attorney by Client upon demand, and without regard to the outcome of the legal action on Client's claim.

Such costs and disbursements shall be reimbursed to whichever party, Client or Attorney, had paid or advanced same to any third party.

Any fees charged by Attorney to Client's health care provider for recovery of medical fees shall not be charged to Client.

8. **Attorney's Lien**:   Client hereby grants and assigns to Attorney, as security for any and all amounts due and owing hereunder, an interest in Client's claim and chose in action, and a lien against and upon any funds received or recovered thereon which Client may obtain through either settlement or adjudication.

9. **Special Power of Attorney**:  Client hereby gives Attorney a Special Power of Attorney to endorse and sign Client's name to any document, paper or check relating to the case for which this retainer is given, provided that Client will be notified of said endorsement as soon as practical by written notice to Client's last known address.  This right shall be used to expedite Client's case when Client is not readily available, and Attorney is further authorized to deposit Client's share of any monetary recovery in Attorney's Client Trust Account to be turned over to Client when available.

This Contingent Retainer Agreement was entered into at _RIVERSIDE_, _CA_ on _Oct. 10 2019_.

"ATTORNEY"

By: _____

**STEVEN A. LERMAN & ASSOCIATES, INC.**
6033 W. Century Boulevard
Suite 740
Los Angeles, California 90045

"CLIENT": +Em
GUARDIAN ADLitem
_Joanne Albidrez_
SIGNATURE OF CLIENT
_21910 Placenth Ave_
ADDRESS OF CLIENT
_Perris CA 92571_
CITY, STATE & ZIP CODE
_951 729 9373_
TELEPHONE
_10 10 19_
DATE

## CONTINGENT RETAINER AGREEMENT

\* Full name redacted. Initials L.M.C.

THIS IS AN AGREEMENT between, ████████████████████ *3¼R*, hereinafter referred to as "Client," and Steven A. Lerman & Associates, Inc., hereinafter referred to as "Attorney," entered into on the date set forth below.

1.   **Matter Covered**:   Client hereby retains and employs Attorney and Attorney hereby agrees to represent Client in connection with Client's claim for damages, injury or loss arising out of the following incident, accident or transaction: *wrongful Death of Fernando Cruz DOL 10/7/19*

2.   **Services to be performed by Attorney**:   Attorney agrees to use his best efforts to investigate and evaluate claim and perform the following legal services, if necessary, to represent Client with respect to Client's claim: determining parties legally responsible, preparation and filing of lawsuit, prosecution of lawsuit to judgment in trial court.  Further, Attorney shall represent Client in opposing any motion for new trial.

Attorney will also be entitled to a fee of up to 33 1/3% of any amount saved on the Client's obligations to medical providers as a result of post-settlement negotiations by Attorney and medical providers that treated Client for accident related injuries.

No other services, however, are covered by this Agreement.  It is specifically understood that in the event a judgment is not returned in Client's favor in the trial court, or that the amount of the judgment is unsatisfactory to Client, Attorney shall not be obligated to prosecute a motion for new trial without further fee arrangements between the parties.  Likewise, in the event either party appeals from any judgment rendered by the trial court, Attorney shall not be obligated to render services in connection therewith without additional compensation.

3.   **Cooperation of Client**:   Client agrees to cooperate with Attorney in every manner reasonably necessary to prosecute Client's lawsuit to judgment in trial court.  Such cooperation shall include, but shall not be limited to, appearing at noticed depositions and meeting with Attorney or his associates in preparation therefor, answering interrogatories, requests for production and other discovery requests propounded by opposing parties, appearing at court-mandated or elective arbitration and meeting with Attorney or his associates in preparation therefor, participating in legally-required medical examinations, and assisting Attorney in locating independent witnesses known to Client.

4.   **In Pro Per Designation**:
   (a)  In the event that Attorney, in order to preserve a cause of action under an applicable statute of limitations, or for reasons with respect to general litigation strategy, determines in his sole discretion that a complaint initiating a lawsuit should be filed in advance of a reasonably full and complete investigation and evaluation of Client's claim, then Attorney may do so by filing the lawsuit in propria persona ("in pro per"), with Client named as his/her own attorney of record. Upon completion of Attorney's investigation and evaluation of Client's claim, Attorney shall substitute his name as attorney of record in place of that of Client.
   (b)  In the event that Attorney's investigation and evaluation of Client's claim reveals that pursuit of said claim would be impracticable, then Attorney may withdraw from representation by giving written notice to Client.

   (c)  Subparagraph (b) herein above notwithstanding, Attorney may not withdraw from representation of Client after the earlier of the following:

(1) The Trial Setting Conference for Client's lawsuit, or
(2) Ninety (90) calendar days prior to trial of Client's lawsuit.

5. **Withdrawal By Attorney**:
(a) Anything herein to the contrary notwithstanding, in the event that Client is in breach of Paragraph 3 hereinabove, Attorney may, upon written notice, withdraw from representation of Client at any time before or during pendency of lawsuit. Should Attorney elect to withdraw under the provisions of this paragraph, then Client shall sign each and every document necessary to permit Attorney to substitute out of any lawsuit in which he is attorney of record.
(b) **Settlement Offers**: If a settlement offer is tendered in the case by the defendants, and Attorney believes, in good faith, that settlement should be accepted and attorney communicates this to Client and Client does not agree to the settlement offer, Attorney may require Client to advance the reasonable costs of trial in the case. In the event that Client refuses to accept a reasonable settlement offer and refuses to advance costs, Client thereby agrees to permit Attorney to withdraw from the case by filing a Substitution of Attorney form, substituting Client in his/her own Attorney, said Substitution form being signed concurrent with this Agreement
The law Offices Of Steven A. Lerman & Associates, Inc. does not maintain a policy of errors and omissions insurance coverage applicable to the services to be rendered hereunder.

6. **Contingency Fee**:   Client acknowledges that he or she has been advised by Attorney that any contingency fee is negotiable and is not set by law (except that in any claim against a health care provider for professional negligence, the contingency fee may not exceed limits provided in California Business and Professions Code Section 6146).

Client agrees to pay to Attorney a contingency fee as follows:
An amount equal to **THIRTY-THREE & 1/3** percent (33-1/3%) of any funds received in settlement or compromise of Client's claim, if the matter is settled before a lawsuit is filed.

If the matter is settled after a lawsuit is filed but before the pretrial or trial setting conference, Client agrees to pay to Attorney a contingency fee of **FORTY** percent (40%). Thereafter, Client agrees to pay an amount equal to **FORTY-FIVE** percent (45%) of any funds recovered, whether such recovery is by way of settlement, judgment or otherwise.

Attorney shall be entitled to a fee of **THIRTY-THREE & 1/3** percent (33-1/3%) on any funds recovered for the Client under the Medical Payments (Med-Pay) provisions of the Client's automobile insurance policy; and **THIRTY-THREE & 1/3** percent (33-1/3%) if said Med-Pay is part of a settlement for Uninsured Motorist Benefits.

In the event claim is arbitrated or mediated, Attorney shall be entitled to a fee of **FORTY** percent (40%) plus costs.

Distribution of any receipt or recovery shall be made after reimbursement of costs and disbursements as provided in the following paragraph. In the even that all or any part of Client's recovery entails installment payments to be made over a period of time, then the contingency fee shall be based upon the present value of the recovery as determined under generally accepted accounting principles, and shall be paid out of the first funds received by Client.

**Client acknowledges that in the event medical bills have to be negotiated by attorney to finalize settlement, no funds can be disbursed to client until all medical providers agree to a pro rata reduction of medical bills, unless funds may be clear to disburse to client with no**

2

reductions applied, in which case Client will receive funds not in dispute and further disbursements may be made with the conclusion of final negotiations with medical providers.

7.    **Costs and Disbursements**:   Client agrees to pay a **$250.00 Administrative Flat Cost**, which includes ordinary copying costs, telephone charges and postage fees.  Client also agrees to pay all costs and disbursements incurred by Attorney as reasonably required for investigation and prosecution of Client's claim.  This includes, without limitation, filing fees, service fees, charges for depositions, investigators and special copying of documents, jury fees, fees for expert witnesses and consultants, lay witness fees, travel, transportation and parking fees.

In the event Client fails to pay any of the costs and disbursements aforementioned, Attorney may (but is not obligated to) advance and pay same on Client's behalf.  Any such payments shall be repaid to Attorney by Client upon demand, and without regard to the outcome of the legal action on Client's claim.

Such costs and disbursements shall be reimbursed to whichever party, Client or Attorney, had paid or advanced same to any third party.

Any fees charged by Attorney to Client's health care provider for recovery of medical fees shall not be charged to Client.

8.    **Attorney's Lien**:    Client hereby grants and assigns to Attorney, as security for any and all amounts due and owing hereunder, an interest in Client's claim and chose in action, and a lien against and upon any funds received or recovered thereon which Client may obtain through either settlement or adjudication.

9.    **Special Power of Attorney**:  Client hereby gives Attorney a Special Power of Attorney to endorse and sign Client's name to any document, paper or check relating to the case for which this retainer is given, provided that Client will be notified of said endorsement as soon as practical by written notice to Client's last known address.  This right shall be used to expedite Client's case when Client is not readily available, and Attorney is further authorized to deposit Client's share of any monetary recovery in Attorney's Client Trust Account to be turned over to Client when available.

This Contingent Retainer Agreement was entered into at _RiVERSIDE_, _CA_ on ___10/10___, _2019_.

"ATTORNEY"

By: _[signature]_

**STEVEN A. LERMAN & ASSOCIATES, INC.**
**6033 W. Century Boulevard**
**Suite 740**
**Los Angeles, California 90045**

"CLIENT" item
GuARDIAN ADLitem
_Johnne Albixer_
**SIGNATURE OF CLIENT**
_26910 Placentia Que_
**ADDRESS OF CLIENT**
_Perris CA 92571_
**CITY, STATE & ZIP CODE**
_951 729 9347_
**TELEPHONE**
_10 10 19_
**DATE**

3

_JA_

# EXHIBIT   B

## CONTINGENT RETAINER AGREEMENT

THIS IS AN AGREEMENT between, *FRANK FIDEL CRUZ* (20yrs); hereinafter referred to as "Client," and Steven A. Lerman & Associates, Inc., hereinafter referred to as "Attorney," entered into on the date set forth below.

1.  **Matter Covered**:    Client hereby retains and employs Attorney and Attorney hereby agrees to represent Client in connection with Client's claim for damages, injury or loss arising out of the following incident, accident or transaction: *Wrongful Death of Fernando Cruz DOL 10/7/2019*

2.  **Services to be performed by Attorney**:    Attorney agrees to use his best efforts to investigate and evaluate claim and perform the following legal services, if necessary, to represent Client with respect to Client's claim: determining parties legally responsible, preparation and filing of lawsuit, prosecution of lawsuit to judgment in trial court. Further, Attorney shall represent Client in opposing any motion for new trial.

Attorney will also be entitled to a fee of up to 33 1/3% of any amount saved on the Client's obligations to medical providers as a result of post-settlement negotiations by Attorney and medical providers that treated Client for accident related injuries.

No other services, however, are covered by this Agreement. It is specifically understood that in the event a judgment is not returned in Client's favor in the trial court, or that the amount of the judgment is unsatisfactory to Client, Attorney shall not be obligated to prosecute a motion for new trial without further fee arrangements between the parties. Likewise, in the event either party appeals from any judgment rendered by the trial court, Attorney shall not be obligated to render services in connection therewith without additional compensation.

3.  **Cooperation of Client**:    Client agrees to cooperate with Attorney in every manner reasonably necessary to prosecute Client's lawsuit to judgment in trial court. Such cooperation shall include, but shall not be limited to, appearing at noticed depositions and meeting with Attorney or his associates in preparation therefor, answering interrogatories, requests for production and other discovery requests propounded by opposing parties, appearing at court-mandated or elective arbitration and meeting with Attorney or his associates in preparation therefor, participating in legally-required medical examinations, and assisting Attorney in locating independent witnesses known to Client.

4.  **In Pro Per Designation**:
    (a)  In the event that Attorney, in order to preserve a cause of action under an applicable statute of limitations, or for reasons with respect to general litigation strategy, determines in his sole discretion that a complaint initiating a lawsuit should be filed in advance of a reasonably full and complete investigation and evaluation of Client's claim, then Attorney may do so by filing the lawsuit in propria persona ("in pro per"), with Client named as his/her own attorney of record. Upon completion of Attorney's investigation and evaluation of Client's claim, Attorney shall substitute his name as attorney of record in place of that of Client.
    (b)  In the event that Attorney's investigation and evaluation of Client's claim reveals that pursuit of said claim would be impracticable, then Attorney may withdraw from representation by giving written notice to Client.

    (c)  Subparagraph (b) herein above notwithstanding, Attorney may not withdraw from representation of Client after the earlier of the following:

1

        (1) The Trial Setting Conference for Client's lawsuit, or
        (2) Ninety (90) calendar days prior to trial of Client's lawsuit.

5.    **Withdrawal By Attorney**:
    (a) Anything herein to the contrary notwithstanding, in the event that Client is in breach of Paragraph 3 hereinabove, Attorney may, upon written notice, withdraw from representation of Client at any time before or during pendency of lawsuit. Should Attorney elect to withdraw under the provisions of this paragraph, then Client shall sign each and every document necessary to permit Attorney to substitute out of any lawsuit in which he is attorney of record.
    (b) **Settlement Offers**: If a settlement offer is tendered in the case by the defendants, and Attorney believes, in good faith, that settlement should be accepted and attorney communicates this to Client and Client does not agree to the settlement offer, Attorney may require Client to advance the reasonable costs of trial in the case. In the event that Client refuses to accept a reasonable settlement offer and refuses to advance costs, Client thereby agrees to permit Attorney to withdraw from the case by filing a Substitution of Attorney form, substituting Client in his/her own Attorney, said Substitution form being signed concurrent with this Agreement
    The law Offices Of Steven A. Lerman & Associates, Inc. does not maintain a policy of errors and omissions insurance coverage applicable to the services to be rendered hereunder.

6.    **Contingency Fee**:    Client acknowledges that he or she has been advised by Attorney that any contingency fee is negotiable and is not set by law (except that in any claim against a health care provider for professional negligence, the contingency fee may not exceed limits provided in California Business and Professions Code Section 6146).

Client agrees to pay to Attorney a contingency fee as follows:
    An amount equal to **THIRTY-THREE & 1/3** percent (33-1/3%) of any funds received in settlement or compromise of Client's claim, if the matter is settled before a lawsuit is filed.

    If the matter is settled after a lawsuit is filed but before the pretrial or trial setting conference, Client agrees to pay to Attorney a contingency fee of **FORTY** percent (40%). Thereafter, Client agrees to pay an amount equal to **FORTY-FIVE** percent (45%) of any funds recovered, whether such recovery is by way of settlement, judgment or otherwise.

    Attorney shall be entitled to a fee of **THIRTY-THREE & 1/3** percent (33-1/3%) on any funds recovered for the Client under the Medical Payments (Med-Pay) provisions of the Client's automobile insurance policy; and **THIRTY-THREE & 1/3** percent (33-1/3%) if said Med-Pay is part of a settlement for Uninsured Motorist Benefits.

    In the event claim is arbitrated or mediated, Attorney shall be entitled to a fee of **FORTY** percent (40%) plus costs.

Distribution of any receipt or recovery shall be made after reimbursement of costs and disbursements as provided in the following paragraph. In the even that all or any part of Client's recovery entails installment payments to be made over a period of time, then the contingency fee shall be based upon the present value of the recovery as determined under generally accepted accounting principles, and shall be paid out of the first funds received by Client.

**Client acknowledges that in the event medical bills have to be negotiated by attorney to finalize settlement, no funds can be disbursed to client until all medical providers agree to a pro rata reduction of medical bills, unless funds may be clear to disburse to client with no**

reductions applied, in which case Client will receive funds not in dispute and further disbursements may be made with the conclusion of final negotiations with medical providers.

7.    **Costs and Disbursements**:    Client agrees to pay a **$250.00 Administrative Flat Cost,** which includes ordinary copying costs, telephone charges and postage fees.  Client also agrees to pay all costs and disbursements incurred by Attorney as reasonably required for investigation and prosecution of Client's claim.  This includes, without limitation, filing fees, service fees, charges for depositions, investigators and special copying of documents, jury fees, fees for expert witnesses and consultants, lay witness fees, travel, transportation and parking fees.

In the event Client fails to pay any of the costs and disbursements aforementioned, Attorney may (but is not obligated to) advance and pay same on Client's behalf.  Any such payments shall be repaid to Attorney by Client upon demand, and without regard to the outcome of the legal action on Client's claim.

Such costs and disbursements shall be reimbursed to whichever party, Client or Attorney, had paid or advanced same to any third party.

Any fees charged by Attorney to Client's health care provider for recovery of medical fees shall not be charged to Client.

8.    **Attorney's Lien**:    Client hereby grants and assigns to Attorney, as security for any and all amounts due and owing hereunder, an interest in Client's claim and chose in action, and a lien against and upon any funds received or recovered thereon which Client may obtain through either settlement or adjudication.

9.    **Special Power of Attorney**:  Client hereby gives Attorney a Special Power of Attorney to endorse and sign Client's name to any document, paper or check relating to the case for which this retainer is given, provided that Client will be notified of said endorsement as soon as practical by written notice to Client's last known address.  This right shall be used to expedite Client's case when Client is not readily available, and Attorney is further authorized to deposit Client's share of any monetary recovery in Attorney's Client Trust Account to be turned over to Client when available.

This Contingent Retainer Agreement was entered into at _RiVERSiDE_ , _CA_ on _OCT  10_ , _2019_ .

"ATTORNEY"

By: _____

STEVEN A. LERMAN & ASSOCIATES, INC.
6033 W. Century Boulevard
Suite 740
Los Angeles, California 90045

"CLIENT"

_____
SIGNATURE OF CLIENT
_26960 Pl4B0rfia ave_
ADDRESS OF CLIENT
_Perris   CA  92571_
CITY, STATE & ZIP CODE
_951-729-9373_
TELEPHONE
_10-10-2014_
DATE

3

## CONTINGENT RETAINER AGREEMENT

THIS IS AN AGREEMENT between, Raelene Mariecruz (18 yrs) hereinafter referred to as "Client," and Steven A. Lerman & Associates, Inc., hereinafter referred to as "Attorney," entered into on the date set forth below.

1.   **Matter Covered**:   Client hereby retains and employs Attorney and Attorney hereby agrees to represent Client in connection with Client's claim for damages, injury or loss arising out of the following incident, accident or transaction: wrongful Death of Fernando Cruz DOC 10/7/2019

2.   **Services to be performed by Attorney**:   Attorney agrees to use his best efforts to investigate and evaluate claim and perform the following legal services, if necessary, to represent Client with respect to Client's claim: determining parties legally responsible, preparation and filing of lawsuit, prosecution of lawsuit to judgment in trial court.  Further, Attorney shall represent Client in opposing any motion for new trial.

Attorney will also be entitled to a fee of up to 33 1/3% of any amount saved on the Client's obligations to medical providers as a result of post-settlement negotiations by Attorney and medical providers that treated Client for accident related injuries.

No other services, however, are covered by this Agreement.  It is specifically understood that in the event a judgment is not returned in Client's favor in the trial court, or that the amount of the judgment is unsatisfactory to Client, Attorney shall not be obligated to prosecute a motion for new trial without further fee arrangements between the parties.  Likewise, in the event either party appeals from any judgment rendered by the trial court, Attorney shall not be obligated to render services in connection therewith without additional compensation.

3.   **Cooperation of Client**:   Client agrees to cooperate with Attorney in every manner reasonably necessary to prosecute Client's lawsuit to judgment in trial court.  Such cooperation shall include, but shall not be limited to, appearing at noticed depositions and meeting with Attorney or his associates in preparation therefor, answering interrogatories, requests for production and other discovery requests propounded by opposing parties, appearing at court-mandated or elective arbitration and meeting with Attorney or his associates in preparation therefor, participating in legally-required medical examinations, and assisting Attorney in locating independent witnesses known to Client.

4.   **In Pro Per Designation**:
     (a)  In the event that Attorney, in order to preserve a cause of action under an applicable statute of limitations, or for reasons with respect to general litigation strategy, determines in his sole discretion that a complaint initiating a lawsuit should be filed in advance of a reasonably full and complete investigation and evaluation of Client's claim, then Attorney may do so by filing the lawsuit in propria persona ("in pro per"), with Client named as his/her own attorney of record. Upon completion of Attorney's investigation and evaluation of Client's claim, Attorney shall substitute his name as attorney of record in place of that of Client.
     (b)  In the event that Attorney's investigation and evaluation of Client's claim reveals that pursuit of said claim would be impracticable, then Attorney may withdraw from representation by giving written notice to Client.

     (c)  Subparagraph (b) herein above notwithstanding, Attorney may not withdraw from representation of Client after the earlier of the following:

1

RC

(1)  The Trial Setting Conference for Client's lawsuit, or
(2)  Ninety (90) calendar days prior to trial of Client's lawsuit.

5.      **Withdrawal By Attorney**:
(a) Anything herein to the contrary notwithstanding, in the event that Client is in breach of
Paragraph 3 hereinabove, Attorney may, upon written notice, withdraw from representation of
Client at any time before or during pendency of lawsuit. Should Attorney elect to withdraw under
the provisions of this paragraph, then Client shall sign each and every document necessary to
permit Attorney to substitute out of any lawsuit in which he is attorney of record.
(b) **Settlement Offers**: If a settlement offer is tendered in the case by the defendants, and
Attorney believes, in good faith, that settlement should be accepted and attorney communicates
this to Client and Client does not agree to the settlement offer, Attorney may require Client to
advance the reasonable costs of trial in the case.  In the event that Client refuses to accept a
reasonable settlement offer and refuses to advance costs, Client thereby agrees to permit Attorney
to withdraw from the case by filing a Substitution of Attorney form, substituting Client in his/her
own Attorney, said Substitution form being signed concurrent with this Agreement
The law Offices Of Steven A. Lerman & Associates, Inc. does not maintain a policy of
errors and omissions insurance coverage applicable to the services to be rendered hereunder.

6.      **Contingency Fee**:     Client acknowledges that he or she has been advised by Attorney
that any contingency fee is negotiable and is not set by law (except that in any claim against a
health care provider for professional negligence, the contingency fee may not exceed limits
provided in California Business and Professions Code Section 6146).

Client agrees to pay to Attorney a contingency fee as follows:
An amount equal to **THIRTY-THREE & 1/3** percent (33-1/3%) of any funds received in
settlement or compromise of Client's claim, if the matter is settled before a lawsuit is filed.

If the matter is settled after a lawsuit is filed but before the pretrial or trial setting
conference, Client agrees to pay to Attorney a contingency fee of **FORTY** percent (40%).
Thereafter, Client agrees to pay an amount equal to **FORTY-FIVE** percent (45%) of any
funds recovered, whether such recovery is by way of settlement, judgment or otherwise.

Attorney shall be entitled to a fee of **THIRTY-THREE & 1/3** percent (33-1/3%) on any
funds recovered for the Client under the Medical Payments (Med-Pay) provisions of the
Client's automobile insurance policy; and **THIRTY-THREE & 1/3** percent (33-1/3%) if
said Med-Pay is part of a settlement for Uninsured Motorist Benefits.

In the event claim is arbitrated or mediated, Attorney shall be entitled to a fee of **FORTY**
percent (40%) plus costs.

Distribution of any receipt or recovery shall be made after reimbursement of costs and
disbursements as provided in the following paragraph.  In the even that all or any part of Client's
recovery entails installment payments to be made over a period of time, then the contingency fee
shall be based upon the present value of the recovery as determined under generally accepted
accounting principles, and shall be paid out of the first funds received by Client.

**Client acknowledges that in the event medical bills have to be negotiated by attorney to
finalize settlement, no funds can be disbursed to client until all medical providers agree to a
pro rata reduction of medical bills, unless funds may be clear to disburse to client with no**

2

RC

reductions applied, in which case Client will receive funds not in dispute and further disbursements may be made with the conclusion of final negotiations with  medical providers.

7.   **Costs and Disbursements**:   Client agrees to pay a **$250.00 Administrative Flat Cost**, which includes ordinary copying costs, telephone charges and postage fees.  Client also agrees to pay all costs and disbursements incurred by Attorney as reasonably required for investigation and prosecution of Client's claim.  This includes, without limitation, filing fees, service fees, charges for depositions, investigators and special copying of documents, jury fees, fees for expert witnesses and consultants, lay witness fees, travel, transportation and parking fees.

In the event Client fails to pay any of the costs and disbursements aforementioned, Attorney may (but is not obligated to) advance and pay same on Client's behalf.  Any such payments shall be repaid to Attorney by Client upon demand, and without regard to the outcome of the legal action on Client's claim.

Such costs and disbursements shall be reimbursed to whichever party, Client or Attorney, had paid or advanced same to any third party.

Any fees charged by Attorney to Client's health care provider for recovery of medical fees shall not be charged to Client.

8.   **Attorney's Lien**:   Client hereby grants and assigns to Attorney, as security for any and all amounts due and owing hereunder, an interest in Client's claim and chose in action, and a lien against and upon any funds received or recovered thereon which Client may obtain through either settlement or adjudication.

9.   **Special Power of Attorney**:  Client hereby gives Attorney a Special Power of Attorney to endorse and sign Client's name to any document, paper or check relating to the case for which this retainer is given, provided that Client will be notified of said endorsement as soon as practical by written notice to Client's last known address.  This right shall be used to expedite Client's case when Client is not readily available, and Attorney is further authorized to deposit Client's share of any monetary recovery in Attorney's Client Trust Account to be turned over to Client when available.

This Contingent Retainer Agreement was entered into at ___RIVERSIDE___, _CA_ on ___Oct 10___, ___2019___.

"ATTORNEY"

By: _____

**STEVEN A. LERMAN & ASSOCIATES, INC.**
**6033 W. Century Boulevard**
**Suite 740**
**Los Angeles, California 90045**

"CLIENT"

_Raelene MCruz_
SIGNATURE OF CLIENT
_26910 Placentia ave_
ADDRESS OF CLIENT
_Perris_
CITY, STATE & ZIP CODE
_951-729-9373_
TELEPHONE
_10-10-19_
DATE

3

RC

## CONTINGENT RETAINER AGREEMENT

THIS IS AN AGREEMENT between, *CELESTE MARIE CRUZ (19 yrs)*, hereinafter
referred to as "Client," and Steven A. Lerman & Associates, Inc., hereinafter referred to as
"Attorney," entered into on the date set forth below.

1.      **Matter Covered**:      Client hereby retains and employs Attorney and Attorney hereby
agrees to represent Client in connection with Client's claim for damages, injury or loss arising out
of the following incident, accident or transaction: *wrongful Death of Fernando Cruz
DOL 10/7/2017*

2.      **Services to be performed by Attorney**:      Attorney agrees to use his best efforts to
investigate and evaluate claim and perform the following legal services, if necessary, to represent
Client with respect to Client's claim: determining parties legally responsible, preparation and filing
of lawsuit, prosecution of lawsuit to judgment in trial court.  Further, Attorney shall represent
Client in opposing any motion for new trial.

Attorney will also be entitled to a fee of up to 33 1/3% of any amount saved on the Client's
obligations to medical providers as a result of post-settlement negotiations by Attorney and
medical providers that treated Client for accident related injuries.

No other services, however, are covered by this Agreement.  It is specifically understood that in the
event a judgment is not returned in Client's favor in the trial court, or that the amount of the
judgment is unsatisfactory to Client, Attorney shall not be obligated to prosecute a motion for new
trial without further fee arrangements between the parties.  Likewise, in the event either party
appeals from any judgment rendered by the trial court, Attorney shall not be obligated to render
services in connection therewith without additional compensation.

3.      **Cooperation of Client**:      Client agrees to cooperate with Attorney in every manner
reasonably necessary to prosecute Client's lawsuit to judgment in trial court.  Such cooperation
shall include, but shall not be limited to, appearing at noticed depositions and meeting with
Attorney or his associates in preparation therefor, answering interrogatories, requests for
production and other discovery requests propounded by opposing parties, appearing at court-
mandated or elective arbitration and meeting with Attorney or his associates in preparation
therefor, participating in legally-required medical examinations, and assisting Attorney in locating
independent witnesses known to Client.

4.      **In Pro Per Designation**:
        (a)  In the event that Attorney, in order to preserve a cause of action under an applicable
statute of limitations, or for reasons with respect to general litigation strategy, determines in his
sole discretion that a complaint initiating a lawsuit should be filed in advance of a reasonably full
and complete investigation and evaluation of Client's claim, then Attorney may do so by filing the
lawsuit in propria persona ("in pro per"), with Client named as his/her own attorney of record.
Upon completion of Attorney's investigation and evaluation of Client's claim, Attorney shall
substitute his name as attorney of record in place of that of Client.
        (b)  In the event that Attorney's investigation and evaluation of Client's claim reveals that
pursuit of said claim would be impracticable, then Attorney may withdraw from representation by
giving written notice to Client.

        (c)  Subparagraph (b) herein above notwithstanding, Attorney may not withdraw from
representation of Client after the earlier of the following:

1

(1) The Trial Setting Conference for Client's lawsuit, or

(2) Ninety (90) calendar days prior to trial of Client's lawsuit.

5.     **Withdrawal By Attorney**:

(a) Anything herein to the contrary notwithstanding, in the event that Client is in breach of Paragraph 3 hereinabove, Attorney may, upon written notice, withdraw from representation of Client at any time before or during pendency of lawsuit. Should Attorney elect to withdraw under the provisions of this paragraph, then Client shall sign each and every document necessary to permit Attorney to substitute out of any lawsuit in which he is attorney of record.

(b) **Settlement Offers**: If a settlement offer is tendered in the case by the defendants, and Attorney believes, in good faith, that settlement should be accepted and attorney communicates this to Client and Client does not agree to the settlement offer, Attorney may require Client to advance the reasonable costs of trial in the case. In the event that Client refuses to accept a reasonable settlement offer and refuses to advance costs, Client thereby agrees to permit Attorney to withdraw from the case by filing a Substitution of Attorney form, substituting Client in his/her own Attorney, said Substitution form being signed concurrent with this Agreement

The law Offices Of Steven A. Lerman & Associates, Inc. does not maintain a policy of errors and omissions insurance coverage applicable to the services to be rendered hereunder.

6.     **Contingency Fee**:     Client acknowledges that he or she has been advised by Attorney that any contingency fee is negotiable and is not set by law (except that in any claim against a health care provider for professional negligence, the contingency fee may not exceed limits provided in California Business and Professions Code Section 6146).

Client agrees to pay to Attorney a contingency fee as follows:

An amount equal to **THIRTY-THREE & 1/3** percent (33-1/3%) of any funds received in settlement or compromise of Client's claim, if the matter is settled before a lawsuit is filed.

If the matter is settled after a lawsuit is filed but before the pretrial or trial setting conference, Client agrees to pay to Attorney a contingency fee of **FORTY** percent (40%). Thereafter, Client agrees to pay an amount equal to **FORTY-FIVE** percent (45%) of any funds recovered, whether such recovery is by way of settlement, judgment or otherwise.

Attorney shall be entitled to a fee of **THIRTY-THREE & 1/3** percent (33-1/3%) on any funds recovered for the Client under the Medical Payments (Med-Pay) provisions of the Client's automobile insurance policy; and **THIRTY-THREE & 1/3** percent (33-1/3%) if said Med-Pay is part of a settlement for Uninsured Motorist Benefits.

In the event claim is arbitrated or mediated, Attorney shall be entitled to a fee of **FORTY** percent (40%) plus costs.

Distribution of any receipt or recovery shall be made after reimbursement of costs and disbursements as provided in the following paragraph. In the even that all or any part of Client's recovery entails installment payments to be made over a period of time, then the contingency fee shall be based upon the present value of the recovery as determined under generally accepted accounting principles, and shall be paid out of the first funds received by Client.

**Client acknowledges that in the event medical bills have to be negotiated by attorney to finalize settlement, no funds can be disbursed to client until all medical providers agree to a pro rata reduction of medical bills, unless funds may be clear to disburse to client with no**

reductions applied, in which case Client will receive funds not in dispute and further disbursements may be made with the conclusion of final negotiations with medical providers.

7.     **Costs and Disbursements**:   Client agrees to pay a **$250.00 Administrative Flat Cost**, which includes ordinary copying costs, telephone charges and postage fees.  Client also agrees to pay all costs and disbursements incurred by Attorney as reasonably required for investigation and prosecution of Client's claim.  This includes, without limitation, filing fees, service fees, charges for depositions, investigators and special copying of documents, jury fees, fees for expert witnesses and consultants, lay witness fees, travel, transportation and parking fees.

In the event Client fails to pay any of the costs and disbursements aforementioned, Attorney may (but is not obligated to) advance and pay same on Client's behalf.  Any such payments shall be repaid to Attorney by Client upon demand, and without regard to the outcome of the legal action on Client's claim.

Such costs and disbursements shall be reimbursed to whichever party, Client or Attorney, had paid or advanced same to any third party.

Any fees charged by Attorney to Client's health care provider for recovery of medical fees shall not be charged to Client.

8.     **Attorney's Lien**:     Client hereby grants and assigns to Attorney, as security for any and all amounts due and owing hereunder, an interest in Client's claim and chose in action, and a lien against and upon any funds received or recovered thereon which Client may obtain through either settlement or adjudication.

9.     **Special Power of Attorney**:  Client hereby gives Attorney a Special Power of Attorney to endorse and sign Client's name to any document, paper or check relating to the case for which this retainer is given, provided that Client will be notified of said endorsement as soon as practical by written notice to Client's last known address.  This right shall be used to expedite Client's case when Client is not readily available, and Attorney is further authorized to deposit Client's share of any monetary recovery in Attorney's Client Trust Account to be turned over to Client when available.

This Contingent Retainer Agreement was entered into at _RIVERSIDE_ , _CA_ on _10/10_ , _2019_ .

"ATTORNEY"

By: _____

**STEVEN A. LERMAN & ASSOCIATES, INC.**
**6033 W. Century Boulevard**
**Suite 740**
**Los Angeles, California 90045**

"CLIENT"

_Celeste cruz_
SIGNATURE OF CLIENT
_26910 Placentia Cir_
ADDRESS OF CLIENT
_Perris CA 92571_
CITY, STATE & ZIP CODE

_____
TELEPHONE
_951/729/9375_
DATE
_10/10/19_

3

## CONTINGENT RETAINER AGREEMENT

THIS IS AN AGREEMENT between *Fernando Cruz JR (22yrs), hereinafter referred to as "Client," and Steven A. Lerman & Associates, Inc., hereinafter referred to as "Attorney," entered into on the date set forth below.

1.     **Matter Covered**:     Client hereby retains and employs Attorney and Attorney hereby agrees to represent Client in connection with Client's claim for damages, injury or loss arising out of the following incident, accident or transaction: _wrongful Death of Fernando Cruz DOL 10/7/2019_

2.     **Services to be performed by Attorney**:     Attorney agrees to use his best efforts to investigate and evaluate claim and perform the following legal services, if necessary, to represent Client with respect to Client's claim: determining parties legally responsible, preparation and filing of lawsuit, prosecution of lawsuit to judgment in trial court.  Further, Attorney shall represent Client in opposing any motion for new trial.

Attorney will also be entitled to a fee of up to 33 1/3% of any amount saved on the Client's obligations to medical providers as a result of post-settlement negotiations by Attorney and medical providers that treated Client for accident related injuries.

No other services, however, are covered by this Agreement.  It is specifically understood that in the event a judgment is not returned in Client's favor in the trial court, or that the amount of the judgment is unsatisfactory to Client, Attorney shall not be obligated to prosecute a motion for new trial without further fee arrangements between the parties.  Likewise, in the event either party appeals from any judgment rendered by the trial court, Attorney shall not be obligated to render services in connection therewith without additional compensation.

3.     **Cooperation of Client**:     Client agrees to cooperate with Attorney in every manner reasonably necessary to prosecute Client's lawsuit to judgment in trial court.  Such cooperation shall include, but shall not be limited to, appearing at noticed depositions and meeting with Attorney or his associates in preparation therefor, answering interrogatories, requests for production and other discovery requests propounded by opposing parties, appearing at court-mandated or elective arbitration and meeting with Attorney or his associates in preparation therefor, participating in legally-required medical examinations, and assisting Attorney in locating independent witnesses known to Client.

4.     **In Pro Per Designation**:
        (a)  In the event that Attorney, in order to preserve a cause of action under an applicable statute of limitations, or for reasons with respect to general litigation strategy, determines in his sole discretion that a complaint initiating a lawsuit should be filed in advance of a reasonably full and complete investigation and evaluation of Client's claim, then Attorney may do so by filing the lawsuit in propria persona ("in pro per"), with Client named as his/her own attorney of record.  Upon completion of Attorney's investigation and evaluation of Client's claim, Attorney shall substitute his name as attorney of record in place of that of Client.
        (b)  In the event that Attorney's investigation and evaluation of Client's claim reveals that pursuit of said claim would be impracticable, then Attorney may withdraw from representation by giving written notice to Client.

        (c)  Subparagraph (b) herein above notwithstanding, Attorney may not withdraw from representation of Client after the earlier of the following:

1

* FC

(1) The Trial Setting Conference for Client's lawsuit, or

(2) Ninety (90) calendar days prior to trial of Client's lawsuit.

5. **Withdrawal By Attorney**:

(a) Anything herein to the contrary notwithstanding, in the event that Client is in breach of Paragraph 3 hereinabove, Attorney may, upon written notice, withdraw from representation of Client at any time before or during pendency of lawsuit. Should Attorney elect to withdraw under the provisions of this paragraph, then Client shall sign each and every document necessary to permit Attorney to substitute out of any lawsuit in which he is attorney of record.

(b) **Settlement Offers**: If a settlement offer is tendered in the case by the defendants, and Attorney believes, in good faith, that settlement should be accepted and attorney communicates this to Client and Client does not agree to the settlement offer, Attorney may require Client to advance the reasonable costs of trial in the case. In the event that Client refuses to accept a reasonable settlement offer and refuses to advance costs, Client thereby agrees to permit Attorney to withdraw from the case by filing a Substitution of Attorney form, substituting Client in his/her own Attorney, said Substitution form being signed concurrent with this Agreement

The law Offices Of Steven A. Lerman & Associates, Inc. does not maintain a policy of errors and omissions insurance coverage applicable to the services to be rendered hereunder.

6. **Contingency Fee**: Client acknowledges that he or she has been advised by Attorney that any contingency fee is negotiable and is not set by law (except that in any claim against a health care provider for professional negligence, the contingency fee may not exceed limits provided in California Business and Professions Code Section 6146).

Client agrees to pay to Attorney a contingency fee as follows:

An amount equal to **THIRTY-THREE & 1/3** percent (33-1/3%) of any funds received in settlement or compromise of Client's claim, if the matter is settled before a lawsuit is filed.

If the matter is settled after a lawsuit is filed but before the pretrial or trial setting conference, Client agrees to pay to Attorney a contingency fee of **FORTY** percent (40%). Thereafter, Client agrees to pay an amount equal to **FORTY-FIVE** percent (45%) of any funds recovered, whether such recovery is by way of settlement, judgment or otherwise.

Attorney shall be entitled to a fee of **THIRTY-THREE & 1/3** percent (33-1/3%) on any funds recovered for the Client under the Medical Payments (Med-Pay) provisions of the Client's automobile insurance policy; and **THIRTY-THREE & 1/3** percent (33-1/3%) if said Med-Pay is part of a settlement for Uninsured Motorist Benefits.

In the event claim is arbitrated or mediated, Attorney shall be entitled to a fee of **FORTY** percent (40%) plus costs.

Distribution of any receipt or recovery shall be made after reimbursement of costs and disbursements as provided in the following paragraph. In the even that all or any part of Client's recovery entails installment payments to be made over a period of time, then the contingency fee shall be based upon the present value of the recovery as determined under generally accepted accounting principles, and shall be paid out of the first funds received by Client.

**Client acknowledges that in the event medical bills have to be negotiated by attorney to finalize settlement, no funds can be disbursed to client until all medical providers agree to a pro rata reduction of medical bills, unless funds may be clear to disburse to client with no**

2

✻ FC

reductions applied, in which case Client will receive funds not in dispute and further disbursements may be made with the conclusion of final negotiations with medical providers.

7.    <u>Costs and Disbursements</u>:   Client agrees to pay a **$250.00 Administrative Flat Cost**, which includes ordinary copying costs, telephone charges and postage fees.  Client also agrees to pay all costs and disbursements incurred by Attorney as reasonably required for investigation and prosecution of Client's claim.  This includes, without limitation, filing fees, service fees, charges for depositions, investigators and special copying of documents, jury fees, fees for expert witnesses and consultants, lay witness fees, travel, transportation and parking fees.

In the event Client fails to pay any of the costs and disbursements aforementioned, Attorney may (but is not obligated to) advance and pay same on Client's behalf.  Any such payments shall be repaid to Attorney by Client upon demand, and without regard to the outcome of the legal action on Client's claim.

Such costs and disbursements shall be reimbursed to whichever party, Client or Attorney, had paid or advanced same to any third party.

Any fees charged by Attorney to Client's health care provider for recovery of medical fees shall not be charged to Client.

8.    <u>Attorney's Lien</u>:    Client hereby grants and assigns to Attorney, as security for any and all amounts due and owing hereunder, an interest in Client's claim and chose in action, and a lien against and upon any funds received or recovered thereon which Client may obtain through either settlement or adjudication.

9.    <u>Special Power of Attorney</u>:  Client hereby gives Attorney a Special Power of Attorney to endorse and sign Client's name to any document, paper or check relating to the case for which this retainer is given, provided that Client will be notified of said endorsement as soon as practical by written notice to Client's last known address.  This right shall be used to expedite Client's case when Client is not readily available, and Attorney is further authorized to deposit Client's share of any monetary recovery in Attorney's Client Trust Account to be turned over to Client when available.

This Contingent Retainer Agreement was entered into at _RIVERSIDE_, _CA_ on ___OCT 10___, ___2019___.

"ATTORNEY"

By: _____

STEVEN A. LERMAN & ASSOCIATES, INC.
6033 W. Century Boulevard
Suite 740
Los Angeles, California 90045

"CLIENT"

✗ _Fernando Cruz_
SIGNATURE OF CLIENT
_2626 Placentia Ave_
ADDRESS OF CLIENT
_Perris CA 92571_
CITY, STATE & ZIP CODE
_951 479 9373_
TELEPHONE
_10 10 19_
DATE

✗ _FC_

3

## CONTINGENT RETAINER AGREEMENT

THIS IS AN AGREEMENT between, _Sarah Cruz Reaza_, hereinafter referred to as "Client," and Steven A. Lerman & Associates, Inc., hereinafter referred to as "Attorney," entered into on the date set forth below.

1.   **Matter Covered**:       Client hereby retains and employs Attorney and Attorney hereby agrees to represent Client in connection with Client's claim for damages, injury or loss arising out of the following incident, accident or transaction: _Wrongful Death of_ _Fernando Cruz (Bio Son) DOC 10/7/2019_

2.   **Services to be performed by Attorney**:       Attorney agrees to use his best efforts to investigate and evaluate claim and perform the following legal services, if necessary, to represent Client with respect to Client's claim: determining parties legally responsible, preparation and filing of lawsuit, prosecution of lawsuit to judgment in trial court.  Further, Attorney shall represent Client in opposing any motion for new trial.

Attorney will also be entitled to a fee of up to 33 1/3% of any amount saved on the Client's obligations to medical providers as a result of post-settlement negotiations by Attorney and medical providers that treated Client for accident related injuries.

No other services, however, are covered by this Agreement.  It is specifically understood that in the event a judgment is not returned in Client's favor in the trial court, or that the amount of the judgment is unsatisfactory to Client, Attorney shall not be obligated to prosecute a motion for new trial without further fee arrangements between the parties.  Likewise, in the event either party appeals from any judgment rendered by the trial court, Attorney shall not be obligated to render services in connection therewith without additional compensation.

3.   **Cooperation of Client**:       Client agrees to cooperate with Attorney in every manner reasonably necessary to prosecute Client's lawsuit to judgment in trial court.  Such cooperation shall include, but shall not be limited to, appearing at noticed depositions and meeting with Attorney or his associates in preparation therefor, answering interrogatories, requests for production and other discovery requests propounded by opposing parties, appearing at court-mandated or elective arbitration and meeting with Attorney or his associates in preparation therefor, participating in legally-required medical examinations, and assisting Attorney in locating independent witnesses known to Client.

4.   **In Pro Per Designation**:
      (a)  In the event that Attorney, in order to preserve a cause of action under an applicable statute of limitations, or for reasons with respect to general litigation strategy, determines in his sole discretion that a complaint initiating a lawsuit should be filed in advance of a reasonably full and complete investigation and evaluation of Client's claim, then Attorney may do so by filing the lawsuit in propria persona ("in pro per"), with Client named as his/her own attorney of record. Upon completion of Attorney's investigation and evaluation of Client's claim, Attorney shall substitute his name as attorney of record in place of that of Client.
      (b)  In the event that Attorney's investigation and evaluation of Client's claim reveals that pursuit of said claim would be impracticable, then Attorney may withdraw from representation by giving written notice to Client.

      (c)  Subparagraph (b) herein above notwithstanding, Attorney may not withdraw from representation of Client after the earlier of the following:

(1)  The Trial Setting Conference for Client's lawsuit, or

(2)  Ninety (90) calendar days prior to trial of Client's lawsuit.

5.      **Withdrawal By Attorney**:

(a) Anything herein to the contrary notwithstanding, in the event that Client is in breach of Paragraph 3 hereinabove, Attorney may, upon written notice, withdraw from representation of Client at any time before or during pendency of lawsuit.  Should Attorney elect to withdraw under the provisions of this paragraph, then Client shall sign each and every document necessary to permit Attorney to substitute out of any lawsuit in which he is attorney of record.

(b) **Settlement Offers**: If a settlement offer is tendered in the case by the defendants, and Attorney believes, in good faith, that settlement should be accepted and attorney communicates this to Client and Client does not agree to the settlement offer, Attorney may require Client to advance the reasonable costs of trial in the case.  In the event that Client refuses to accept a reasonable settlement offer and refuses to advance costs, Client thereby agrees to permit Attorney to withdraw from the case by filing a Substitution of Attorney form, substituting Client in his/her own Attorney, said Substitution form being signed concurrent with this Agreement

The law Offices Of Steven A. Lerman & Associates, Inc. does not maintain a policy of errors and omissions insurance coverage applicable to the services to be rendered hereunder.

6.      **Contingency Fee**:      Client acknowledges that he or she has been advised by Attorney that any contingency fee is negotiable and is not set by law (except that in any claim against a health care provider for professional negligence, the contingency fee may not exceed limits provided in California Business and Professions Code Section 6146).

Client agrees to pay to Attorney a contingency fee as follows:

An amount equal to **THIRTY-THREE & 1/3** percent (33-1/3%) of any funds received in settlement or compromise of Client's claim, if the matter is settled before a lawsuit is filed.

If the matter is settled after a lawsuit is filed but before the pretrial or trial setting conference, Client agrees to pay to Attorney a contingency fee of **FORTY** percent (40%). Thereafter, Client agrees to pay an amount equal to **FORTY-FIVE** percent (45%) of any funds recovered, whether such recovery is by way of settlement, judgment or otherwise.

Attorney shall be entitled to a fee of **THIRTY-THREE & 1/3** percent (33-1/3%) on any funds recovered for the Client under the Medical Payments (Med-Pay) provisions of the Client's automobile insurance policy; and **THIRTY-THREE & 1/3** percent (33-1/3%) if said Med-Pay is part of a settlement for Uninsured Motorist Benefits.

In the event claim is arbitrated or mediated, Attorney shall be entitled to a fee of **FORTY** percent (40%) plus costs.

Distribution of any receipt or recovery shall be made after reimbursement of costs and disbursements as provided in the following paragraph.  In the even that all or any part of Client's recovery entails installment payments to be made over a period of time, then the contingency fee shall be based upon the present value of the recovery as determined under generally accepted accounting principles, and shall be paid out of the first funds received by Client.

**Client acknowledges that in the event medical bills have to be negotiated by attorney to finalize settlement, no funds can be disbursed to client until all medical providers agree to a pro rata reduction of medical bills, unless funds may be clear to disburse to client with no**

2

reductions applied, in which case Client will receive funds not in dispute and further disbursements may be made with the conclusion of final negotiations with medical providers.

7.     **Costs and Disbursements**:   Client agrees to pay a **$250.00 Administrative Flat Cost**, which includes ordinary copying costs, telephone charges and postage fees.  Client also agrees to pay all costs and disbursements incurred by Attorney as reasonably required for investigation and prosecution of Client's claim.  This includes, without limitation, filing fees, service fees, charges for depositions, investigators and special copying of documents, jury fees, fees for expert witnesses and consultants, lay witness fees, travel, transportation and parking fees.

In the event Client fails to pay any of the costs and disbursements aforementioned, Attorney may (but is not obligated to) advance and pay same on Client's behalf.  Any such payments shall be repaid to Attorney by Client upon demand, and without regard to the outcome of the legal action on Client's claim.

Such costs and disbursements shall be reimbursed to whichever party, Client or Attorney, had paid or advanced same to any third party.

Any fees charged by Attorney to Client's health care provider for recovery of medical fees shall not be charged to Client.

8.     **Attorney's Lien**:     Client hereby grants and assigns to Attorney, as security for any and all amounts due and owing hereunder, an interest in Client's claim and chose in action, and a lien against and upon any funds received or recovered thereon which Client may obtain through either settlement or adjudication.

9.     **Special Power of Attorney**:  Client hereby gives Attorney a Special Power of Attorney to endorse and sign Client's name to any document, paper or check relating to the case for which this retainer is given, provided that Client will be notified of said endorsement as soon as practical by written notice to Client's last known address.  This right shall be used to expedite Client's case when Client is not readily available, and Attorney is further authorized to deposit Client's share of any monetary recovery in Attorney's Client Trust Account to be turned over to Client when available.

This Contingent Retainer Agreement was entered into at _Riverside_, _CA_ on _Oct 8_, _2019_.

"ATTORNEY"

By: _____

**STEVEN A. LERMAN & ASSOCIATES, INC.**
**6033 W. Century Boulevard**
**Suite 740**
**Los Angeles, California 90045**

"CLIENT"

X _____
SIGNATURE OF CLIENT

_____
ADDRESS OF CLIENT

_____
CITY, STATE & ZIP CODE

_____
TELEPHONE

_____
DATE

3

## CONTINGENT RETAINER AGREEMENT

THIS IS AN AGREEMENT between, _Joseph ALBiDrez_ _Heirs_, hereinafter
referred to as "Client," and Steven A. Lerman & Associates, Inc., hereinafter referred to as
"Attorney," entered into on the date set forth below.

1.      **Matter Covered**:      Client hereby retains and employs Attorney and Attorney hereby
agrees to represent Client in connection with Client's claim for damages, injury or loss arising out
of the following incident, accident or transaction: _wrongful Death of_
_Fernando Cruz_
_DOC 10/7/2019_

2.      **Services to be performed by Attorney**:      Attorney agrees to use his best efforts to
investigate and evaluate claim and perform the following legal services, if necessary, to represent
Client with respect to Client's claim: determining parties legally responsible, preparation and filing
of lawsuit, prosecution of lawsuit to judgment in trial court.  Further, Attorney shall represent
Client in opposing any motion for new trial.

Attorney will also be entitled to a fee of up to 33 1/3% of any amount saved on the Client's
obligations to medical providers as a result of post-settlement negotiations by Attorney and
medical providers that treated Client for accident related injuries.

No other services, however, are covered by this Agreement.  It is specifically understood that in the
event a judgment is not returned in Client's favor in the trial court, or that the amount of the
judgment is unsatisfactory to Client, Attorney shall not be obligated to prosecute a motion for new
trial without further fee arrangements between the parties.  Likewise, in the event either party
appeals from any judgment rendered by the trial court, Attorney shall not be obligated to render
services in connection therewith without additional compensation.

3.      **Cooperation of Client**:      Client agrees to cooperate with Attorney in every manner
reasonably necessary to prosecute Client's lawsuit to judgment in trial court.  Such cooperation
shall include, but shall not be limited to, appearing at noticed depositions and meeting with
Attorney or his associates in preparation therefor, answering interrogatories, requests for
production and other discovery requests propounded by opposing parties, appearing at court-
mandated or elective arbitration and meeting with Attorney or his associates in preparation
therefor, participating in legally-required medical examinations, and assisting Attorney in locating
independent witnesses known to Client.

4.      **In Pro Per Designation**:
        (a)  In the event that Attorney, in order to preserve a cause of action under an applicable
statute of limitations, or for reasons with respect to general litigation strategy, determines in his
sole discretion that a complaint initiating a lawsuit should be filed in advance of a reasonably full
and complete investigation and evaluation of Client's claim, then Attorney may do so by filing the
lawsuit in propria persona ("in pro per"), with Client named as his/her own attorney of record.
Upon completion of Attorney's investigation and evaluation of Client's claim, Attorney shall
substitute his name as attorney of record in place of that of Client.
        (b)  In the event that Attorney's investigation and evaluation of Client's claim reveals that
pursuit of said claim would be impracticable, then Attorney may withdraw from representation by
giving written notice to Client.

        (c)  Subparagraph (b) herein above notwithstanding, Attorney may not withdraw from
representation of Client after the earlier of the following:

1

(1)  The Trial Setting Conference for Client's lawsuit, or

(2)  Ninety (90) calendar days prior to trial of Client's lawsuit.

5.     **Withdrawal By Attorney**:
       (a) Anything herein to the contrary notwithstanding, in the event that Client is in breach of Paragraph 3 hereinabove, Attorney may, upon written notice, withdraw from representation of Client at any time before or during pendency of lawsuit. Should Attorney elect to withdraw under the provisions of this paragraph, then Client shall sign each and every document necessary to permit Attorney to substitute out of any lawsuit in which he is attorney of record.
       (b) **Settlement Offers**: If a settlement offer is tendered in the case by the defendants, and Attorney believes, in good faith, that settlement should be accepted and attorney communicates this to Client and Client does not agree to the settlement offer, Attorney may require Client to advance the reasonable costs of trial in the case.  In the event that Client refuses to accept a reasonable settlement offer and refuses to advance costs, Client thereby agrees to permit Attorney to withdraw from the case by filing a Substitution of Attorney form, substituting Client in his/her own Attorney, said Substitution form being signed concurrent with this Agreement
       The law Offices Of Steven A. Lerman & Associates, Inc. does not maintain a policy of errors and omissions insurance coverage applicable to the services to be rendered hereunder.

6.     **Contingency Fee**:     Client acknowledges that he or she has been advised by Attorney that any contingency fee is negotiable and is not set by law (except that in any claim against a health care provider for professional negligence, the contingency fee may not exceed limits provided in California Business and Professions Code Section 6146).

Client agrees to pay to Attorney a contingency fee as follows:
       An amount equal to **THIRTY-THREE & 1/3** percent (33-1/3%) of any funds received in settlement or compromise of Client's claim, if the matter is settled before a lawsuit is filed.

       If the matter is settled after a lawsuit is filed but before the pretrial or trial setting conference, Client agrees to pay to Attorney a contingency fee of **FORTY** percent (40%). Thereafter, Client agrees to pay an amount equal to **FORTY-FIVE** percent (45%) of any funds recovered, whether such recovery is by way of settlement, judgment or otherwise.

       Attorney shall be entitled to a fee of **THIRTY-THREE & 1/3** percent (33-1/3%) on any funds recovered for the Client under the Medical Payments (Med-Pay) provisions of the Client's automobile insurance policy; and **THIRTY-THREE & 1/3** percent (33-1/3%) if said Med-Pay is part of a settlement for Uninsured Motorist Benefits.

       In the event claim is arbitrated or mediated, Attorney shall be entitled to a fee of **FORTY** percent (40%) plus costs.

Distribution of any receipt or recovery shall be made after reimbursement of costs and disbursements as provided in the following paragraph.  In the even that all or any part of Client's recovery entails installment payments to be made over a period of time, then the contingency fee shall be based upon the present value of the recovery as determined under generally accepted accounting principles, and shall be paid out of the first funds received by Client.

**Client acknowledges that in the event medical bills have to be negotiated by attorney to finalize settlement, no funds can be disbursed to client until all medical providers agree to a pro rata reduction of medical bills, unless funds may be clear to disburse to client with no**

2

reductions applied, in which case Client will receive funds not in dispute and further disbursements may be made with the conclusion of final negotiations with medical providers.

7.      **Costs and Disbursements**:    Client agrees to pay a **$250.00 Administrative Flat Cost**, which includes ordinary copying costs, telephone charges and postage fees.  Client also agrees to pay all costs and disbursements incurred by Attorney as reasonably required for investigation and prosecution of Client's claim.  This includes, without limitation, filing fees, service fees, charges for depositions, investigators and special copying of documents, jury fees, fees for expert witnesses and consultants, lay witness fees, travel, transportation and parking fees.

In the event Client fails to pay any of the costs and disbursements aforementioned, Attorney may (but is not obligated to) advance and pay same on Client's behalf.  Any such payments shall be repaid to Attorney by Client upon demand, and without regard to the outcome of the legal action on Client's claim.

Such costs and disbursements shall be reimbursed to whichever party, Client or Attorney, had paid or advanced same to any third party.

Any fees charged by Attorney to Client's health care provider for recovery of medical fees shall not be charged to Client.

8.      **Attorney's Lien**:      Client hereby grants and assigns to Attorney, as security for any and all amounts due and owing hereunder, an interest in Client's claim and chose in action, and a lien against and upon any funds received or recovered thereon which Client may obtain through either settlement or adjudication.

9.      **Special Power of Attorney**:  Client hereby gives Attorney a Special Power of Attorney to endorse and sign Client's name to any document, paper or check relating to the case for which this retainer is given, provided that Client will be notified of said endorsement as soon as practical by written notice to Client's last known address.  This right shall be used to expedite Client's case when Client is not readily available, and Attorney is further authorized to deposit Client's share of any monetary recovery in Attorney's Client Trust Account to be turned over to Client when available.

This Contingent Retainer Agreement was entered into at _Riverside_, _CA_ on _Oct 10_, _2019_.

"ATTORNEY"

By: _____

**STEVEN A. LERMAN & ASSOCIATES, INC.**
**6033 W. Century Boulevard**
**Suite 740**
**Los Angeles, California 90045**

GUARDIAN "CLIENT" ADLETEM
Danne Hibbrel
**SIGNATURE OF CLIENT**
26910 Placentia Ave
**ADDRESS OF CLIENT**
Perris CA 92571
**CITY, STATE & ZIP CODE**
951 729 9373
**TELEPHONE**
10 10 19
**DATE**

3