# Exhibit C

DocuSign Envelope ID: C8ABC588-B651-4675-BBAF-A9607FB16938



## LAW OFFICES OF
## DALE K. GALIPO

21800 BURBANK BOULEVARD, SUITE 310 | WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 347-3333 | FACSIMILE (818) 347-4118 | dalekgalipo@yahoo.com

### Rule 1.5.1 Disclosure and Authorization Regarding Fee Sharing Agreement

California Rules of Professional Conduct, Rule 1.5.1, requires that any fee sharing agreement between attorneys be placed in writing and disclosed to the client. The purpose of this document is to disclose and obtain authorization regarding the fee sharing agreement reached between Dale Galipo Esq., Steven A. Lerman & Associates, Inc., and Gregory Peacock, Esq. (collectively, "Attorneys").

Client understands that the total contingency fee charged by all lawyers is not increased solely by reason of the agreement to divide fees. Pursuant to California Rules of Professional Conduct, Rule 1.5.1, Client agrees that the contingency fees in the case will be shared as follows:

1. If the case settles before a jury is empaneled, 33.34% of the contingency fee recovered to Dale Galipo Esq., 45% to Steven A. Lerman & Associates, Inc., and 21.66% to Gregory Peacock, Esq.
2. If a jury is empaneled, 50% of the contingency fee recovered to Dale Galipo Esq., 35% to Steven A. Lerman & Associates, Inc., and 15% to Gregory Peacock, Esq.

In providing this consent, Client has been fully informed of California Rules of Professional Conduct, Rule 1.5.1, which provides as follows:

(a) Lawyers who are not in the same law firm shall not divide a fee for legal services unless:
  (1) the lawyers enter into a written agreement to divide the fee;
  (2) the client has consented in writing, either at the time the lawyers enter into the agreement to divide the fee or as soon thereafter as reasonably practicable, after a full written disclosure to the client of: (i) the fact that a division of fees will be made; (ii) the identity of the lawyers or law firms that are parties to the division; and (iii) the terms of the division; and
  (3) the total fee charged by all lawyers is not increased solely by reason of the agreement to divide fees.
(b) This rule does not apply to a division of fees pursuant to court order.

The distribution of contingency fees between Attorneys shall not increase the amount of contingency fees paid by Client. This distribution applies to contingency fees only, and not statutory fees that may be awarded by the court or as part of a post-trial settlement agreement.

Client acknowledges that they have been advised by Attorneys that contingency fee arrangements are not set by law, and that the contingency fee set forth above has been discussed and agreed upon by Attorneys and Client. Attorneys shall also be entitled to statutory fees as described below pursuant to 42 U.S.C. section 1988.

Attorneys agree to perform the legal services reasonably required to protect Client's rights through settlement or judgment in a trial court and, if the judgment is in Client's favor, to oppose any motion for a new trial. However, Attorneys do not agree to initiate an appeal or oppose any appellate proceeding and work on an appeal is not covered by this agreement.

1. **Statutory Fees**

Attorneys may be awarded fees by the Court, including but not limited to fees pursuant to 42 U.S.C §1988. Client agrees and understand that any such fees awarded by the Court to Attorneys belong to the Attorneys, separate and apart from any contingency fees, and not to Client. Client understands that statutory fees and cost reimbursement will be requested for actual work done on the case at the conclusion of the case if the Attorneys prevail on a constitutional violation. The Law Offices of Dale K. Galipo, Steven A. Lerman & Associates, Inc., and Gregory Peacock, Esq. will each separately retain whatever statutory fees the Court should award to them by way of the attorneys working on this case within each office or by way of post-trial settlement on the statutory attorney fee.

2. **Liens**

Attorneys are granted a lien against any recovery in the amount of said fees. Additional fee arrangements will be made in the event an appeal becomes necessary.

3. **Costs**

Attorney shall advance all costs necessary for the prosecution of the case. Steven A. Lerman & Associates, Inc. was responsible for the costs incurred prior to the signing of this agreement. After the signing of this agreement, the Attorneys will be responsible for costs as follows: If the case settles before a jury is empaneled, Dale Galipo Esq. will be responsible for 33.34% of the costs, and Steven A. Lerman & Associates, Inc. for 66.66%. If a jury is empaneled, Dale Galipo Esq. will be responsible for 50% of the costs, and Steven A. Lerman & Associates, Inc. for 50%.

The Attorneys shall be reimbursed for all costs from the gross settlement or judgement. Cost reimbursement is separate and apart from attorney contingency fees. If there is no recovery, the Client shall not be responsible to reimburse his Attorneys for any costs advanced. The costs that will be advanced by Attorneys but deducted from the settlement or judgment, in addition to the contingency fees under 42 U.S.C. §1988, include, but are not limited to: filing fees, service fees, messenger fees, investigation fees, copying costs, postage, supplies, interpreters, depositions, transcription services, expert fees, demonstrative exhibits, mediation costs, travel and parking.

In accordance with Section 6147 of the Business and Professions Code, Clients are advised: Attorneys' fees are not set by law but are subject to negotiation between the parties, except in some cases (such as Business and Professions Code, Section 6146, applicable to medical malpractice cases) where the law sets a maximum fee, and in such case the law does not prevent negotiation of a lower fee.

## IF THERE IS NO RECOVERY OF MONEY DAMAGES, THERE ARE NO ATTORNEYS FEES AND COSTS OWED TO ATTORNEYS

By signing below, Client consents to the fee-sharing agreement set forth above between Dale Galipo Esq., Steven A. Lerman & Associates, Inc., and Gregory Peacock, Esq.

Date: 5-13-23

_Sarah Cruz Reaza_
Client: Sarah Cruz Reaza

Date: 5-14-2023

_Fernando Baeza_
Client: Fernando Baeza

Date: _____

_____
Client: Fernando Cruz, Jr., a mentally disabled adult by and through his guardian Joanne Albidrez

Date: _____

_____
Client: Frank Fidel Cruz

Date:_____

_____
Client: Celeste Marie Cruz

Date:_____

_____
Client: Raelene Marie Cruz

Date:_____

_____
Client: Joseph Albidrez

Date:_____

_____
Client: I.C., through guardian Joanne Albidrez

Date:_____

_____
Client: L. M. C., Joanne Albidrez

Date: 5-17-23

_____
Steven A. Lerman & Associates, Inc.

Date: 5/17/2023

_____
Gregory Peacock, Esq.

Date: 5-17-2023

_____
Dale Galipo Esq.

The Attorneys shall be reimbursed for all costs from the gross settlement or judgement. Cost reimbursement is separate and apart from attorney contingency fees. If there is no recovery, the Client shall not be responsible to reimburse his Attorneys for any costs advanced. The costs that will be advanced by Attorneys but deducted from the settlement or judgment, in addition to the contingency fees under 42 U.S.C. §1988, include, but are not limited to: filing fees, service fees, messenger fees, investigation fees, copying costs, postage, supplies, interpreters, depositions, transcription services, expert fees, demonstrative exhibits, mediation costs, travel and parking.

In accordance with Section 6147 of the Business and Professions Code, Clients are advised: Attorneys' fees are not set by law but are subject to negotiation between the parties, except in some cases (such as Business and Professions Code, Section 6146, applicable to medical malpractice cases) where the law sets a maximum fee, and in such case the law does not prevent negotiation of a lower fee.

### IF THERE IS NO RECOVERY OF MONEY DAMAGES, THERE ARE NO ATTORNEYS FEES AND COSTS OWED TO ATTORNEYS

By signing below, Client consents to the fee-sharing agreement set forth above between Dale Galipo Esq., Steven A. Lerman & Associates, Inc., and Gregory Peacock, Esq.

Date: _____

Client: Sarah Cruz Reaza

Date: _____

Client: Fernando Baeza

Date: 5·16·2023

*/s/ Joanne Albidrez*

Client: Fernando Cruz, Jr., a mentally disabled adult by and through his guardian Joanne Albidrez

Date: 5·16·2023

*/s/ Frank Cruz*

Client: Frank Fidel Cruz

Date:_____

_Celeste Cruz_ (signature)

Client: Celeste Marie Cruz

Date: 5\6 23

_Raelene Cruz_ (signature)

Client: Raelene Marie Cruz

Date: 5 16 2023

_Joseph albidrez_ (signature)

Client: Joseph Albidrez

Date: 5 16 2023

_Joanne Albidrez_ (signature)

Client: I.C., through guardian Joanne Albidrez

Date: 5 16 2023

_Joanne Albidrez_ (signature)

Client: L. M. C., Joanne Albidrez

Date:_____

_____

Steven A. Lerman & Associates, Inc.

Date:_____

_____

Gregory Peacock, Esq.

Date:_____

_____

Dale Galipo Esq.

The Attorneys shall be reimbursed for all costs from the gross settlement or judgement. Cost reimbursement is separate and apart from attorney contingency fees. If there is no recovery, the Client shall not be responsible to reimburse his Attorneys for any costs advanced. The costs that will be advanced by Attorneys but deducted from the settlement or judgment, in addition to the contingency fees under 42 U.S.C. §1988, include, but are not limited to: filing fees, service fees, messenger fees, investigation fees, copying costs, postage, supplies, interpreters, depositions, transcription services, expert fees, demonstrative exhibits, mediation costs, travel and parking.

In accordance with Section 6147 of the Business and Professions Code, Clients are advised: Attorneys' fees are not set by law but are subject to negotiation between the parties, except in some cases (such as Business and Professions Code, Section 6146, applicable to medical malpractice cases) where the law sets a maximum fee, and in such case the law does not prevent negotiation of a lower fee.

**IF THERE IS NO RECOVERY OF MONEY DAMAGES,**
**THERE ARE NO ATTORNEYS FEES AND COSTS OWED TO ATTORNEYS**

By signing below, Client consents to the fee-sharing agreement set forth above between Dale Galipo Esq., Steven A. Lerman & Associates, Inc., and Gregory Peacock, Esq.

Date: 8/17/2023

Date: 8/17/2023

Date: 8/17/2023

Date: _____

Date: 8/17/2023

Client: I.R.C., through guardian Joanne Albidrez
(DocuSigned by: Joanne Albidrez on behalf of I.R.C.)

Client: E.M.C., through Guardian Joanne Albidrez
(DocuSigned by: Joanne Albidrez on behalf of E.M.C.)

Steven A. Lerman & Associates, Inc.

Gregory Peacock, Esq.

Dale Galipo Esq.