O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH CRUZ REAZA, individually and as Successor-in-Interest of Decedent Fernando Cruz; FERNANDO BAEZA, individually and as Successor-in-Interest of Decedent Fernando Cruz; FERNANDO CRUZ, JR., individually and as Successor-in-Interest of Decedent Fernando Cruz; CELESTE MARIE CRUZ, individually and as Successor-in- Interest of Decedent Fernando Cruz; RAELENE MARIE CRUZ, individually and as Successor-in-Interest of Decedent Fernando Cruz, J.A., by and through his guardian; JOANNE ALBIDREZ, I.C., by and through his guardian; JOANNE ALBIDREZ, L.M.C., by and through her guardian; JOANNE ALBIDREZ, I.R.C., by and through her guardian; JOANNE ALBIDREZ, and E.M.C., by and through her guardian, JOANNE ALBIDREZ,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF RIVERSIDE; ROBERT ROACH; ANDREW LUCIFORA; GEOFFREY GILLISON; TODD HALBEISEN; AND DOES 1 through 20, Inclusive,<br><br>　　　　　　Defendant. | Case No.: 5:20-cv-01188-MEMF-SP<br><br>**ORDER GRANTING *EX PARTE* MOTION FOR APPROVAL OF MINOR'S COMPROMISE [ECF NO 184]** |

Before the Court is an *Ex Parte* Motion for Approval of Minor's Compromise. ECF No. 184. For the reasons stated herein, the Court GRANTS the Motion.

## I. Factual Background[1]

This action stems from the death of Fernando Cruz on October 7, 2019. *See* SAC ¶¶ 21–32. Riverside County Sheriff's Officers responded to a call and apprehended Fernando Cruz, then placed him on the ground on his stomach, handcuffed him, pressed a baton into his back, punched the back of his head, kneeled on top of him, and finally placed him in hobble restraints. *See id.* ¶¶ 21–31. Fernando Cruz stopped breathing as this occurred and ultimately perished. *See id.* ¶ 31. The officers involved included Defendants Robert Roach, Andrew Lucifora, Geoffrey Gillison, and Todd Halbeisen. *See id.* ¶¶ 11–14, 22, 26.

Plaintiff Sarah Cruz Reaza is Fernando Cruz's mother. *See id.* ¶ 1. Plaintiff Fernando Beaza is Fernando Cruz's father. *See id.* ¶ 2. Plaintiffs J.A., I.C., and Fernando Cruz, Jr. are Fernando Cruz's sons. *See id.* ¶¶ 3, 7, 8. Plaintiffs L.M.C., Celeste Marie Cruz, and Raelene Marie Cruz are Fernando Cruz's daughters. *See* SAC ¶¶ 5, 6, 9. Plaintiffs I.R.C. and E.M.C. are Fernando Cruz's grandchildren; they are the children of Frank Fidel Cruz, who is deceased, but was Fernando Cruz's son. *See id.* ¶ 4 (alleging that I.R.C and E.M.C. are Frank Fidel Cruz's children, and that Frank Fidel Cruz is deceased); *see also* ECF No. 1 ¶ 4 (alleging that Frank Fidel Cruz is Fernando Cruz's son).

I.R.C, E.M.C., I.C., and L.M.C. are currently minors[2]. *See* ECF No. 184-1 ¶¶ 4, 5, 7, 8,

## II. Procedural History

Plaintiffs filed suit in this Court on June 11, 2020. ECF No. 1. Plaintiffs filed a First Amended Complaint on January 7, 2021. ECF No. 41. Defendants filed a jointly briefed Motion for Summary Judgment on June 23, 2022. ECF No. 95. The Court granted in part Defendants' Motion

---

[1] Unless otherwise indicated, the following factual background is derived from the Second Amended Complaint, ECF No. 176 ("SAC"). The Court makes no finding on the truth of these allegations and includes them only as background.

[2] J.A.—herein after referred to as Joseph Albidrez—recently turned 18 and is no longer a minor. *See* ECF No. 184-1 ¶ 9.

for Summary Judgment on October 26, 2022. ECF No. 117. Plaintiffs filed a Second Amended Complaint on September 25, 2023. ECF No. 176.

Plaintiffs' SAC asserts seven causes of action: (1) a survivorship claim for Excessive/Unreasonable Use of Force on Person by Fernando Cruz, Jr., Celeste Marie Cruz, Raelene Marie Cruz, J.A., I.C., and L.M.C (SAC ¶¶ 40–45); (2) a fourteenth amendment claim for interference with parent-child relationship pursuant to 42 U.S.C. § 1983 by all Plaintiffs (SAC ¶¶ 46–50); (3) a *Monell* liability claim for failure to train by all Plaintiffs (SAC ¶¶ 51–62); (4) a *Monell* liability claim for unconstitutional custom, practice, and/or policy by all Plaintiffs (SAC ¶¶ 63–73); (5) a claim for violation of the Ralph Civil Rights Act by all Plaintiffs (SAC ¶¶ 74–79); (6) a claim for violation of the Bane Civil Rights Act by all Plaintiffs (SAC ¶¶ 80–82); and (7) a claim for wrongful death – negligence by all Plaintiffs (SAC ¶¶ 83–86).

On October 19, 2023, Plaintiffs filed the instant *Ex Parte* Motion for Approval of Minor's Compromise. ECF No. 184 ("Motion" or "Mot."). The Motion was accompanied by a supporting declaration and several exhibits. ECF No. 184-1 ("Mayne Declaration" or "Mayne Decl."); ECF Nos. 184-2–184-6. The Motion seeks the Court's approval of a settlement for Plaintiffs I.R.C., E.M.C., I.C., and L.M.C. *See* Mot. at 3. This is part of a broader proposed settlement of the action for all Plaintiffs. *See* Mayne Decl. ¶ 3. Defendants do not oppose the Motion. *See* Mot. at 4.

The Court ordered Plaintiffs to provide more information on the settlement on November 14, 2023. ECF No. 185. Plaintiffs filed an additional statement on November 21, 2021. ECF No. 186.

### III. Applicable Law

District courts have a duty "to safeguard the interests of litigants who are disabled." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (citing Fed. R. Civ. P. 17(c)). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* at 1181 (internal quotation marks omitted); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad

litem"). The Court's inquiry must be focused on whether "the net amount distributed to [the] minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 181–82. "If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed." *Id*. at 1179.

Central District of California Local Rule 17-1 *et seq.* dictates that claims involving a minor can only be settled by leave of court. L.R. 17-1. Local Rule 17-1 *et seq.* also provides that a district court is bound to the standards of California Code of Civil Procedure section 372 and California Rule of Court 3.1384 ("Rule 3.1384") when evaluating a proposed settlement. L.R. 17-1.3. Rule 3.1384 requires that a court approval of a minor's compromise must comply with California Rules of Court 7.950 or 7.950.5, 7.951, and 7.952. *See* Cal. R. Ct. 3.1384. California Rule of Court 7.950 ("Rule 7.950") states that a petition for approval must be verified and "must contain a full disclosure of all information that has any bearing upon the reasonableness of the compromise, covenant, settlement, or disposition." Cal. R. Ct. 7.950. California Rule of Court 7.950.5 ("Rule 7.950.5") details circumstances in which a petition may be filed for expedited approval, but does not allow this in, *inter alia*, claims for wrongful death. *See* Cal. R. Ct. 7.950.5. California Rule of Court 7.951 ("Rule 7.951") requires that certain attorney information must be disclosed. *See* Cal. R. Ct. 7.951. California Rule of Court 7.952 ("Rule 7.952") requires that the person petitioning for approval on a minor's behalf appear at a hearing on the petition unless the court orders otherwise for good cause. *See* Cal. R. Ct. 7.952.

The Court must also abide by California Probation Code section 3600 *et seq.* as to the proposed allocation and disbursement of settlement proceeds. L.R. 17-1.6.1. California Probation Code section 3601 requires court approval of the payment of attorneys' fees and costs. *See* Cal. Prob. Code § 3601. Under California law, a reviewing court is to evaluate the reasonableness of the settlement amount and terms to determine whether the compromise is in the best interests of the minor. *See Pearson v. Superior Court*, 136 Cal. Rptr.3d 455, 457–58 (2012); *Espericueta v. Shewry*, 79 Cal. Rptr.3d 517, 526.

///

IV. **Discussion**

The Court must approve the settlement as to I.R.C., E.M.C., I.C., and L.M.C. (the "Minor Plaintiffs"). Having reviewed the terms of the settlement agreement, viewing the amount "in light of the facts of the case, [the Minor Plaintiffs'] specific claim, and recovery in similar cases," the Court finds the settlement reasonable and serves the interests of the Minor Plaintiffs. *See Robidoux*, 638 F.3d at 1181–82. The Court also finds that the Motion with the rules described above. Thus, the Court GRANTS the Motion.

The settlement agreement requires Defendants to pay the amounts described below to the various Plaintiffs. The Minor Plaintiffs are listed first and bolded:

| Plaintiff: | Settlement Amount: |
|---|---|
| **I.R.C.** (grandchild of Decedent) | $95,000 |
| **E.M.C.** (grandchild of Decedent) | $95,000 |
| **I.C.** (son of Decedent) | $220,000 |
| **L.M.C.** (daughter of Decedent) | $220,000 |
| Sarah Cruz Reaza (mother of Decedent) | $70,000 |
| Fernando Baeza (father of Decedent) | $40,000 |
| Fernando Cruz, Jr. (son of Decedent) | $190,000 |
| Celeste Marie Cruz (daughter of Decedent) | $190,000 |
| Raelene Marie Cruz (daughter of Decedent) $190,000 | $190,000 |
| Joseph Albidrez (a/k/a J.A.) (son of Decedent) | $190,000 |
| Total | $1,500,000 |

Mayne Decl. ¶ 3.

The Court sees no evidence of any untoward behavior by any party in negotiating this settlement and is not well positioned to question counsel's determination that this is a fair settlement given the claims at issue and evidence that might support them. The Court finds that the proposed division among the Plaintiffs (especially as to the Minor Plaintiffs) is reasonable.

Litigation costs and attorneys' fees will be deducted from these total amounts. The total amount of costs advanced to the Plaintiffs was $137,290.00. Mayne Decl. ¶ 13. The total amount of the fees—to be splits between the Law Offices of Dale K. Galipo, Steven A. Lerman & Associates, Inc., and the Law Office of Gregory Peacock—is $600,000 (40%). Mayne Decl. ¶¶ 27, 28. These costs and fees will be divided among the Plaintiffs on a *pro rata* basis, which results in $57,662.69 in costs and $252,000 in fees being deducted from the Minor Plaintiffs. *Id.* ¶¶ 14, 15. Finally, I.C. and L.M.C. were advanced $900 each to over childcare needs during litigation, which will also be deduced from the settlement.

The settlement amounts, deductions, and total net settlements to be paid to each Minor Plaintiff are listed below:

| Plaintiff: | Settlement Amount: | Costs to be deducted: | Fees to be deducted: | Childcare Advance to be deducted: | Total Net Settlement: |
|---|---|---|---|---|---|
| **I.R.C.** (grandchild of Decedent) | $95,000 | $8,695.17 | $38,000 | N/A | $48,304.83 |
| **E.M.C.** (grandchild of Decedent) | $95,000 | $8,695.17 | $38,000 | N/A | $48,304.83 |
| **I.C.** (son of Decedent) | $220,000 | $20,136.18 | $88,000 | $900 | $110,963.82 |
| **L.M.C.** (daughter of Decedent) | $220,000 | $20,136.18 | $88,000 | $900 | $110,963.82 |

Mayne Decl. ¶¶ 17–20.

The settlement amounts for the Minor Plaintiffs will be paid via structured annuities. *See id.*; *see also* ECF Nos. 184-2–184-5. These annuities will pay out $1,000 monthly beginning at age 18, with lump sum payments at age 21 (for I.C. and L.M.C. only) and age 24 (for all Minor Plaintiffs). *See* ECF Nos. 184-2–184-5. The total amounts paid will be larger than the total net settlements described above due to growth of the money with interest. *See* ECF Nos. 184-2–184-5. The Court finds that this structure is in the best interests of the minor Plaintiffs.

The Court also finds that the costs and fees are reasonable. The Court initially had questions regarding the costs and fees, based on the lack of detail in the initial Motion and its supporting exhibits. *See* ECF No. 185. Plaintiffs' additional statement resolved these concerns. *See* ECF No. 186. Plaintiffs filed an itemized list of costs. *See* ECF No. 186-1. Plaintiff Sarah Cruz Reaza agreed

to a 40% contingency fee in the event that the case settled after a lawsuit was filed but before the final pretrial conference, as occurred. *See* ECF No. 186-2 at 2. As Plaintiffs explained, Plaintiffs' position is that these fees are reasonable given counsel's experience and the risks involved in the litigation. *See* ECF No. 186 at 4–7. The Court finds that in context, this 40% fee is reasonable. Finally, the Court finds it reasonable to deduct $900 each that was advanced to I.C. and L.M.C. as described above.

The Court further finds that the Motion complies with Rule 7.950. Cal. R. Ct. 7.950. The Motion contains "information that has any bearing upon the reasonableness" of the settlement as to the Minor Plaintiffs. *See id.* Because the Motion complies with Rule 7.950, it also complies with Rule 3.1384.[3] *See* Cal. R. Ct. 3.1384 (a court approval of a minor's compromise must comply with California Rules of Court 7.950 or 7.950.5, 7.951, and 7.952).

V.  **Conclusion**

For the reasons stated herein, Plaintiffs' Unopposed Ex Parte Motion for Approval of Compromise of Claims of Minor Plaintiffs I.R.C., E.M.C., I.C., and L.M.C. is GRANTED. The Court ORDERS the following:

1. The settlement of minor plaintiff I.R.C.'s action against the Defendants in the net amount of $95,000 is hereby approved.

2. The settlement of minor plaintiff E.M.C.'s action against the Defendants in the net amount of $95,000 is hereby approved.

3. The settlement of minor plaintiff I.C.'s action against the Defendants in the net amount of $220,000 is hereby approved.

4. The settlement of minor plaintiff L.M.C.'s action against the Defendants in the net amount of $220,000 is hereby approved.

---

[3] The Court need not consider whether the Motion complies with Rules 7.950.5, 7.951, and 7.952, because Rule 3.1384 requires that a settlement of a minor's claim "must comply with rules 7.950 *or* 7.950.5, 7.951, and 7.952. Cal. R. Ct. 3.1384(a) (emphasis added).

2. **Within 30 days of this Order**, Defendant County of Riverside, through counsel, shall prepare and deliver the drafts for the gross settlement proceeds in the amount of $1,500,000 payable as follows:

    a. A draft for $1,181,462 shall be made payable to the "Law Offices of Dale K. Galipo, Client Trust Account," and sent to the Law Offices of Dale K. Galipo. These funds shall be used to satisfy (1) the attorneys' fees and costs owed to the Law Offices of Dale K. Galipo, Steven A. Lerman & Associates, Inc., and the Law Office of Greg Peacock, Esq. by the Minor Plaintiffs; and (2) the total gross settlement of the remaining plaintiffs.

    b. Defendant County of Riverside will purchase a structured annuity for the minor **Plaintiff I.C.** in the amount of $110,964.00 from MetLife Assignment Company, Inc. ("Assignee"), which will provide periodic payments to be made by Metropolitan Tower Life Insurance Company (hereinafter referred to as "Annuity Carrier") rated A+ Class XV by A.M. Best Company as set forth in "**Exhibit A**" to the Declaration of Cooper Alison-Mayne and in the table below. The total amount that I.R.C. will receive after the final payment is made directly to him from the annuity is $144,485.45.

    c. Defendant County of Riverside will purchase a structured annuity for the minor **Plaintiff L.M.C.** in the amount of $110,964.00 from Assignee, which will provide periodic payments to be made by Annuity Carrier rated A+ Class XV by A.M. Best Company as set forth in "**Exhibit B**" to the Declaration of Cooper Alison-Mayne and in the table below. The total amount that I.R.C. will receive after the final payment is made directly to her from the annuity is $225,081.00.

    d. Defendant County of Riverside will purchase a structured annuity for the minor **Plaintiff I.R.C.** in the amount of $48,305.00 from Assignee, which will provide periodic payments to be made by Annuity Carrier rated A+ Class XV by A.M. Best Company as set forth in "**Exhibit C**" to the Declaration of Cooper Alison-Mayne and

in the table below. The total amount that I.R.C. will receive after the final payment is made directly to her from the annuity is $104,180.00.

    e.    Defendant County of Riverside will purchase a structured annuity for the minor **Plaintiff E.M.C.** in the amount of $48,305.00 from Assignee, which will provide periodic payments to be made by Annuity Carrier rated A+ Class XV by A.M. Best Company as set forth in "**Exhibit D**" to the Declaration of Cooper Alison-Mayne and in the table below. The total amount that I.R.C. will receive after the final payment is made directly to her from the annuity is $84,981.50.

5.    Annuity Carrier shall provide periodic payments in accordance with "Exhibit A", "Exhibit B", "Exhibit C", and "Exhibit D" to the Declaration of Cooper Alison-Mayne and as set forth in the table below.

6.    All sums and periodic payments set forth in the two "Periodic Payments" tables below constitute damages on account of personal physical injuries or physical illness, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

7.    Disbursement drafts will be made payable and will begin being issued directly to Plaintiff I.C. upon reaching the age of maturity according to the payment schedule below.

**Periodic Payments payable to I.C.**

| | |
|---|---|
| $1,000 | Monthly Benefit-Guaranteed Tax-Free; Payable monthly, guaranteed 3 years only, to begin at age 18 to 21. |
| $25,000.00 | Lump Sum – Guaranteed Tax-Free; Payable at age 21 |
| $83,485.45 | Lump Sum – Guaranteed Tax-Free; Payable at age 24 |

8.    Disbursement drafts will be made payable and will begin being issued directly to Plaintiff L.M.C. upon reaching the age of maturity according to the payment schedule below.

**Periodic Payments payable to L.M.C.**

| | |
|---|---|
| $1,000 | Monthly Benefit-Guaranteed Tax-Free; Payable monthly, guaranteed 3 years only, to begin at age 18 to 21. |
| $35,000 | Lump Sum – Guaranteed Tax-Free; Payable at age 21 |
| $154,081 | Lump Sum – Guaranteed Tax-Free; Payable at age 24 |

7. Disbursement drafts will be made payable and will begin being issued directly to Plaintiff I.R.C. upon reaching the age of maturity according to the payment schedule below.

**Periodic Payments payable to I.R.C.**

| | |
|---|---|
| $1,000 | Monthly Benefit-Guaranteed Tax-Free; Payable monthly, guaranteed 3 years only, to begin at age 18. |
| $68,180.00 | Lump Sum – Guaranteed Tax-Free; Payable at age 24 |

7. Disbursement drafts will be made payable and will begin being issued directly to Plaintiff E.M.C. upon reaching the age of maturity according to the payment schedule below.

**Periodic Payments payable to E.M.C**

| | |
|---|---|
| $1,000 | Monthly Benefit-Guaranteed Tax-Free, Payable monthly, guaranteed 3 years only, to begin at age 18. |
| $48,981.50 | Lump Sum – Guaranteed Tax-Free; Payable at age 24 |

9. Defendant County of Riverside will make a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue code of 1986, as amended, to Assignee of the Defendant County of Riverside's liability to make the periodic payments as described in the above tables and in "Exhibit A", "Exhibit B", "Exhibit C", and "Exhibit D" to the Declaration of Cooper Alison-Mayne, filed concurrently herewith. Such assignment, if made, shall be accepted by the Plaintiffs without right of rejection and shall completely release and discharge Defendant County of Riverside from such obligations hereunder as are assigned to Assignee. This includes that Defendant County of Riverside shall execute a Qualified Assignment document.

10.      Defendant County of Riverside and/or Assignee shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding asset," within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier.

11.      Assignee shall be the owner of the annuity policy or policies and shall have all rights of ownership.

12.      Assignee will have the Annuity Carrier mail payments directly to the Plaintiffs I.C., L.M.C., I.R.C., and E.M.C., as set forth above.  Joanne Albidrez (until Plaintiffs I.C., L.M.C., I.R.C., and E.M.C. reach the age of the majority) and then Plaintiffs I.C., L.M.C., I.R.C., and E.M.C. shall be responsible for maintaining the currency of the proper mailing address and mortality information to Assignee.

**IT IS SO ORDERED**.

Dated: December 18, 2023

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge